MINUTES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

*UNITED STATES OF AMERICA*   v.   *ROBERT F. KANE, et al.*

THE HONORABLE JOHN W. SEDWICK          CASE NO. 3:06-cr-00022 (JWS)

PROCEEDINGS:   **ORDER FROM CHAMBERS**          Date:  March 24, 2006

    At docket 63, the United States has filed a sealed motion to continue the trial in this case.  At docket 64, it has filed a sealed motion requesting a hearing on the motion at docket 63.  While the court recognizes that classified information should itself be presented in sealed (and in some instances *ex parte*) filings, the court is far from convinced that the motions at dockets 63 and 64 themselves should be sealed.  They do not appear to disclose classified information, as this court reads them.  Accordingly, while the papers at dockets 63 and 64 will remain sealed for the time being, this order is **NOT** being filed under seal.

    Defendants shall file any response to the motion at docket 63 on or before **March 31, 2006**.  Such response shall be filed under seal pending further order of the court.  In addition to responding to the merits of plaintiff's motion, the defendants' briefing should set out their views on whether the briefing on the pending motion should remain under seal and whether the hearing set below should be closed to the public.

    Plaintiff shall file a reply to defendants' response on or before **April 7, 2006.**  The reply shall be filed under seal pending further order of the court.  In addition to responding to defendants' position on the merits, the reply should set out plaintiff's views on whether the briefing should remain under seal and whether the hearing set below should be closed to the public.

    The motion at docket 64 is **GRANTED** as follows:  The court will hear argument on the motion at docket 63  to continue trial on  **April 14, 2006,** at **9:30 AM** in Courtroom 3.  While that date might seem rather close to the existing trial date, the parties are advised that even if the court denies the motion at docket 63, the court will continue the trial to a later date, albeit one within the Speedy Trial Act window as calculated taking into account excludable delay, in order to account for other matters on the court's docket and the complexities arising in this case itself.

    Finally, the court advises the parties that pursuant to the decision in *Oregonian Publishing Co. v. U.S.D.Ct. for District of Oreg.*, 920 F. 2d 1462 (9th Cir. 1990), the court will first entertain argument from any person seeking access to the hearing before considering whether to conduct a sealed hearing on the motion at docket 63.

Moreover, any restriction on public access would have to be narrowly tailored to serve a higher interest than public access to the courts. *Press-Enterprises Co. v. Superior Ct.*, 464 U.S. 501,510 (1985). Accordingly, the court urges all parties to carefully consider if there is a legitimate need to seal the briefing on the pending motion and to close the hearing set for April 14, 2006. The court notes that opening the hearing to the public would not preclude closing a portion thereof in the event some specific topic warranted such.

_____