DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
JAMES BARKELEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
       james.barkeley@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-022-JWS |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S MOTION** |
| | ) | **TO UNSEAL SEARCH** |
| vs. | ) | **WARRANTS** |
| | ) | |
| ROBERT F. KANE, | ) | |
| a/k/a "COMMANDER KANE," and | ) | |
| SECURITY AVIATION, INC., | ) | |
| | ) | **Filed on Shortened Time** |
| Defendant. | ) | |

COMES NOW the United States by and through counsel and files with the

court on shortened time a motion to unseal search warrants 3:06-mj-008-JDR,

3:06-mj-009-JDR, 3:06-mj-010-JDR, 3:06-mj-016-JDR, 3:06-mj-017-JDR, 3:06-

mj-018-JDR, 3:06-mj-019-JDR, and 3:06-mj-021-JDR based on the extensive and selected use, publication, and quotation of the still publicly sealed affidavits. Given that the defendants have elected to utilize the under seal affidavits in their motions the government now moves, due to its right of response, to unseal the affidavits for use in its own responses and for future use in public court hearings.

> A. **THE ONSET OF MOTION PRACTICE AND EVIDENTIARY HEARINGS MAKE THIS AN APPROPRIATE TIME TO UNSEAL THE SEARCH WARRANTS**

    1.    Unsealing of Search Warrants-General Standards

A "district court has the inherent power to seal affidavits filed with the court in appropriate circumstances." *United States v. Mann*, 829 F.2d 849, 853 (9th Cir.1987). In this case, by request of the government, and due to investigative integrity, the court granted the government's motion to seal the search warrants. While that occurred, it is also the rule that "[i]n this circuit, [the court] starts with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003). Courts have recognized that there exists a "common law right of access, however, is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Id*.

In making the determination whether to deny access, courts should consider all relevant factors, including the public interest in understanding the judicial

process and whether disclosure of the material could result in improper use of the materials.  In this case, the government's investigative need for non-disclosure, in light of the defense pleadings, has fallen away.  *Cf. Phoenix Newspapers v. U.S. Dist. Ct.,* 156 F.3d 940, 947 (9th Cir.1998) (holding that "transcripts of public trial proceedings must be released when factors militating in favor of closure no longer exist").  While there exists a presumed "common law right of access to judicial materials", that right of access is "not absolute" and "can be overridden given sufficiently compelling reasons to do so." *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003).  Among those could be issues involving reputation and privacy, as well as to the reputation and privacy.  In the Ninth Circuit, these type of reputational concerns do not provide sufficient reason "for suppressing speech that would otherwise be free." *McClatchy Newspapers, Inc. v. U.S. Dist. Ct.*, 288 F.3d 369, 374 (9th Cir.2002) (internal quotations and citation omitted). And, such a concern is only relevant when there are substantial other parties named in the warrant when the materials "supply only the barest details of the government's reasons for believing that an individual may be engaging in criminal activity." *Times Mirror Company v. United States*, 873 F.2d 1210, 1216 (9th Cir.1989).

## ARGUMENT

As of this writing, the search warrants in this case remain under seal with the court.  They were provided to defense counsel in discovery.  Since that time, extensive reference to the contents of the search warrants have been utilized in public filings by the defense including large portions of the affidavit selectively quoted and now made public in several defense motions.  (See, Defendant's Motion and Memorandum to Suppress All Evidence Seized Pursuant to a Finding of Probable Cause that a Violation of 18 U.S.C. § 1343 Occured, at dkt 70; and Defendant's Motion to Suppress Evidence and Request for a Franks Hearing at dkt 73) The information taken from the warrants and made public include, *inter alia*, statutory citations utilized as a basis for issuance of the search warrants, specific factual references relative to the government's investigation, direct quotes taken out of context and a "defense version" of facts which in reality are nothing more than dovetailing of a narrow and selected view of warrant affidavits which span close to 60 pages.   Given that use and public disclosure by the defense it makes eminent sense  to unseal the search warrants as the government's responses to the defendants' motions will have to utlize the warrants and their accompanying affidavits as exhibits in order to fully answer the claims made by the defense.  Keeping these matters under seal at this stage is burdensome, cumbersome and not

in the best public interest. This is especially true of the upcoming evidentiary hearing now set for April 17 and 18, 2006.

As to the motion itself, the government sought the non-opposition of defense counsel to this pleading. On March 28, 2005, government counsel contacted counsel for Robert F. Kane and Security Aviation and queried if either would oppose unsealing the affidavits. Counsel indicated they would have an answer for the government the next day. On this date, March 29, 2005 government counsel contacted defense counsel and was informed that they would be opposing the motion to unseal. This strikes the government as somewhat incongruous. On the one hand leveling a bevy of alleged claims in the public realm, selectively providing affidavit quotes, and providing self-serving affidavits by those named and unnamed in the warrants with an eye to media attention, while on the other, urging the court to limit the government's ability to respond in its own pleadings by keeping the matter under seal.

## **CONCLUSION**

The government did not let this horse out of the barn. At the conclusion of the evidentiary hearing this court cautioned the parties to maintain a level eye toward the use of information in this case given the extensive media coverage. To that end, the government disclosed to the defense, as it should and must, the search

warrants at issue in this case while maintaining them under seal given the overall nature of the investigation and its potential impact on pretrial publicity. By their motions, the defense in this case have elected to "open the door" as to the nature of the searches and put them squarely at issue. Moreover, they have asked for an evidentiary hearing on this where the affidavits and testimony will soon be a matter of public record. Said hearing is set for April 18, 2006. Having extensively referred to the affidavits in open filings, and making public claims as their insufficiency, among other things, the defense cannot now claim that there exists any basis for keeping them unsealed-- save for continued use both as a sword and a shield. The motion to unseal should be granted.

Given that the government's responses to the defense motions are due this week and the following Monday, the government requests that the court order a

//


//


//


//

defense response as soon as possible.

RESPECTFULLY SUBMITTED this 29th day of March, 2006 at

 Anchorage, Alaska

>DEBORAH M. SMITH
>United States Attorney
>
>s/ Steven. E. Skrocki
>Assistant U.S. Attorney
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-5071
>Fax: (907) 271-1500
>E-mail: steven.skrocki@usdoj.gov
>
>s/ James Barkeley
>Assistant U.S. Attorney
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-5071
>Fax: (907) 271-1500
>E-mail: james.barkeley@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2006
a copy of the foregoing was served
electronically on Robert Bundy,
Allen Clendaniel, Kevin Fitzgerald,
James Kee, & Paul Sockler.

s/ Steven E. Skrocki