Kevin T. Fitzgerald, Esquire
ABA No. 8711085
Ingaldson, Maassen &
Fitzgerald, P.C.
813 West Third Avenue
Anchorage, Alaska 99501
(907) 258-8750
(907) 258-8751/Facsimile
E-mail: kevin@impc-law.com

Counsel for Defendant Kane

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 3:06-cr-00022-01 JWS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **KANE'S OPPOSITION TO** |
| | ) | **USA'S MOTION TO** |
| ROBERT F. KANE, and | ) | **CONTINUE TRIAL** |
| SECURITY AVIATION, INC., | ) | |
| | ) | |
| Defendants. | ) | **(filed under seal)** |
| | ) | |

I. INTRODUCTION

Plaintiff has recently moved, under seal and on shortened time, to continue the trial in the above-captioned case, pursuant to 18 U.S.C. §§ 3161(h)(8)(A). The basis for the government's motion is purportedly to ensure compliance with the Classified Information Procedures Act ("CIPA"). However, this is an issue largely of the government's own creation. More importantly,

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-
8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Opposition

information that may be obtained pursuant to CIPA is simply not relevant to the present charges against Kane.

On March 24, 2006 this court ordered that defendants respond by March 31, and address both the issue of the government's request, as well as the fact that the motion was filed under seal. For the reasons more fully explained below, defendant Kane opposes the government's motion to continue, as well as the filing and hearing of the motion under seal.

II.   FACTUAL AND PROCEDURAL BACKGROUND

On February 1, 2006, Robert Kane (hereinafter "Kane"), was charged in a criminal complaint with knowingly receiving and possessing, and knowingly attempting to receive and possess a firearm not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5861(d) and 5871.[1] At the ensuing preliminary hearing/detention hearing conducted on February 7 and 8, 2006, the government through counsel, suggested that Kane should be detained because he was a mystery man whose activities from 1996 through 2004 were largely unexplained. The government's representations that Kane was not working with the government during this period, and

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

---

[1]   Kane was later indicted on four similar counts.
USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Opposition

did not have ties to the intelligence community, was central to this claim. More recently, the government has changed its tune, and acknowledges that Kane has ties to the United States intelligence community. Most recently, the government has acknowledged that investigation of these ties has led to affirmative "hits" confirming Kane's involvement with various agencies within the intelligence community.

Given the government's mistaken position that no ties existed between Kane and the U.S. intelligence community, Kane earlier urged the government to investigate and confirm that indeed he did have such ties. The government's concession has been slow in coming. As recently as March 18, 2006, attorneys for the government wrote Robert Bundy a letter responding to Security Aviation's discovery requests of March 10 and 17, 2006, arguing that Security Aviation's request for "[a]ll documents relating to Rob Kane's work as a employee, contractor, informant, or provider of services to any government agency, including but not limited to the FBI, CIA and NSA" was "simply too broad," and directed that the request be narrowed.[2] Thereafter, the government informed

---

[2]  That letter was copied to undersigned and Paul Stockler.

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Opposition

undersigned that indeed information existed confirming Kane's relationship with various intelligence community agencies, a disclosure which prompted a request that any such information be produced to Kane's counsel. On approximately March 22, 2006, the government sent Kane a CIPA release to be signed by counsel. The release has not been signed by Kane's attorneys because it is believed that any CIPA information which might be obtained at some point in the future is simply not relevant to the current charges, as distinguished from the information which the government already has in its possession which confirm Kane's ties with the intelligence community and which should be produced.

### III. ARGUMENT

The government's request that the motion to continue should be granted because it needs to obtain CIPA information is an issue largely of its own creation stemming from its earlier mistaken representations that Kane <u>did</u> <u>not</u> have ties to the U.S. intelligence community. The government now acknowledges that Kane has such contacts. Kane seeks nothing more than the information already possessed by the local U.S. Attorney's Office, confirming these contacts. Kane does not request that the

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Opposition

government pursue CIPA information, as he deems the information wholly irrelevant to any issue in the pending case. Kane objects to a continuance of the trial on that basis.[3]

In its motion to continue, the government argues, without support, that it needs to obtain additional information with the possibility that such information may constitute "Brady material." However, the government has not, nor cannot, explain how the existence of Kane's previous contacts with the U.S. intelligence community is relevant, much less probative, of the instant charges in the indictment.[4] Further, the government's justification for obtaining further information with the specter that such information may contain Brady material is curious, given the discovery problems to date, including specifically the government's position that any Brady material which the court has already ordered to be produced "as soon as practicable," will be produced at some unspecified date in the future. See Security Aviation's

---

[3] Even so, it is Kane's position that if the government, on its own obtains additional information, that that information should also be disclosed.

[4] Of course, this negates the basis upon which the government relies to assert that the case is complex pursuant to 18 U.S.C. § 3161(h)(8)(A).

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Opposition

Page 5 of 7

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

memorandum in support of its motion to compel discovery, Docket 53.

Finally, the government in its motion raises "additional concerns under CIPA" relating to retaining an unidentified expert under the auspices of the United States Air Force. It is simply not clear from the government's motion how retaining this expert raises CIPA concerns. The government suggests that some of the expert's qualifications remain classified, which is not a terribly unusual dynamic for government expert witnesses. Moreover, there are a variety of procedures that can be employed, if need be, to address any claimed concerns about this expert's qualifications. Finally, given that the government has already utilized an expert from ATF to opine regarding the rocket pods;[5] it would be surprising that the government would need yet another expert to render the same opinion(s).

IV. CONCLUSION

For these reasons Kane objects to the government's motion to continue. Further, Kane objects to the filing and hearing of the underlying motion to continue under seal. The government did not make it clear in its

---

[5] Presumably ATF contains like-minded experts.

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Opposition

Page 6 of 7

papers upon what basis the motion was filed under seal, nor can Kane's counsel identify any justification for the same. As this court noted in its March 24 order, the motion itself does not contain classified material. Nor is it expected at this time that a hearing to address the matter would require the disclosure of classified information.

Dated at Anchorage, Alaska March 29, 2006.

INGALDSON, MAASSEN &
FITZGERALD, P.C.
Counsel for Defendant Kane


s/Kevin T. Fitzgerald
ABA No. 8711085
813 West Third Avenue
Anchorage, AK  99501
Fax: (907) 258-8751
E-mail: kevin@impc-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 3/29/06,
a copy of the foregoing opposition
was served by fax on:

Steven E. Skrocki, Assistant U.S. Attorney
James N. Barkeley, Assistant U.S. Attorney
Michael R. Spaan, Esquire
James L. Kee, Esquire
Paul D. Stockler, Esquire
Robert C. Bundy, Esquire
Allen F. Clendaniel, Esquire


s/ Kevin T. Fitzgerald
F:\W\3169-1\Pleadings Kane\Opp to Mtn.doc

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Opposition