Kevin T. Fitzgerald, Esquire
ABA No. 8711085
Ingaldson, Maassen & Fitzgerald, P.C.
813 West Third Avenue
Anchorage, Alaska 99501
(907) 258-8750
(907) 258-8751/Facsimile
E-mail: kevin@impc-law.com

Counsel for Defendant Kane

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 3:06-cr-00022-01 JWS |
| Plaintiff, ) | |
| v. ) | **MOTION TO MODIFY** |
| ) | **DEFENDANT KANE'S** |
| ROBERT F. KANE, and ) | **BAIL CONDITIONS** |
| SECURITY AVIATION, INC., ) | |
| Defendants. ) | |

Comes now defendant, Robert F. Kane, by and through counsel of record, Ingaldson, Maassen & Fitzgerald, P.C., and hereby requests modification of bail for Mr. Kane. Currently, Rob Kane is on release with a $200,000.00 monetary bail, 24-hour third-party custodian, electronic monitoring, and curfew, among an assortment of other conditions. Mr. Kane respectfully seeks the deletion of a combination of the curfew, electronic monitoring and/or the full time third-party custodianship components. The

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Motion

Page 1 of 3

grounds for the requested bail modification include the inconvenience caused to the third-party custodian, Charles Sandberg, by virtue of both the geographic and temporal limitations imposed by the curfew/electronic monitoring components. For instance, Mr. Sandberg instructs scuba diving/dives in Whittier, which would otherwise necessitate spending the night in Whittier. Further, Mr. Sandberg travels to Wasilla to work, as well as teach, which again would otherwise conflict with the geographic and temporal restrictions imposed by curfew/electronic monitoring. Mr. Kane would also like to be able to spend the evening/night with his family in Eagle River.

Rob Kane, as well as his third-party custodian, Charles Sandberg, have scrupulously honored both the letter and spirit of the release conditions imposed by this court.

It is not known what position the government will take on the instant request, since the government's position is not entirely consistent, and as currently stated is flawed as a matter of both the law and logic.[1]

---

[1] The government, through its attorneys, and in the context of its pending motion to continue trial, has represented that if the trial were to be continued for months, it would non-oppose a deletion of the full time third-party custodianship and the return of Mr. Kane to his residence with his wife and children. On March 24, 2006, the Honorable Judge Sedwick issued an order indicating that the trial would be continued,

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Motion

Dated at Anchorage, Alaska March 30, 2006.

INGALDSON, MAASSEN &
FITZGERALD, P.C.
Counsel for Defendant Kane


s/Kevin T. Fitzgerald
ABA No. 8711085
813 West Third Avenue
Anchorage, AK  99501
Fax: (907) 258-8751
E-mail:
kevin@impc-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 3/30/06,
a copy of the foregoing motion
was served electronically on:

Steven E. Skrocki, Assistant U.S. Attorney
James N. Barkeley, Assistant U.S. Attorney
Michael R. Spaan, Esquire
James L. Kee, Esquire
Paul D. Stockler, Esquire
Robert C. Bundy, Esquire
Allen F. Clendaniel, Esquire


s/ Kevin T. Fitzgerald
F:\W\3169-1\Pleadings Kane\Motion to Modify Bail Conditions.doc

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

but for an as yet unspecified period of time.  Of course, there is no justification at law or in logic which would support the deletion of the third-party custodianship if the trial were continued for months as opposed to days or weeks.

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Motion