60 F.3d 835 (Table) **Page 1**
60 F.3d 835 (Table), 1995 WL 398715 (9th Cir.(Cal.))
**Unpublished Disposition**
(Cite as: 60 F.3d 835, 1995 WL 398715 (9th Cir.(Cal.)))
H

Briefs and Other Related Documents

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA9 Rule 36-3 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Ninth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Gregory HEAVILIN, Defendant-Appellant.
No. 94-10320.

Argued and Submitted June 15, 1995.
Decided July 5, 1995.

Appeal from the United States District Court, for the Eastern District of California, D.C. No. CR-93-05183-REC; Robert E. Coyle, District Judge, Presiding.

E.D. Cal.

AFFIRMED.

Before: SCHROEDER, BEEZER, and THOMPSON, Circuit Judges.

MEMORANDUM [FN*]

**1 James Gregory Heavilin appeals from his sentence and conviction for one count of possession of a machinegun in violation for 18 U.S.C. § 922(o) and one count of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). He appeals the denial of motions, and urges that the district court committed various instructional and sentencing errors. He raises a number of issues. We affirm.

*Speedy Trial Act Violations*
Heavilin contends that his rights under the Speedy Trial Act, 18 U.S.C. § 3161, were violated. The Act provides that a defendant must be tried within 70 days from the filing date of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date occurs last. *Id.* § (c)(1). The Act provides for the excludability of certain time periods, including "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion". *Id.* § (H)(1)(h). This exclusion is automatic, no specific findings are required, and the exclusion is not limited to delays that are reasonably necessary. *See United States v. Baker,* 10 F.3d 1374, 1400 (9th Cir.1993), *cert. denied,* 115 S.Ct. 330 (1994).

There were numerous overlapping motions pending from the time the indictment was filed on September 2, 1993. The defendant argues that the government should not be able to exclude time based on the unavailability of a material government witness who had purchased non-refundable airline tickets and was required to use his accrued vacation time or lose it.

The defendant's motion for bail review was pending from September 1, 1993 to September 8, 1993. The government filed a notice of related cases on September 3, 1993, requesting that the case be reassigned; the motion was granted on September 13, 1993. On September 13, 1993, a status conference was held, a hearing set for October 18, 1993, and time excluded from September 13, 1993 until October 18, 1993. On September 27, the defendant filed a motion for discovery and a motion to suppress. The discovery matter was resolved, the motion to suppress was decided on October 19, 1993, and trial was set for December 15, 1993. Because of the impending vacation of a material witness, on November 16, 1993, the government moved to reset the trial to December 7, 1993 or until January 1994. At the November 23, 1993 hearing, the defendant objected to the earlier trial date, and the court rescheduled the trial until January 18, 1994.

On December 13, 1993, the defendant moved for new counsel, and the motion was continued until December 20, 1993, and decided on January 4, 1994. A status conference was scheduled for January 18, 1994. On December 17, 1993, the defendant filed a motion to dismiss the case for violation of the Speedy Trial Act. On January 18,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT 2
page 1 of 4

**\*2** Excepting *arguendo* the time period involving the unavailability of the government witness and the government motion to continue on that basis, the only unexcludable time is October 20, 1994 through December 12, 1994 (this period runs from the time the motion to suppress was denied until the time the defendant filed a motion for new counsel) and January 4, 1994 through January 18, 1994 (this period runs from the time the defendant's motion for new counsel was decided until new counsel appeared, on January 18, 1994, and requested time to prepare). This is less than 70 days.

### Motion to Suppress/Request for Franks Hearing

Heavilin contends that the warrant lacked probable cause because of false statements and omissions in the affidavit supporting the warrant. He argues that the affidavit contains material discrepancies from the police reports. The alleged misstatements in the affidavit do not represent material differences between the reports and the affidavits. A sanitized warrant would establish that Heavilin had possessed a rare rifle stolen from the museum, was suspected of possessing, within the last six months, other items similar to those stolen, and had access to the museum during the time that these items were taken. The discrepancies and omitted information do not sufficient to support a finding of probable was See *United States v. DeLeon,* 979 F.2d 761, 763 (9th Cir.1992).

