Kevin T. Fitzgerald, Esquire
ABA No. 8711085
Ingaldson, Maassen &
Fitzgerald, P.C.
813 West Third Avenue
Anchorage, Alaska 99501
(907) 258-8750
(907) 258-8751/Facsimile
E-mail: kevin@impc-law.com

Counsel for Defendant Kane

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | No. 3:06-cr-00022-01 JWS |
| Plaintiff,      ) | |
| ) | **KANE'S** |
| v.      ) | **OPPOSITION TO GOVERNMENT'S** |
| ) | **MOTION TO UNSEAL** |
| ROBERT F. KANE, and      ) | <u>**SEARCH WARRANTS**</u> |
| SECURITY AVIATION, INC.,      ) | |
| ) | |
| Defendants.      ) | |
| _____) | |

   Comes now Robert Kane, by and through counsel of record, Ingaldson, Maassen & Fitzgerald, P.C., and hereby responds and opposes the government's motion to unseal search warrants, filed March 29, 2006.  The motion is both

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Opposition

substantively and procedurally flawed, and should be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

At various points in time, Kane's counsel and the government's attorneys have discussed the fact that the search warrant affidavits should remain sealed. Apparently, in the last few days the government has changed its tune, and determined that the affidavits should be unsealed. The government's justification for doing so now is that allegedly the defense[1] has "let this horse out of the barn." However, this justification is transparent and simply does not square with the record here.

A review of Kane's two pre-trial motions reflects there is little reference to the search warrant affidavit itself, and that reference is general. Apart from the search warrant attachments, the only references made by Kane to the affidavit in his papers is contained on pages 13-14 of his motion to suppress.[2] The irony is that these references are no more than the information the <u>government</u>

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

---

[1] Curiously, in its motion the government makes no distinction between Kane and Security Aviation's separate pretrial motions and/or interests in keeping the affidavits sealed.

[2] As noted in that motion, the great bulk of the affidavit is simply not germane to Kane or to the issues extant in the motion to suppress.

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Opposition

itself revealed during the detention/bail hearing of February 7 and 8, 2006.[3] Consequently, it is specious to claim that Robert Kane "let the horse out of the barn."[4]

   II.  THE LAW

While there is an acknowledged presumption in favor of access to court records, the common law right of access is not absolute, and can be overridden given sufficiently compelling reasons for doing so. Fultz v. State Farm Mutual Auto Insurance Company, 331 F.3d 1122, 1135 (9th Cir. 2003). Among these reasons are issues involving reputation and privacy, and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes. Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995). These factors are present here.

A review of the search warrant affidavit reveals that it is replete with rumor, gossip, unsubstantiated and

---

[3] The court will recall that Special Agent Derek Espeland testified about his review of Agent Matthew Campe's affidavit in support of the complaint, an affidavit which in large measure is identical to the information contained in Campe's affidavit in support of the search warrant as it relates to the pods.

[4] The government also claims that Kane's position in objecting to the unsealing of the affidavits is incongruous. What is incongruous is having the government use the information as a sword at the detention/bail hearing, and then

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Opposition

meritless allegations, out of context statements, statements made by biased and disgruntled former Security Aviation employees, who may have their own civil and/or criminal exposure, and out and out falsehoods.[5]  Obviously, then, the problem is that absent the full story regarding the affidavit and its sources the uninformed might consider the contents of the affidavit as truthful at substantial prejudice to Mr. Kane.  Not only does this unquestionably affect Rob Kane's privacy and reputation, but may well poison the pool of prospective jurors, particularly given the media and public fascination with this case.[6]  This danger is further exacerbated given that most of the affidavit has absolutely nothing to do with Kane, and more importantly, the present charges against him.  In this respect, Kane would not oppose the unsealing of certain passages, including paragraphs 32 through 34, 36 and 38 of the affidavit.[7]

---

claim defendant Kane has opened the door when he repeats the information.

[5] For instance, as but one example, the affidavit reports that Witness I, a former disgruntled employee, alleged that Kane had a machine gun mounted on a boat in Seward.  Special Agent Matthew Campe <u>knows</u> that Kane does not have a machine gun mounted on a boat in Seward.

[6] It was not all that long ago that Mike Maad's trial was moved for similar reasons.

[7] At worst, the court should rule that only portions of the affidavit are subject to disclosure.

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Opposition
Page 4 of 6

### III. PROCEDURAL FLAW

Inexplicably, the government's proposed order attached with its motion to unseal search warrants, reflected falsely that "[h]aving considered the <u>non-opposed</u> motion filed by the United States to unseal search warrants...it is hereby ordered that the above-stated search warrants be unsealed." Based upon this false representation the court signed the order on the same day it was filed, without giving the defense an opportunity to respond. Today, the court issued a minute order requiring that any response be filed by the close of business today. Unfortunately, this has given Kane's counsel little time to respond, especially considering the import of the government's motion and the serious potential ramifications of the same. Consequently, Kane's counsel requests a hearing or additional time to respond. In this respect it should not go unnoticed that the rush in having the defense respond by today is a dilemma created by the government's procedural error.[8]

Dated at Anchorage, Alaska March 30, 2006.

---

[8] The government can refer to the affidavit in its responsive motions in the same generic fashion utilized by Kane.

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Opposition
Page 5 of 6

INGALDSON, MAASSEN &
FITZGERALD, P.C.
Counsel for Defendant Kane


s/Kevin T. Fitzgerald
ABA No. 8711085
813 West Third Avenue
Anchorage, AK  99501
Fax: (907) 258-8751
E-mail:
kevin@impc-law.com


**CERTIFICATE OF SERVICE**

I hereby certify that on 3/30/06,
a copy of the foregoing opposition
was served electronically on:

Steven E. Skrocki, Assistant U.S. Attorney
James N. Barkeley, Assistant U.S. Attorney
Michael R. Spaan, Esquire
James L. Kee, Esquire
Paul D. Stockler, Esquire
Robert C. Bundy, Esquire
Allen F. Clendaniel, Esquire


s/ Kevin T. Fitzgerald
F:\W\3169-1\Pleadings Kane\Opp to Mtn to Unseal.doc

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Opposition