

D. John McKay, Esq.
Law Offices of D. John McKay
117 E. Cook Ave.
Anchorage, Alaska 99501
Phone: (907) 274-3154
Fax: (907) 272-5646
Alaska Bar No. 7811117
Attorney for Anchorage Daily News
  and for KTUU-TV, Channel 2 News

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT F. KANE, a/k/a )<br>"COMMANDER KANE," and )<br>SECURITY AVIATION, INC., )<br>)<br>Defendants. )<br>_____ ) | Case No. 3:06-cr-00022-JWS-JDR<br><br>**ANCHORAGE DAILY NEWS<br>AND KTUU-TV MEMORANDUM<br>IN SUPPORT OF GOVERNMENT<br>MOTION TO UNSEAL SEARCH<br>WARRANT DOCUMENTS** |

Anchorage Daily News and KTUU-TV (collectively referred to herein as the "Press") hereby request that the court grant the prosecution's motion to unseal all search warrants in this case, and to promptly make available for public inspection the warrants enumerated in the government's motion, all affidavits or other materials filed in support of applications used to obtain said warrants, and all returns associated with said warrants ("Warrant Documents"). The Press and public have a presumptive First Amendment and common law right of access to these documents, and no compelling interest or other legally adequate showing has been made, or could be made, to override this right of access to the Warrant Documents.

The Press would be presumptively entitled to these documents in any event. But the present circumstances make it even clearer that it would be improper to further withhold them from the public, including that (1) the government has conceded in this case that there is no justification for withholding them from the public, (2) the defense, even assuming *arguendo*, that it might have otherwise had any grounds for objecting to public disclosure of the Warrant Documents, has effectively waived any such arguments, and (3) as noted in the Government's Motion to Unseal Search Warrants (Dkt. 81) these Warrant Documents, if they were not already public, would be made so within days or at most weeks in connection with the upcoming evidentiary hearing now set for April 17 and 18, 2006.

The Press concurs in and incorporates by reference the factual and legal arguments asserted by the prosecution in its March 29 Motion (Dkt. 81). In addition, the Press wishes to draw the court's attention to additional relevant authority. Some of this has been provided to the court on previous occasions, and the Press appreciates the fact that the court, in its March 24, 2006, Order (Dkt. 69), has recognized cited some of this controlling body of United States Supreme Court and Ninth Circuit case law on the subject of the press' and public's right of access to judicial proceedings and documents, and has advised the parties that compliance with the holdings of these cases is expected. As pointed out in previous filings, this precedent assures procedural as well as substantive protections for public access.

The Press's constitutional right of access to judicial proceedings and related documents is long- and well-established. See, e.g., See *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 606-07, 73 L. Ed. 2d 248, 102 S. Ct. 2613 (1982); *Richmond Newspapers v. Virginia,* 448 U.S. 555, 580-81, 65 L. Ed. 2d 973, 100 S. Ct. 2814 (1980) (plurality opinion). The Supreme

-2-

*U.S. v. Kane, et al.,* Case No. 3:06-cr-00022 –JWS-JDR
Anchorage Daily News/KTUU Memo In Support of U.S. Motion to
   Unseal Search Warrant Documents, and Request for Access to

Court has extended this right of access to preliminary hearings, *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8-14, 92 L. Ed. 2d 1, 106 S. Ct. 2735 (1986) (preliminary hearings) ("Press-Enter. II"); *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510-11, 78 L. Ed. 2d 629, 104 S. Ct. 819 (1984) (voir dire) ("Press Enter. I"). Even before the U. S. Supreme Court did so, the Ninth Circuit held that in general the public and the press have a qualified first amendment right of access to pretrial hearings and documents. See *Associated Press v. United States Dist. Court*, 705 F.2d 1143, 1145 (9th Cir. 1983); see also, *United States v. Brooklier*, 685 F.2d 1162, 1167, 1170 (9th Cir. 1982) (voir dire, suppression hearings and transcripts of closed proceedings) and, *Oregonian Publ'g Co. v. United States Dist. Court*, 920 F.2d 1462, 1464 (9th Cir. 1990) (press and public have qualified First Amendment right of access to plea agreements and related documents).

The Press and public also enjoy a common law right of access to judicial documents that may apply in instances where the First Amendment right of access does not. In *United States v. Kott,* 380 F. Supp. 2d 1122 (C.D. Cal., 2004); *cf.,* Virginia Department Of State Police v. The Washington Post, et al., 386 F.3d 567, 575-576 (4th Cir., 2004), cert. denied 161 L. Ed. 2d 526, 125 S. Ct. 1706 (2005). In *Kott,* the court held that the press and public were entitled to access to search warrant materials pursuant to both the First Amendment and the common law right of access. The Ninth Circuit affirmed on the common law right of access grounds, finding it unnecessary to reach the First Amendment question. Both experience and logic dictate affording public access here. In *Times Mirror Co. v. U. S. District Court*, 873 F.2d 1210 (9th Cir. 1989), the Ninth Circuit noted that "most search warrant materials routinely become public after the warrant is served." Id. at 1214. The court denied access to the warrant documents in that case,

