DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
JAMES BARKELEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
       james.barkeley@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-022-JWS |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **RESPONSE AND** |
| vs. | ) | **OPPOSITION TO** |
| | ) | **SECURITY AVIATION'S** |
| ROBERT F. KANE, | ) | **MOTION TO SUPPRESS** |
| a/k/a "COMMANDER KANE," and | ) | **ALL EVIDENCE SEIZED** |
| SECURITY AVIATION, INC., | ) | **EXCEEDING THE SCOPE** |
| | ) | **OF PROBABLE CAUSE** |
| Defendant. | ) | **SHOWN IN THE** |
| | ) | **AFFIDAVITS** |
| | ) | |

COMES NOW the United States by and through counsel and files its

response to defendant Security Aviation's motion to suppress all evidence seized exceeding the scope of probable cause shown in the affidavits. For the reasons set forth herein, the motion should be denied.

## I.     INTRODUCTION

Security Aviation files with the court a motion to suppress evidence seized which exceeded the scope of the search warrants issued by the court based on the affidavit of Special Agent Matt Campe of the Federal Bureau of Investigation. The motion states that at the time of writing Security Aviation does not know the scope of property actually seized by the government and requests that the court suppress all evidence seized by the government that exceeds the scope of the warrant. This motion must be denied for several reasons. First and foremost it is not ripe, the defendant's motion is based on speculation and the changes in the discovery process, accelerated by the government have changed the trial discovery dynamic. Irrespective of those changes, the government does not oppose a continuance to the defense to renew the motion at the appropriate time.

II.   **ARGUMENT**

    A.   **THE DEFENSE MOTION IS NOT RIPE, IT IS BASED ON PURE SPECULATION WITHOUT SPECIFIC FACTS IN SUPPORT THEREOF, AND THE DISCOVERY PROCESS, ACCELERATED BY THE GOVERNMENT, HAS CHANGED THE DISCOVERY TIMETABLE**

A quick glance at the defendant's motion reveals a cursory and superficial stab at suppression on the basis of overbreadth. It essentially states, without any foundation or fact whatsoever that since the government took a significant amount of evidence then it follows that the agents exceeded the scope of the search. The government strongly objects.

In this case, the court authorized the government to search for financial documents, loan documents, methods of payment and other evidence relating to probable cause to believe that false statements to a lending institution took place. Accordingly, the warrant authorized seizing agents to seize any financial documents which could possess evidence of where the $500,000 Wells Fargo Line of Credit funds were spent or from where repayment was made.

Additionally, the warrant authorized the search for records concerning the May and Stanley Smith Charitable Trust, and other trusts, inasmuch as there existed probable cause to believe that the trust or trusts were being defrauded by Mark Avery and Robert Kane in an amount totaling $50 million dollars, more or

less. In response to this, the defendant's motion simply tosses out the claim that such a "narrow" government search which yielded so much evidence must be overbroad. This claim borders on the frivolous.

In this case, the government has consistently offered an defense the opportunity to inform the government which documents it requires copying and the government would place those items at the front of the production list. Up to this point the government has produced items requested by the defense in this fashion. The government in fact did exactly that with regard to trust documents concerning Mark Avery's mother. Additionally, Security Aviation makes a claim that "Mark Avery's law practice files were seized, which certainly contains client files that are beyond the scope of the probable cause in the affidavits." In this regard, the government invites, as it has in the past, for Avery and Associates to identify which client files, if any, were seized which are beyond the scope of the warrant and the government will return copies of those files. To date, nothing of the sort has been requested.

As to the defendant's answer regarding discovery of computers, and as the court was informed regarding the government's motion to in response to the defendant's motion to compel discovery, all of the computer evidence seized by the government from any location has now been mirrored and or returned to the

defendants. For further information regarding the discovery process the government attaches to this motion as Exhibit 1 a copy of its reponse to defendant's motion to compel discovery. It will provide the court with a firm update regarding production.

The government would like to also report that it continues to provide constant discovery of evidence that it receives to the defense. This weekend the government faxed or provided to defense counsel over 100 pages of discovery concerning Robert Kane, a Security Aviation employee, and Allen Smith, the seller of the rocket pods. It additionally provided the defendants with a copy of Robert Kane's Yahoo email account on CD.

As shown above, the defense motion for suppression is simply not ripe, nor well plead. With the ongoing discovery perhaps Security Aviation will be in a better position to provide the court and the government with what information it believes lies outside the scope of the warrant. Certainly, for example, the inventory of items seized by the government, and left at the search sites would have provided Mark Avery a list of exactly which "client" files were removed outside the scope of the warrant. Indeed, this is the first time the government has been informed of this claim. The inventory has been with the defendant for months yet he has made no claim for return of specific files seized outside the

scope of the warrant.

As of this writing, the government has produced the bulk of Rule 16 discovery concerning the rocket pod case. Discovery with regard to other items seized in connection to the government's fraud investigation are still in the process of being scanned; however, the government has made the discovery room and *all* of the seized evidence contained therein available to the defense for review and copying. Evidence relating to the government's fraud investigation, however, is not being produced as it does not relate to the upcoming May 3, 2006 trial regarding the rocket pods.

Accordingly, it is the government's position that the court should stay the defendant's motion to suppress without prejudice to refile given some of the

//


//


//


//

unavoidable delays, now remedied by the government, concerning discovery.

RESPECTFULLY SUBMITTED this 3rd day of April, 2006 at Anchorage, Alaska

> DEBORAH M. SMITH
> United States Attorney
>
> s/ Steven. E. Skrocki
> Assistant U.S. Attorney
> 222 West 7th Ave., #9, Rm. 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-5071
> Fax: (907) 271-1500
> E-mail: steven.skrocki@usdoj.gov
>
> s/ James Barkeley
> Assistant U.S. Attorney
> 222 West 7th Ave., #9, Rm. 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-5071
> Fax: (907) 271-1500
> E-mail: james.barkeley@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2006
a copy of the foregoing was served
electronically on Robert Bundy,
Allen Clendaniel, Kevin Fitzgerald,
James Kee, & Paul Stockler.

s/ Steven E. Skrocki