

ROBERT C. BUNDY
(907) 257-7853
FAX (907) 276-4152
bundy.robert@dorsey.com

February 17, 2006

Steven E. Skrocki         <u>VIA FACSIMILE: 907-271-1500</u>
Assistant United States Attorney
Criminal Division
222 W. 7th Avenue, #9
Anchorage, Alaska 99513-7567

      Re:   Mark Avery

Dear Steve:

      You asked that I identify the persons and entities I represent in the matter of the United States investigation of matters outlined in the search warrants served on Mr. Avery's offices and the offices and facilities of Security Aviation. I represent Mark Avery personally and the following entities:

      Regional Protective Services LLC.
      High Security Aviation, LLC
      Avery & Associates, LLC
      Regional Professional Services, LLC
      Regional Phone Solutions, LLC
      Regional Paramedic Services, LLC
      Medical Training Institute, Inc.
      Security Aviation Rotowing, LLC
      Premier Aviation, Inc.
      Medic Air, Inc.
      Security Aviation, Inc.

      You also asked that I provide the name of the persons in a control group of those entities. In the interest of openness, we have tried to make the list as narrow as possible. The following are the names of the persons in the control group and their position with the various entities:

| | | |
|---|---|---|
| Mark J. Avery | All Companies | Owner |
|  | All Companies | IT Manager |
| | All Companies | Accounting Manager |
| | A&A & RPS | Office Manager |
| Joe Kocienda | All Companies | Financial Officer |
| | MTI | Principal Officer/Manager |

DORSEY & WHITNEY LLP · WWW.DORSEY.COM · T 907.276.4557 · F 907.276.4152
1031 WEST FOURTH AVENUE · SUITE 600 · ANCHORAGE ALASKA 99501-5907
USA CANADA EUROPE ASIA

EXHIBIT 2
page 1 of 5

**DORSEY**

Steven Skrocki
February 17, 2006
Page 2


          SAI          President
          SAI          Sr. Vice President
          SAI          Vice President

Of course, with persons in the control group, we ask that you go through my office in requesting interviews. We note that agents have already contacted Mr. Sleeth.

Very truly yours,

Robert C. Bundy

cc: Mark Avery



**Wells Fargo Relocation**
MAC N9303-131
Northstar East, Suite 1300
608 Second Avenue South
Minneapolis, MN 55479

December 2, 2005

VIA CERTIFIED MAIL
7003 3110 0002 8396 9172

Joe Kocienda

Eagle River, AK 99577

RE:

Dear Joe,

As a follow-up to your decision to terminate your employment at Wells Fargo effective November 19, 2005,

Sincerely

*Enclosures*

cc:    Deann Thompson K3212-029
       C. Meuers, Legal Department N9305-177

EXHIBIT 2
page 3 of 5

# REGIONAL PROTECTIVE SERVICES
# RECORDS SYSTEM POLICY AND
# NON-DISCLOSURE AGREEMENT

I.) <u>Parties to this agreement</u>:

1) Regional Protective Services, L.L.C., and

2) _Joseph Kocienda_ - employee

II.) <u>Purpose</u>

The performance of work at Regional Protective Services, LLC (RPS) involves highly confidential information. RPS is entering a new phase of development which requires even more strict application of confidentiality rules and even more stringent records control procedures. All current and future RPS employees shall abide by the new confidentiality requirements. In the performance of the work assigned by Regional Protective Services, LLC, the employee shall agree to comply with, and assumes responsibility for compliance by employee's friends and family members, the following confidentially requirements. The records system described below is intended to meet the requirements of agencies related to RPS work and shall be applied as necessary.

All RPS personnel shall be bound by this non-disclosure agreement and shall obey the highest level of confidentiality rules. These confidentiality obligations apply to staff and supervisors, alike; however, certain members of management have discretion to modify the rules on a case by case basis. Dissemination of information will be tightly controlled and subject to review. The non-disclosure and confidentiality requirements are mandatory employment requirements. Any employee who does not wish to agree to the non-disclosure and confidentiality requirements should bring this matter to the attention of a supervisor, and not sign this agreement.

The record system described below is a modified version of the basic federal record system. The record system requirements described below are intentionally adopted by RPS and worded in a manner that provides RPS with the flexibility to integrate into the record systems of various other agencies. Any publishing requirements are the responsibility of top management and are performed on a contract by contract basis. By understanding the records system described below, the RPS employee will understand the records system requirements of partner agencies. The maintenance of records and the non-disclosure of records and agency activities are governed by a large body of law and carries severe penalties for records disclosure, information disclosure, and breach of the records policy. This non-disclosure agreement and records system policy shall be amended from time to time in order to stay in compliance with partner agencies.

Initials _____
Revised 12/16/04

EXHIBIT __2__
page __4__ of __5__

Each officer or employee of RPS, to whom non-public RPS information may be made available or disclosed, shall not divulge that non-public information to any one, including any friend, family member, co-worker, or stranger, by any means, for a purpose or to an extent unauthorized herein. Unauthorized information disclosure may subject the offender to criminal and civil penalties.

For the purposes of this clause, non-public information means information in the possession of RPS that would qualify for exemption from disclosure under the Freedom of Information Act, including, but not limited to, "Official Use Only" information and records protected by the Privacy Act, 5 U.S.C. 552(a), and information that would qualify for protection under the lawyer-client privilege, and any information regarding the business practices, business or financial status of RPS, the clients of RPS, and any information regarding the floor plan of RPS, the security equipment, and any security protocols of RPS.

By signing this agreement, the employee agrees to comply with the conditions set forth herein and shall immediately notify RPS in the event that RPS Highly Sensitive - For Internal Use Only information is released or is required to be released. The non-disclosure requirements are a continuing obligation that shall remain in effect after an employee leaves the employ of RPS. At the time of release of employment, should that occur, the employee will be provided with specific guidelines regarding after employment non-disclosure requirements.

Employee Printed Name: Joseph J Kocienda

Employee Signature: _[signature]_

Date Signed: 10/15/05

Authorizing RPS Representative's Printed Name: _____

Authorizing RPS Representative's Signature: _____

Date Signed: _____

Initials _[initials]_
Revised 11/16/04

EXHIBIT 2
page 5 of 5
11