**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br>vs.<br><br>ROBERT F. KANE, a.k.a.<br>Commander Kane, and SECURITY<br>AVIATION, INC.,<br><br>          Defendants. | 3-06-cr-00022-JWS-JDR<br><br>**ORDER**<br>**REGARDING**<br>**GOVERNMENT'S MOTION TO**<br>**UNSEAL SEARCH WARRANTS**<br><br>(Docket Entry 81) |

The government moves to unseal several search warrants which were initially placed under seal at their request.[1]  An opposition to the government's motion to unseal the search warrants has been filed by defendant Robert F. Kane, docket entry 92, and defendant Security Aviation, Inc., at docket entry 91.  The

---

[1] The warrants are identified as: 3:06-mj-008 JDR, 3:06-mj-009-JDR, 3:06-mj-010-JDR, 3:06-mj-016-JDR, 3:06-mj-017-JDR, 3:06-mj-018-JDR, 3:06-mj-019-JDR, and 3:06-mj-021-JDR.

government filed a reply, docket entry 98.[2] Defendant Kane seeks a hearing on the motion, but the court determines that a hearing is not necessary to a determination of the motion. The request for a hearing is denied.

The government states that its need for non-disclosure of the affidavits is no longer present. The government claims that its responses to defendants' pretrial motions will need to address the affidavits in order to fully respond to the arguments made by the defendants. The government's motion to seal the affidavits was based upon maintaining integrity of its investigations in the present case. In this post-indictment stage, the government no longer seeks secrecy of its warrant affidavits for that purpose.

The defendants' opposition to the unsealing of the affidavits is based on their position that portions of the affidavits contain disparaging statements, misleading inaccuracies and omissions that are likely to prejudice the jury pool based on pretrial publicity. Security Aviation argues that portions of the affidavits contain information that is irrelevant to the finding of probable cause for the issuance of those warrants. Defendant Kane is unopposed to the unsealing of ¶¶ 32-34, 36

---

[2] Anchorage Daily News filed an entry of appearance on May 30, 2006. Docket entry 95. Anchorage Daily News and KTUU-TV filed a memorandum addressing the government's motion to unseal, docket entry 96. Neither entity has standing in this case. *See*, In re McClatchy Newspapers, Inc., 288 F.3d 369, 373 (9th Cir. 2002). The claims may be brought as a new civil action, rather than as an intervention in this pending criminal case. *Id.*; Times Mirror Co. v. United States, 873 F.2d 1210, 1212 (9th Cir.), *as amended on denial of rehearing & rehearing en banc*, (1989).

& 38 of "the affidavit," presumably referring to the affidavit of SA Matthew Campe. *See*, Kane's opposition, docket entry 92, p. 4.  Here, the defendants do not argue against the public right to the material under seal, they argue their own interests in not having material disclosed for public scrutiny since they do not agree with its content.

While warrant proceedings have historically been closed to the public, most search warrant materials routinely become public after the warrant is served. Times Mirror Co. at 1214.  Times Mirror Co. Holds that the First Amendment does not establish a qualified right of access to search warrant proceedings and materials while a pre-indictment investigation is still ongoing.  *Id.* at 1216.  In the instant case, the court is asked to unseal supporting affidavits to the search warrants at a post-indictment stage and prior to trial.  In Times Mirror Co., the Ninth Circuit particularly noted that they were not called upon to decide whether the public has a First Amendment right of access to warrant materials <u>after</u> an investigation is concluded or after indictments have been returned.  873 F.2d at 1218.

The court has a duty to consider all relevant factors and base its decision on whether to unseal court records upon articulable facts.  It is significant to note this case does not involve the protection of the privacy of jurors, any governmental interest in not tipping off suspects by disclosure of search warrants,

or a determination by the court as to the truth of the assertions of the complainant or his sources in seeking the issuance of the search warrants.

