UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>ROBERT F. KANE, a.k.a. Commander Kane, and SECURITY AVIATION, INC.,<br><br>        Defendants. | 3-06-cr-00022-JWS-JDR<br><br>**RECOMMENDATION REGARDING DEFENDANT KANE'S MOTION TO DISMISS INDICTMENT**<br><br>(Docket Entry 59, 110) |

Defendant Robert Kane moves to dismiss the indictment pursuant to Rule 12, Fed.R.Crim.P. on grounds that the indictment fails to charge him with an offense against the United States and fails to set forth the essential elements of the offenses charged. Docket entry 59. The motion is opposed by the government. Docket entry 89. Kane requests a hearing on the motion. Docket entry 110. The court determines that the motion is sufficiently briefed and oral argument is

unnecessary to its determination.  For reasons stated below, the motion to dismiss lacks merit.

Robert Kane is charged in all four counts of the indictment filed February 22, 2006, docket entry 2.[1]  Count 1 charges conspiracy to knowingly receive and possess rocket pod launchers, a destructive device, without registering the rocket pod launchers in the National Firearms Registration and Transfer Record (NFR&TR) as required in 26 U.S.C. §§5861(a) and (d) in violation of 18 U.S.C. §371 and the aiding and abetting statute, 18 U.S.C. §2.  Count 2 charges that defendants did knowingly receive and possess two rocket pod launchers which had not been registered in the  National Firearms Registration and Transfer Record in violation of 26 U.S.C. §5861(d).  Count 3 charges within a different time frame that the defendants did knowingly attempt to receive and possess four rocket pod launchers which had not been registered in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §5861(d). Finally, Count 4 charges the defendants, each not being a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, did knowingly transport in interstate commerce destructive devices without authorization from the Attorney General of the United States consistent with public safety and necessity in violation of 18 U.S.C. §§922(a)(4) and 924(a)(1)(B).

---

[1] Co-defendant Security Aviation, Inc., is named in Counts 2, 3, and 4 only.

Kane argues that each count of the indictment fails to charge an offense against the United States on several grounds. First, he claims that the counts are defective because they contain no notice as to how the pod launchers fall within the statutory definition of "destructive device."

Rule 7(c)(1) of the Fed.R.Crim.P. provides that an indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged. . . ." Rule 12(b)(3) authorizes the court to hear a claim that the indictment fails to state an offense.

The court cannot conclude at this stage of the proceedings that the rocket pod launchers in question are not "destructive devices" within the meaning of the pertinent sections, 26 U.S.C. §5861(d) for Counts 1-3 and 18 U.S.C. §922(a)(4) for Count 4. In <u>United States v. Rushcamp</u>, 526 F.2d 1380 (6th Cir. 1975) the court held that a rocket launcher was a "destructive device" within the meaning of 26 U.S.C. §5861(d), the federal statute requiring registration. Kane argues that the indictment should provide notice as to how the rocket pod launcher falls within the statutory definition of a "destructive device."

Section 371 of Title 18 makes it an offense to conspire to act "contrary to law." It is not enough simply to cite that statute and to allege that the act was done contrary to law. The pleading must show what other law was violated, either by citation or by sufficient statement of facts. <u>Keck v. United States</u>, 172 U.S. 434

(1899); Steiner v. United States, 229 F.2d 745 (9th Cir. 1956), *cert. denied sub nom* Pursselley v. United States, 351 U.S. 953 (1956). Count 1 identifies the conduct that was the object of the conspiracy by describing the acts as to knowingly receive and possess four 57mm UB-16-57U rocket pod launchers, a destructive device, without registering the rocket pod launchers in the NFR&TR. Count 1 clearly informs the defendant of the precise offense of which he is accused so that he may prepare his defense and so that a judgment thereon will protect him against a subsequent prosecution for the same offense. Words or phrases having a technical meaning may be used in a pleading if they are well known enough to enable the defendant to apply them correctly. Here the term "destructive device" is defined by statute and need not be included in the indictment in order for it to be applicable or to give notice to the defendant of its special meaning. Section 5861(d) of Title 26, United States Code provides that it is unlawful for any person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record . . ." For purposes of §5861(d) the term "firearm" includes "a destructive device." *See*, §5845(a)(8). The term "destructive device" means in relevant part "any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter. . . ." 26 U.S.C. §5845(f).

A "bare bones" indictment using only statutory language is permissible so long as the statute sets forth fully, directly and expressly all essential elements of the crime intended to be punished. If a statute charges a variety of possible offenses, pleadings and the statutory language must indicate which offense the defendant is alleged to have committed. Count 1 of the indictment indicates that the "firearm" at issue is a "destructive device." Kane does not identify any other type of offense that might be suggested by Count 1. Rather, he argues that the count must incorporate the statutory definition of "destructive device" to pass muster. I disagree.

Mr. Kane argues a number of matters of defense to the indictment in his discussions in his supporting memorandum. Matters of defense need not be negated in an indictment. <u>United States v. Sisson</u>, 399 U.S. 267, 287-88 (1970). Nor is the indictment required to negate statutory exceptions; it is incumbent upon the defendant to establish any such exceptions he relies upon. <u>McKelvey v. United States</u>, 260 U.S. 353, 357 (1922); <u>Hockenberry v. United States</u>, 422 F.2d 171 (9th Cir. 1970). Presumably, Kane's discussion about the indictment lacking reference to an exception to an offense refers to how the launchers would not fall within the statutory definition of "destructive devices." <u>See</u>, memorandum in support of motion to dismiss, docket entry 59, p. 9. The Rule is otherwise if the exception is so incorporated in the language of the statute defining the crime that elements of the offense cannot be accurately described in the absence of the exception. For

example, an indictment for selling narcotic drugs without having registered as a dealer was ruled defective by the Ninth Circuit Court of Appeals where the indictment failed to allege that the defendant was in the class of dealers required to register. <u>Walker v. United States</u>, 176 F.2d 796 (9th Cir. 1949). No such exception has been identified in the case before the court.

Kane argues that the indictment fails to allege that the rocket pod launchers are operable or readily convertible to fire a rocket. The statutory definition of the term "destructive device" for purposes of Counts 1-3 does not require the weapon to be "operable." The type of weapon referred to in §5845(f) is one which "will, or which may readily be converted to, expel a projectile by the action of an explosive or other propellant. Section 5841(a) of Title 26 U.S.C. requires the registration of all firearms; the statute does not require that the destructive device be operational. If Congress had intended such, it could have so stated. Whether the particular alleged destructive devices in the instant case, rocket pod launchers, fall within the statutory definition of a firearm required to be registered in the NFR&TR is a matter of proof by the government, but it is not a matter that must be pled in such detail in the indictment. The defendant's intended purpose for the use of the destructive devices is irrelevant. <u>United States v. Dalpiaz</u>, 527 F.2d 548, 551 (6th Cir. 1975) (intended purpose to use pipe bomb irrelevant). The government is not required to charge or prove that the weapon operates as intended. <u>United States</u>

v. Langan, 262 F.3d 613, 625 (6th Cir. 2001). Whether or not there was appropriate ammunition present could not and did not render the weapon non-existent. *Cf.*, United States v. Melancon, 462 F.2d 82, 95 (5th Cir. 1972). Thus, the indictment need not allege that Kane made any efforts to obtain rockets for use in the launchers as he argues.

Under the NFR&TR, as amended, all possessors of firearms as defined in the act are covered, except the United States. The act makes it unlawful for any person "to receive or possess a firearm which is not registered to him." 26 U.S.C. §5861(d). *See*, United States v. Freed, 401 U.S. 601 (1971). Melancon, 462 F.2d at 96 (it was enough to prove that a Japanese knee mortar was a firearm (or destructive device) under the terms of the statute without regard to the existence of a projectile for use in it).

United States v. Seven Misc. Firearms, 503 F.Supp. 565 (D.C. 1980), cited by Kane, is inapposite. In that forfeiture action, the court held that items which were the subject of the forfeiture action were not designed or manufactured to shoot or could not be readily restored to shoot, automatically and thus were not firearms within the meaning of the National Firearms Act and could not be forfeited. The action was tried by the court without a jury and the ruling was made by the court as part of its findings of fact and conclusions of law. The case does not address the sufficiency of an indictment.

Staples v. United States, 511 U.S. 600 (1994), cited by Kane for the Supreme Court's holding that in order to obtain a conviction under 26 U.S.C. §5861(d) the government must prove beyond a reasonable doubt that the defendant knew of the characteristics of the weapon that made it "a firearm" under the act. Staples had contended before the district court that the trial court erred by failing to instruct the jury that scienter is an element of unlawful possession under 26 U.S.C. §5861. The Tenth Circuit Court of Appeals concluded that the government need not prove a defendant's knowledge of a weapon's physical properties to obtain a conviction under §5861(d). United States v. Staples, 971 F.2d 608 (10th Cir. 1992).

In the instant case Kane is charged with conspiracy (Count 1), receipt and possession of (Count 2), and attempted receipt and possession of (Count 3) unregistered destructive devices; he is not charged with failing to register the weapons, but rather possessing weapons which should have been but were not registered. The government has charged that these acts were done knowingly and the court may instruct the jury that the government is required to prove beyond a reasonable doubt that the defendant knew the weapons he possessed had characteristics that brought it within the statutory definition of a "destructive device" in order to obtain a conviction.

The purpose of prohibiting the possession of unregistered firearms is to protect society from indiscriminate availability of firearms, United States v.

Ritsema, 31 F.3d 559 (7th Cir. 1994), and to proscribe original and converted military-type weapons as well as do-it-yourself type of similar devices and weapons of violence and destruction.  United States v. Peterson, 475 F.2d 806 (9th Cir.), *cert. denied*, 414 U.S. 846 (1973).

With regard to the possession element, the evidence must show that the defendant knew that the object he possessed was a dangerous device that would alert one to the likelihood of regulation.  United States v. Corso, 20 F.3d 521 (2d Cir. 1994).  The government is not required to prove that the defendant possessed components of an unregistered destructive device with intent to use them as a weapon when the components clearly are regulated by the statute as a destructive device.  United States v. Urban 140 F.3d 229 (3d Cir.), *cert. denied*, 525 U.S. 850 (1998).

The statutory exceptions contained in the definition of a destructive device within §5861 are to be treated as affirmative defenses rather than as part of the elements of the offense.  United States v. Beason, 690 F.2d 439 (5th Cir.), *cert. denied*, 459 U.S. 1177 (1982).  The indictment is not defective because it lacks a *mens rea* element.  Pursuant to Staples, *supra*, the jury may be properly instructed in this area of the law.  The meaning and definition of this scienter element need not be alleged with the specificity argued by the defendant.

Kane's memorandum suggests that he may have been singled out unfairly for prosecution. Docket entry 59, p. 5. The defendant offers no factual support for such an assertion, and such argument may readily be dispensed with summarily.

Kane complains that he is left to guess at the government's theory of the case. The government has explained in its opposing memorandum its theory that the rocket launcher pods are destructive devices for purposes of Title 26. The government relies on the definition found in §5845(f)(2). The government shall be bound by its statement as if it were stated in a bill of particulars. The defendant is not otherwise entitled to be informed of the government's theory of the case by means of the charging document itself.

Count 4 charges Kane with unlawful transportation of two rocket pod launchers in violation of 18 U.S.C. §922(a)(4). That provision makes it unlawful "for any person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, to transport in interstate commerce any destructive device except as specifically authorized by the Secretary consistent with public safety an necessity. Count 4 charges that Kane knowingly transported in interstate commerce two rocket pod launchers. Count 4 specifically alleges that Kane was not a licensed importer, licensed manufacturer, licensed dealer, or licensed collector. For purposes of §922(a)(4) the term "destructive device" is defined by statute. *See,* 18 U.S.C.

§921(a)(4). Although I find Count 4 sufficient to withstand the motion to dismiss, the defendant is entitled to an order upon request requiring the government to indicate which of the alternative types of weapons identified in §921(a)(4) the government relies upon in Count 4 charging unlawful transportation of destructive devices. For the foregoing reasons, the motion to dismiss should be denied. IT IS SO RECOMMENDED.

DATED this 12th day of April, 2006, at Anchorage, Alaska.

/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON, Wednesday, April 19, 2006**, to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and

authorities in support.  Response(s) to the objections shall be filed on or before **NOON, Tuesday, April 25, 2006**.  The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.  See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).