Kevin T. Fitzgerald, Esquire
ABA No. 8711085
Ingaldson, Maassen &
Fitzgerald, P.C.
813 West Third Avenue
Anchorage, Alaska 99501
(907) 258-8750
(907) 258-8751/Facsimile
E-mail: kevin@impc-law.com

Counsel for Defendant Kane

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                               )<br>              Plaintiff,      )<br>                               )<br>      v.                       )<br>                               )<br> ROBERT F. KANE, and           )<br> SECURITY AVIATION, INC.,      )<br>                               )<br>              Defendants.     )<br>_____) | No. 3:06-cr-00022-01 JWS<br><br>**DEFENDANT KANE'S NOTICE OF OBJECTIONS TO REPORT AND RECOMMENDATION RE: MOTION <u>TO DISMISS INDICTMENT</u>** |

I.   INTRODUCTION

COMES NOW defendant, Robert Kane, by and through counsel of record, Ingaldson, Maassen & Fitzgerald, P.C., and provides notice of his objections to the Report and Recommendation Re: Defendant Kane's Motion to Dismiss Indictment (Docket No. 124). Kane moved to dismiss the indictment on the grounds that the indictment failed to charge him with an offense against the United States and failed to set forth the essential elements of the offenses charged. Specifically, Kane argued that the government failed to plead and instruct on the appropriate and required *mens rea* and the indictment should be dismissed. The magistrate judge in

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Objections

Page 1 of 5

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

denying the motion has taken the position that the indictment is not defective even though it lacks an essential element. This conclusion is contrary to law and the indictment must be dismissed.

## II. THE INDICTMENT FAILS TO STATE AN OFFENSE

The indictment must be a plain, concise, and definite written statement of the essential facts constituting the offense(s) charged. FRCP 7(b). This includes every element of the offense charged. See, e.g., Smith v. United States, 360 U.S. 1 (1959).

An indictment must allege every element of the offense. United States v. Resendiz-Ponce, 425 F.3d 729 (9th Cir. 2005), certiorari granted: 4/17/06, No. 05-998. Where the indictment fails to recite an essential element of the charged offense, the indictment is fatally flawed requiring dismissal. United States v. Omer, 395 F.3d 1087, 1089 (9th Cir. 2005). ("The indictment's failure to recite an essential element of the charged offense...is a fatal flaw requiring dismissal of the indictment."); United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999). "Happily the rule that the indictment, to be sufficient, must contain all the elements of the crime...is still a vital part of our Federal criminal jurisprudence." United States v. Wander, 601 F.2d 1251, 1259 (3rd Cir. 1979). A defendant has a "substantial right to be tried only on charges presented in an indictment returned by a grand jury. Deprivation of such a basic right is far too serious to be treated as nothing more than a variance and then dismissed as harmless error." Stirone v. United States, 361 U.S. 212, 217 (1960). "The inclusion of all elements...derives from the Fifth Amendment, which requires that the grand jury have

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Objections

considered and found all elements to be present." United States v. Hooker, 841 F.2d 1230 (1st Cir. 1988).

### III. THE INDICTMENT FAILS TO PLEAD THE REQUIRED *MENS REA*

An essential element of each offense for which Kane has been charged is that he knew that the "rocket pod launchers" had the characteristics which bring them within the statutory definitions of "destructive device." In Staples v. United States, 511 U.S. 600 (1994), the Supreme Court held that in order to obtain a conviction under the National Firearms Act, the same Act at issue here, the government must prove beyond a reasonable doubt that the defendant knew that the features of the weapon possessed brought the weapon within the scope of the Act. The Ninth Circuit in United States v. Gergen, 172 F.3d 719 (9th Cir. 1999) similarly noted that the *mens rea* requirement was an essential element of a 826 U.S.C. § 5861(d) offense.

Incredibly, while acknowledging that this *mens rea* requirement is an essential element of the offenses for which Kane is charged, the government suggests, without support, that the *mens rea* element need not be presented before the grand jury at an indictment.[1] See, the government's opposition at p. 16. Instead, the government suggests that so long as the trial jury is properly instructed the Fifth Amendment violation before the grand jury can be cured. Unfortunately, the magistrate adopted this rationale, again without supporting

---

[1]  It follows from the government's response that it did not instruct the grand jury on the appropriate and applicable *mens rea*. If the government now contends otherwise, the court has the power to obtain the instructions given to the grand jury to determine for itself.

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Objections

INGALDSON, MAASSEN & FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

authority. See, R&R at p. 9. However, such a novel proposition is clearly contrary to applicable law.

There can be no doubt given <u>Staples</u> and <u>Gergen</u> that the requirement that the defendant knew of the particular characteristics of a firearm which bring it within the scope of the statute is an essential element of the charges facing Kane. The notion that the omission of the applicable *mens rea* from the indictment is immaterial obviously renders, meaningless, the procedural and substantive protections afforded defendants facing indictment.[2] It also violates the Fifth Amendment and subjects a defendant to potential double jeopardy.

The Fifth Amendment requires that a defendant be convicted only on charges considered by a grand jury. <u>See</u> <u>U.S. v. Du Bo</u>, 186 F.3d 1177, 1179 (9th Cir. 1999) (holding that indictment's failure to specify *mens rea* necessary for Hobbs Act conviction required dismissal). This requirement ensures that a defendant is prosecuted only "on the basis of the facts presented to the grand jury..." <u>Id</u>. (citing <u>U.S. v. Rosi</u>, 27 F.3d 409, 414 (9th Cir. 1994)). Refusing to reverse a conviction based on such an indictment would impermissibly allow conviction on a charge never considered by the grand jury. <u>See</u> <u>Du Bo</u>, 186 F.3d at 1180 (citing <u>Stirone v. U.S.</u>, 361 U.S. 212, 219 (1960)). Therefore, failure to include the *mens rea* element of a crime in the indictment "renders the indictment constitutionally defective." <u>Id</u>. The omission of the *mens rea* from an indictment "on its face is deficient" and

---

[2] Nor given the facts present here, could it ever be persuasively argued that the failure to properly instruct the grand jury constituted harmless error. See Exhibit 1 of Kane's underlying motion which demonstrates that the rocket pods were discovered on an ebay site from a seller representing the pods as "de-Mil'd" and suitable as static displays.

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Objections

"[not] amenable to harmless error review." Du Bo, 186 F.3d at 1179; accord U.S. v. Prentiss, 206 F.3d 960 (10th Cir. 2000) (holding that an indictment failing to specify essential elements is a fundamental defect that is not subject to harmless error review, even if challenged after the verdict).

The indictment must be dismissed.

Dated at Anchorage, Alaska April 19, 2006.

INGALDSON, MAASSEN & FITZGERALD, P.C.
Counsel for Defendant Kane


s/Kevin T. Fitzgerald
ABA No. 8711085
813 West Third Avenue
Anchorage, AK  99501
Fax: (907) 258-8751
E-mail: kevin@impc-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 4-19-06,
a copy of the foregoing Objections
was served electronically on:

Steven E. Skrocki, Assistant U.S. Attorney
James N. Barkeley, Assistant U.S. Attorney
Michael R. Spaan, Esquire
James L. Kee, Esquire
Paul D. Stockler, Esquire
Robert C. Bundy, Esquire
Allen F. Clendaniel, Esquire


s/ Kevin T. Fitzgerald
F:\W\3169-1\Pleadings Kane\Caption.doc

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Objections