## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT F. KANE, a.k.a. Commander Kane, and SECURITY AVIATION, INC.,<br><br>    Defendants. | 3-06-cr-00022-JWS-JDR<br><br>**ORDER ON MOTION TO<br>INTERVENE AND FOR ACCESS<br>TO EXHIBITS**<br><br>(Docket Entries 128 & 129) |

Anchorage Daily News and KTUU-TV (hereinafter "news media") seek to intervene in this case for the purpose of "addressing restrictions on Press and public access to judicial proceedings and records." Docket No. 129. A Declaration of Counsel in support of the news media's motion for access was filed at Docket No. 128, and a memorandum in support of motion the motion to intervene at Docket No. 130. The news media filed a

separate motion requesting access to certain exhibits. Docket No. 128. For reasons stated below, the motion to intervene is granted in part for the limited purpose of raising constitutional claims of access and addressing restrictions on press and public access to exhibits introduced at the preliminary hearing. The motion to intervene otherwise lacks merit.

The court first sets forth the general law applicable. The Fed.R.Crim.P. contain no specific provision that allows intervention of third parties in a criminal proceeding. *See*, In re Application of the New York Times Co., 878 F.2d 67, 68 (2d Cir. 1989). Nonetheless, the First Amendment extends to the press and public a qualified right of access to judicial proceedings. Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980). It is fundamental law that the "public's right of access to court proceedings and documents is well established." Press-Enterprise Co. v. Superior Court, 464 U.S. 501 (1984); Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978).

The news media seeks access to exhibits 1 through 17 to the preliminary hearing held February 7-8, 2006. Although the preliminary hearing was not a closed proceeding, the media did not ask the clerk to provide access to the exhibits while the exhibits were still in possession of the court. Consistent with local rules, the exhibits were returned to the party offering them (the government). *See*, D.Ak.L.R. 39.3. Apparently, the government does not oppose the news media's request for public access to the exhibits, but it declined to make them available prior to the news media's motion out of precaution based

upon the court having advised counsel at an earlier proceeding to follow the rules concerning publicity.  Pursuant to local criminal rule 56.1(b) the parties should refrain from making extra-judicial statements substantially likely to interfere with the fairness of the trial.  The court can understand the government's reluctance to take any action that might arguably be described as creating publicity that prevents the defendants from receiving a fair jury trial.  The local rule regarding release of information in a criminal case should not be read as constituting a gag-order restricting public access to a pending criminal case.  This court has not issued any order restraining attorneys from talking to the press or public.  Once material is admitted into the court record, it ordinarily falls within the scope of press access.  *See, i.e.*, United States v. Ladd, 162 F.3d 503 (7th Cir. 1998); Valley Broadcasting v. U.S. District Court, 798 F.2d 1289 (9th Cir. 1986).

There is no case or controversy regarding the exclusion from proceedings or access to documents present to support continuing intervention by the news media.  No closure order, limitation of public access, or order of exclusion of the public from any hearing, or access to documents has been entered by the court in this case.  No protective order has issued.  There are no documents in the above styled case under seal.

Wherefore, it is hereby ordered:

1. The news media's motion to intervene, docket entry 129, is granted for the limited purpose of allowing the news media to raise constitutional claims of access and

addressing restrictions on public access to exhibits that were introduced at the preliminary hearing.

2. The news media's motion for access to exhibits, docket entry 128, is hereby granted. The government should make available forthwith to the news media for inspection and copying exhibits 1 through 17 of the February 7-8, 2006 preliminary hearing.

3. The news media's motion to intervene, generally, for the purpose of addressing restrictions on press and public access to the judicial proceedings in this criminal action is denied without prejudice as moot.

DATED this 24th day of April, 2006, at Anchorage, Alaska.

    /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge