DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
JAMES BARKELEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
      james.barkeley@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-022-JWS |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **SUPPLEMENTAL** |
| vs. | ) | **BRIEFING REGARDING** |
| | ) | **SEARCH AT 6212** |
| ROBERT F. KANE, | ) | **MAGNAVIEW** |
| a/k/a "COMMANDER KANE," and | ) | |
| SECURITY AVIATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

COMES NOW the United States by and through counsel and files with the

court a supplemental briefing with regard to Defendant Kane's Motion to Suppress

Fruits of Unconstitutional Search of Robert Kane's Private Residence and Vehicle on February 2, 2006.  This briefing is provided to the court pursuant to the court's order from the bench issued during the evidentiary hearing on the motion to suppress held by the court on April 19, 2006.  For the reasons set out below the additional issues raised by Kane with regard to the motion to suppress must be denied.

## I.  INTRODUCTION

Robert Kane filed with the court a motion to suppress evidence seized which exceeded the scope of the search warrants issued by the court based on the affidavit of Special Agent Matt Campe of the Federal Bureau of Investigation.  A review of the defendant's motion on this issue reveals a pattern similar to that of the other motions filed in this case: the painting of an issue with a broad brush dipped solely in the paint of argument and totally lacking in specificity.   While the brief makes a feeble attempt at being specific the court and the government are left to speculate exactly what the items or paragraphs referenced therein refer.  The government examines each argument item by item.

**The Items Seized During the Course of the Search Were Within the Confines of the Search Warrant and Were Authorized to Be Seized**

In determining whether a search exceeds the scope of a search warrant the analysis by the court focuses on an objective assessment of the circumstances surrounding the issuance of the warrant, the contents of the search warrant, and the circumstances of the search. *United States v. Rettig*, 589 F.2d 418, 423 (9th Cir.1978) ("In determining whether or not a search is confined to its lawful scope, it is proper to consider both the purpose disclosed in the application for a warrant's issuance and the manner of its execution."). The subjective state of mind of the officer executing the warrant is not material to the inquiry. *United States v. Ewain*, 88 F.3d 689, 694 (9th Cir.1996)

In this argument, the government briefly deviates to Kane's earlier claims that the warrants lacked probable cause for, in the government's view, the argument's relating to probable cause sufficiency are intermixed with the issue of scope. Scope cannot be determined without reference to probable cause to search.

As to this issue, Kane claims that Special Agent Campe's affidavits lack probable cause that "contraband or evidence of criminal activity" would be found in Kane's residence or his vehicle. (Defendant's Motion at page 12) The motion then provides a recitation of the criminal activity alleged, listing nine (9) violations

3

of federal law, including; Possession of Unregistered Explosive Devices, Conspiracy to Possess same, Unlawful Importation of Firearms, Conspiracy to Import same, Bank Fraud, Conspiracy to Make False Statements to a Financial Institution, False Statements to a Financial Institution, and Wire Fraud.

The motion then states that the allegations can be classified into two distinct fields, 1) evidence of the possession and transportation of unregistered destructive devices, and 2) "financial fraud."

It is at this juncture that the defense motion utterly collapses. It states:

> "However, a review of the supporting affidavit demonstrates that there is little <u>probability</u> that Kane was involved in either possession of an unregistered destructive device or financial fraud, <u>much less</u> evidence of such offenses would be located at his residence or in his automobile.

(Emphasis in original, Defense Motion to Suppress at pgs. 12, 13)

In making each of the arguments below, Kane asks the court to 1) look at the selective paragraphs in isolation, without examining the warrant under the totality of the circumstances as required, and then, after doing that 2) nullifying the warrant because evidence was found at another location or there was, in the defenses mind, some simple explanation that because evidence was found in one

location it could not be found in Kane's home.  Neither of these points make any sense and are completely illogical.  In Kane's view, investigators armed with a warrant should cease searching a residence for evidence authorized to be seized because evidence of their search was located somewhere else, or, that it simply could not be found in the residence being searched.  This argument is untenable.

      Kane's motion then moves toward the scope of the search.  Since Kane's motion failed to list the items complained of by name, merely providing the numbers, the government provides the description below with referencing number below.  For ease of understanding, the government will provide a basis for seizure after the description of each item. (See Exhibit A, Inventory of Items Seized) Items 1-3, 5-11, 13-14, 16-25, and 29-34 refer to Philippine Government Documents Philippine Coast Guard Auxiliary Documents, military badges, receipts, documents of overseas contacts, vehicle registration and businesses .  These items were seized due to the nature of the charges listed in the search warrant.  Kane is listed and described in the warrant in belonging to various United States intelligence Agencies claims being a Navy Seal. In the affidavit, the government could find no record of any military service for Kane.  Moreover, it is a violation of federal law for Kane to serve in the forces of another foreign country.  The items seized were in plain view and could provide evidence of that crime.

Additionally, the charges in the search warrant listed a violation for wire fraud, and false statements to a financial institution and detailed to a large degree that the government suspected that Kane and Avery were involved in defrauding a large offshore trust in the hundreds of millions of dollars.  Any evidence seized throughout the course of the search concerning banks, banking, foreign contacts, actions by Kane overseers, as well as any medal, decoration, award, allegiance or otherwise was directly related the fraud and weapons charges listed in the search warrant. Moreover, any evidence of items purchased, business contacts, oversears identification and other overseas evidence all fall within the parameters of the search warrant inasmuch as the charges listed therein as they referenced offshore fraud (again, possibly in the hundreds of millions of dollars), offshore banks, unknown bank accounts and an unknown method and manner and means of the fraud.  As to the terrorism related documents (34) these items were clearly seized due to the nature of the explosive charges.

     The next items are letters related to the FBI (33) , items 37-43, (wire transferes to the Philippines and miscellaneous government law enforcement patches, shirts, raid jackets and a Philippine Coast Guard Auxillary hat), and Items 56 (wallet and credit cards, and FBI coin, and miscellanous "top secret" paperwork and documents) These items were lawfully seized because Kane claimed an

association with the FBI which could have, whether true or not, provided a basis for his fraudulent activities and the use of these items in a scheme to defraud. Clearly, given the warrants explanation of Kane's activities, his lack of any military record and the fact that he claimed FBI association and that he was acting under their auspices, the seizure was legal, appropriate and within the confines of the warrant.  The warrant alleged facts that Kane was acting as a government agent, made claims of being an informant, and in fact was involved in "black ops." . (See Magnaview Search Warrant, paragraphs 12-19, among others)  The seizure of this evidence, and all that complained of by the defendant is totally proper and could constitute evidence of violations of 18 U.S.C. § 716, *et. seq.*, Public Employee Insignia and Uniforms, and 18 U.S.C. § 712, Misuse of Names, Words, Emblems or Insignia., 18 U.S.C. § 703, Wearing of Uniform of Friendly Nation, and 18 U.S.C. § 704, criminalizing the unlawful wearing, manufacturing or selling of any military medal or decoration, and 18 U.S.C. § 701, criminalizing the unlawful manufacture, use or sale of Official Badges, Identification Cards or other Insignia. Indeed, one of the items complained is a Greek passport for Mrs. Kane. At the time of the search agents knew Mrs. Kane was not Greek, but Philippino. Accordingly, this document, along with the others were seized under plain view.

    The next item concerns the seizure of a pistol and ammunition.  Items 45 and

47, a .40 caliber pistol and ammunition were seized due to the fact that it had a threaded barrel. That fact was brought out during the government's detention hearing. A threaded barrel, highly irregular, is designed to receive just one thing, a silencer. While no silencer was found during the course of the search which fit this particular weapon, the item was seized during the course of the search in plain view due to the apparent and real issue that it was fitted for receiving a silencer.

Kane makes a generalized and summary argument with regard to the items seized during the search of his vehicle. He claims that a "fugitive agent recovery badge, a license holder with an international driver's license in his name and various receipts regarding firearms purchases all exceeded the warrants scope.

Again, this argument fails. Any record related to Kane's foreign travel, habitation, belonging to an organization did not have to be limited to the Bahamas. Clearly, evidence of foreign association, given the nature of the charges, and the facts of the affidavit provided probable cause and justification for their seizure. As to the firearms receipts, these receipts were for the purchase of new weapons and could provide evidence of proceeds of the fraud, as well as provide evidence with regard to Kane's experience with firearms which could provide evidence as to the explosive violations filed against him.

The items seized above had specific application to the violations of law and

and were evidence of the violations listed in the warrant. As to all of these items, it is clear that a "reasonable officer [would] have interpreted the warrant[s] to permit the search[es] at issue". *United States v. Gorman*, 104 F.3d 272, 274 (9th Cir.19946)  Even if the court improbably finds that the agents exceeded the scope of the warrant the volume of identity cards, bank information, finance information and other "intelligence" related information were justifiably seized in plain view as evidence of fraud, improper use of government material, and other violations of federal law and thus were appropriately seized under the plain-view doctrine. *See, Horton v. California*, 496 U.S. 128, 110 S.Ct. 2301 (1990)

### Conclusion

The defense motion was nothing more than an attempt to shotgun a motion to suppress without providing the court or the government any explicit detail as to why probable cause was lacking or why specific items should not be seized. Instead, it attempted to "identify" a "variety of issues" which it was hoped would somehow operate to suppress the entire search of the Kane household. As shown above, all of the items complained of by the defense were seized under the scope of the warrant and were amply supported by the probable cause set forth in the warrant.

For these reasons, the defense motion to suppress must be denied.

RESPECTFULLY SUBMITTED this 26th day of April, 2006 at Anchorage, Alaska

DEBORAH M. SMITH
United States Attorney

s/ Steven. E. Skrocki
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: steven.skrocki@usdoj.gov

s/ James Barkeley
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: james.barkeley@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2006 a copy of the foregoing was served electronically on Robert Bundy, Allen Clendaniel, Kevin Fitzgerald, James Kee, & Paul Stockler.

s/ Steven E. Skrocki