### Motion to Dismiss for Outrageous Government Misconduct

During the second day of the trial, the prosecution notified the defense that after reading the defendant his *Miranda* rights, Detective Niccoli continued to question him. At an evidentiary hearing held the same day, Niccoli testified that he continued to question Heavilin after the defendant had been given *Miranda* warnings, and that the federal ATF Agent

We also note that the intentional defendant in violation of his *Miranda* rights did not prejudice the defendant, as both parties acknowledge, and the statements were never introduced for any purpose. Reversal is therefore not required on account of any violation of Fifth Amendment rights.

### Instructional Error

Heavilin contends that the district court erred in failing to instruct the jury related to his defense of entrapment by collateral estoppel. At trial, the defendant testified that the weapons in question were owned and temporarily left at his residence by a federally licensed firearms dealer named John Rexler.

**\*3** The Ninth Circuit has described the defense of entrapment by estoppel as follows: "Entrapment by estoppel applies when an official tells the defendant that certain conduct is legal and the defendant believes the official." *United States v. Hsieh Hui Mei Chen,* 754 F.2d 817, 825 (9th Cir.), *cert. denied,* 471 U.S. 1139 (1985).

There was no testimony at trial that Rexler ever told Heavilin that the conduct at issue here--the possession of the weapons--was legal. There was no entrapment by estoppel. The fact that Heavilin the weapons were not machineguns believed that that Rexler dealt in replicas does not mean he was affirmatively misled. *Cf. United States v. Tallmadge,* 829 F.2d 767, 774 (9th Cir.1987) (an official's mere failure to inform or assist does not constitute affirmative misconduct).

### Knowledge of Characteristic of Weapon

After the appellant was convicted but before he was sentenced, the Supreme Court decided the case of *Staples v. United States,* 114 S.Ct. 1793 (1994). In *Staples,* the defendant was convicted of possessing

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT 2
page 2 of 4

60 F.3d 835 (Table)      Page 3
(Cite as: 60 F.3d 835, 1995 WL 398715, **3 (9th Cir.(Cal.)))

an unregistered machinegun in violation of 26 U.S.C. § 5861(d). *Id.* at 1796. He was convicted after the district court rejected his proposed jury instruction that would have required the government to prove beyond a reasonable doubt that the defendant knew the gun would fire automatically. *Id.* The Court held that for purposes of a conviction under § 5861(d), the government should have been required to prove beyond a reasonable doubt that the defendant knew his rifle had the characteristics that brought it within the statutory definition of a machinegun. *Id.* at 1804.

Here, the jury was instructed that the government was required to prove that the defendant knowingly possessed a machinegun, which was defined as any weapon which shoots, is designed to shoot, or can be readily restored to shoot, more than one shot automatically, without manual reloading, by the single function of a trigger. The jury was also instructed that it had to find the defendant knowingly possessed a destructive device, such device being unregistered. Taken as a whole, these instructions stated that the defendant must have knowingly possessed an item falling within the statutory definition of a machinegun. "The *mens rea* presumption requires knowledge only of the facts that make the defendant's conduct illegal, lest it conflict with the related presumption, 'deeply rooted in the American legal system,' that, ordinarily, 'ignorance of the law or a mistake of law is no defense to criminal prosecution.'" *Staples,* 114 S.Ct. 1805-06 n. 3 (*quoting Cheek v. United States,* 498 U.S. 192, 199 (1990)). *Staples* was complied with.

### Failure to Apply the 1989 Guidelines

Appellant argues that the district court violated his rights under the ex post facto clause by refusing his request to apply the 1989 Guidelines. The indictment stated that the offenses occurred "on or about November 4, 1992," and the district court applied the 1992 version of the Guidelines. Appellant argues that because he moved the machineguns in 1989, at the latest, the 1989 Guidelines must be applied.

**4 The Ninth Circuit has expressly held that the Guidelines in effect at the time a crime is completed are applicable. *United States v. Walker,* 27 F.3d 417, 419 (9th Cir.), *cert. denied,* 115 S.Ct. 377 (1994). In *Walker,* we found that the defendant's offenses "would not have been completed until the date set forth in the indictment or until he relinquished possession" of the weapon. *Id.* at 419-20. Because Heavilin never "relinquished" possession of the weapons prior to the time stated in the indictment, the district court did not err in applying the 1992 Guidelines--the sentencing guidelines in effect on November 4, 1992.

### *Increase of Offense Level Under § 2K2.1(b)(1)(A)*

Count One of the indictment, alleging possession of a Sten-type machinegun in violation of 18 U.S.C. § 922(o), was dismissed by the government after the jury failed to reach a verdict. The Sten-type machinegun, however, was used for purposes of increasing the defendant's offense level one point for possession of three to four weapons pursuant to § 2K2.1(b)(1)(A) and appellant contends this was error.

The argument is foreclosed by *United States v. Fine,* 975 F.2d 596, 599-600 (9th Cir.1992) (en banc).

### *Increase of Offense Level Under § 2K2.1(b)(3)*

Heavilin contends that the district court erred by enhancing his offense level by two points under § 2K2.1(b)(3) for possessing a "destructive device". He argues that the government did not prove that the **Japanese knee** mortar was capable of launching a projectile, and that the district court erred by not granting his request for a test firing.

The Commentary to § 2K2.1 indicates that a "destructive device" is a firearm listed in 26 U.S.C. § 5845(a), including "any type of weapon which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter". Application Note 2. The jury convicted the defendant of possessing a destructive device after having been read a substantially similar definition. Defendant's Exhibit G was a statement by ATF Special Agent Dana B. Lee, in which Lee indicated that the **Japanese Knee** Mortar "is in operating condition due to the fire pen mechanism". Thus, a preponderance of the evidence established that the **knee** mortar was a destructive device. Neither the statute, the case law, nor the Guidelines provide that a weapon must be test-fired in order to constitute a "destructive device."

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT 2
page 3 of 4

60 F.3d 835 (Table)  
(Cite as: 60 F.3d 835, 1995 WL 398715, **4 (9th Cir.(Cal.)))

Page 4

*Section 2K2.1(b)(4) Enhancement*

Appellant argues that the district court erred by imposing a two-level enhancement under § 2K2.1(b)(4) on the basis that the mortar tube was believed to have been stolen from the Kern Museum in 1972. His argument lacks merit. The knee mortar recovered from defendant's home is marked with two numbers, 21060 (on the base of the mortar) and 97232 (on the barrel of the mortar). The ATF referenced the knee mortar as having serial # 97232. The museum referenced the knee mortar as having serial # 21060. The record establishes that the mortar listed as missing by the Kern Museum is the mortar recovered from defendant's residence.

*Acceptance of Responsibility*

**5 Lastly, Heavilin argues that the district court erred by denying him a two-level reduction for acceptance of responsibility pursuant to § 3E1.1(a). He claims that he admitted to the arresting officers that the weapons in question had been stored at his residence since 1981, and testified to this fact at trial.

The Presentence Report indicates, however, that the defendant claimed that he was not the owner of the firearms, and thus did not feel he should be accountable for the weapons violations. Nowhere in the record does the defendant manifest the remorse required for application of § 3E1.1. *United States v. Johnson,* 956 F.2d 894, 905 (9th Cir.1992). Defendant's claim that he was denied the acceptance of responsibility reduction only because he insisted on his right to trial is baseless.

AFFIRMED.

> FN* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

60 F.3d 835 (Table), 1995 WL 398715 (9th Cir.(Cal.)), Unpublished Disposition

Briefs and Other Related Documents (Back to top)

. 1994 WL 16058084 (Appellate Brief) Brief for Appellee (Dec. 23, 1994)

. 1994 WL 16058085 (Appellate Brief) Appellant's Opening Brief (Nov. 04, 1994)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT 2  
page 4 of 4