-3-

*U.S. v. Kane, et al.,* Case No. 3:06-cr-00022 –JWS-JDR
Anchorage Daily News/KTUU Memo In Support of U.S. Motion to
    Unseal Search Warrant Documents, and Request for Access to

but specifically because they were being sought at the pre-indictment stage, while their disclosure could still jeopardize an ongoing investigation. (*But compare, Re Search Warrant for Secretarial Area Outside Office of Thomas Gunn, McDonnell Douglas Corp.*, 855 F.2d 569, 573 (8th Cir. 1988) ("McDonnell Douglas Corp.") recognizing a qualified First Amendment right of access to warrant materials even at the pre-indictment stage.) The interests cited in *Times Mirror* to justify pre-indictment withholding of warrant materials are not present under the circumstances of this case, where the indictments have been issued, the defendants have been publicly named and brought before the court with appropriate provisions made for bail, and the government has agreed there is no further need for secrecy. No showing has been made, nor is it apparent that any showing could be made, that any concerns of the Defendant about adverse publicity, insofar as they might, *arguendo*, be legally cognizable, could not be addressed through consideration of alternatives such as but not limited to change of venue, careful voir dire, or additional peremptory challenges. *Cf., In re: The Application and Affidavit for a Search Warrant, The Washington Post Company v. Caleb Hughes*, 923 F.2d 324 (4th Cir., 1991) (district court properly rejected defendant's attempt, based on asserted interests in fair trial and protecting reputation, to deny public access to search warrant affidavits, relying instead on constitutionally required consideration of alternatives such as voir dire).

Both parties have extensively used, or attempted to use, the contents of the Warrant Documents at the February bail/detention hearings. Further, the defense, in particular, has extensively utilized the Warrant Documents by extensively quoting from them in its recent pleadings (*see,* Defendant Security Aviation's filings, *e.g.,* Dkt. Items 70-1, 71-1, 72-1, and 73-1, which quote from or cite the affidavits in question in virtually every sentence of their

-4-

*U.S. v. Kane, et al.*, Case No. 3:06-cr-00022 –JWS-JDR
Anchorage Daily News/KTUU Memo In Support of U.S. Motion to
 Unseal Search Warrant Documents, and Request for Access to

arguments, and Defendant Kane's filings, *e.g.* Dkt. 66-1, likewise relying on the affidavits, and incorporating by reference the Security Aviation filings, *id.* at 11.). In addition,

     As the court has noted, this is an unusually high-profile case, with each side painting a highly divergent portrait of the facts. The government claims the facts recited in the Warrant Documents justify an all-out prosecution of a local company and one of its key employees, a prosecution that has been shrouded in mystery, with extraordinary allegations. The defense has portrayed the government's actions as overreaching, groundless, and based on misrepresentations or omissions in the Warrant Documents. The Press and public attempting to follow the case have been subjected to unprecedented and probably improper secrecy with respect to court files and docketing in its initial stages. At this point, granting the government's motion to unseal the warrant documents will best serve the public's interest in being able to meaningfully observe what is happening in this case, and to have confidence in the process. It will allow the public to better evaluate the competing claims of the parties that each is trying to manipulate public opinion, and the reputation of the defendants, by distorting the facts. It will allow the public to better evaluate the performance of our public servants responsible for prosecuting and judging this case. These are simply a few of the important functions served by scrupulously protecting the public's right of access to the proceedings and records in this case. It is the right thing, it is the law, and the government's motion should be granted.

//

//

//

-5-

*U.S. v. Kane, et al.*, Case No. 3:06-cr-00022 –JWS-JDR
Anchorage Daily News/KTUU Memo In Support of U.S. Motion to
  Unseal Search Warrant Documents, and Request for Access to

LAW OFFICES OF D. JOHN MCKAY

Dated: March 30, 2006
      Anchorage, Alaska

/s/ D. John McKay
D. John McKay, ABA No. 7811117
Law Offices of D. John McKay
117 E. Cook Ave.
Anchorage, AK 99501
(907) 274-3154

Attorney for Defendant Anchorage Daily News, Inc.

-6-

U.S. v. Kane, et al., Case No. 3:06-cr-00022 –JWS-JDR
Anchorage Daily News/KTUU Memo In Support of U.S. Motion to
  Unseal Search Warrant Documents, and Request for Access to

Certificate of Service

The undersigned certifies that on the 31st of March, 2006,
a true and correct copy of this document was served on

James N. Barkeley
Steven Skrocki
Assistant United States Attorney
Federal Building, U.S. Courthouse
222 W. 7th Ave., #9, Rm 253
Anchorage, Alaska 99513-7567

Robert C. Bundy
Allen F. Clendaniel
Dorsey & Whitney, LLP
1031 W. Fourth Ave.
Anchorage, Alaska 99501-5907

James L. Kee
Kee, Archer, & Herberger, P.A.
1102 Maple Street
Duncan, Oklahoma 73533

Paul Stockler
1309 W. 16th Avenue
Anchorage, Alaska 99501

Kevin Fitzgerald
Ingaldson, Maassen & Fitzgerald
813 W. 3rd Ave.
Anchorage, Alaska 99501

by electronic means through the ECF system as indicated on the
Notice of Electronic Filing, or if not confirmed by ECF, by first
class regular mail.

By: /s/ D. John McKay
D. John McKay, ABA #7811117

-7-

*U.S. v. Kane, et al.*, Case No. 3:06-cr-00022 –JWS-JDR
Anchorage Daily News/KTUU Memo In Support of U.S. Motion to
   Unseal Search Warrant Documents, and Request for Access to