The Ninth Circuit has ruled that injury to official reputation is an insufficient reason for repressing speech that would otherwise be free and protected by the First Amendment.  *See*, In re McClatchy Newspapers, Inc., 288 F.3d 369 (9th Cir. 2002).  In McClatchy Newspapers, *supra*, the Ninth Circuit observed that the Supreme Court has noted that the American view of the right to inspect and copy court documents is in contrast with the English practice and embraces as an interest compelling disclosure "the citizen's desire to keep a watchful eye on the workings of public agencies" and "a newspaper publisher's intention to publish information concerning the operation of the government."  *See*, amendment to the Dec, 3, 2001, opinion in McClatchy Newspapers, *supra*, 288 F.3d at 371.  The Ninth Circuit reasoned that a private individual has no privacy interest in allegations, "baseless though they may be, bearing on the way he does business. . . ."  This does not mean that the right to inspect and copy judicial records is absolute.  It is not.  *Id.* at 373.

The court has supervisory power over its own records and files and may deny access where court files have become a vehicle for improper purposes.  *See*, McClatchy Newspapers, *citing*, Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978).  Courts should not permit their files to serve as sources of libelous statements for press consumption.  But the protection sought here is not for minor

victims nor has there been any showing of governmental abuse of the legal process necessitating protection of individual privacy rights that would defeat First Amendment rights of access claims thereto. In McClatchy Newspapers, the court recognized that reputation is a valuable asset. The appellate courts have also observed that "persons who prove to be innocent are frequently the subjects of government investigations." Times Mirror Co., 873 F.2d at 1216. Nevertheless, it held that injury to official reputation is an insufficient reason "for repressing speech" that would otherwise be free. 288 F.3d at 374, *citing*, Landmark Communications, Inc. v. Virginia, 435 U.S. 829, 841-42 (1978). A "decent newspaper" would not publish the content of the search warrant affidavits without also noting that it contains allegations as yet untested in a court of law. *Cf.*, McClatchy Newspapers, 288 F.3d at 374. In the instant case, the defendants have a forum in which to exonerate themselves if the warrant materials are made public. Pretrial suppression hearings have been set in the instant case and the parties may decide what reliance, if any, to place on particular content of the search warrant affidavits.

In the Ninth Circuit there is a strong presumption in favor of access to court records. Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). Although the common law right of access is not absolute and can be overcome with sufficient compelling reasons for doing so, I find no such compelling reasons in the instant case. The Seventh Circuit Court of Appeals holds that there

is a strong presumption in support of a common law right to inspect and copy judicial records. United States v. Edwards, 672 F.2d 1289, 1294 (7th Cir. 1982), *cited with approval in*, Foltz, *supra*, 331 F.3d at 1135.

Kane and Security Aviation take the position that their constitutional rights to a fair trial should trump the common law right of access and supports their argument for the court denying access to the sealed documents. The court, however, may deny access only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture. *Id.* 672 F.2d at 1294. It is mere conjecture at this point that any pretrial publicity about the information in the unsealed search warrants would prevent the defendants from receiving a fair trial, including a trial by jurors who are unbiased by what has or may appear in the media. The accuracies or alleged inaccuracies and omissions in the affidavits must be addressed by the court in the context of the motions to suppress, not as a collateral matter addressing what the medial may or may not have access to with reference to allegations appearing in affidavits which otherwise become public record.

It is important to make clear that the court in ruling on the motion to unseal search warrants is not ruling upon the truth of the matters asserted therein or the validity of the affidavits. For the above reasons, the government's motion to unseal search warrants, docket entry 81, is GRANTED. By this order, the clerk may unseal search warrants 3:06-mj-008 JDR, 3:06-mj-009-JDR, 3:06-mj-010-JDR, 3:06-

mj-016-JDR, 3:06-mj-017-JDR, 3:06-mj-018-JDR, 3:06-mj-019-JDR, and 3:06-mj-021-JDR.  In order to preserve the defendants' interests in the motion, execution of this order is stayed until noon Friday, April 7, 2006, to allow defendants to appeal this decision.

DATED this 6th day of April, 2006, at Anchorage, Alaska.

    /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge