UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br>vs.<br><br>ROBERT F. KANE, a.k.a.<br>Commander Kane, and SECURITY<br>AVIATION, INC.,<br><br>            Defendants. | 3-06-cr-00022-JWS-JDR<br><br>**FINAL RECOMMENDATION<br>REGARDING<br>DEFENDANT KANE'S MOTION<br>TO DISMISS INDICTMENT**<br><br>(Docket Entry 59) |

Defendant Robert Kane has timely filed objections to the recommendation addressing his motion to dismiss indictment, docket entries 59 and 110. *See*, objections at docket entry 137. The government filed a response, docket entry 153. Upon due consideration of the objections, the magistrate judge declines to modify the recommendation.

The objections maintain the argument that the indictment fails to plead the requisite *mens rea* element in the four counts in which Kane is charged.[1]

Kane maintains that the indictment should specifically allege that he knew that the rocket pod launchers had the characteristics which bring them within the statutory definition of a destructive device.  Neither 26 U.S.C. §5861(d) nor 18 U.S.C. §922(a)(4) contain the language suggested by Kane.  The objections cite Staples v. United States, 511 U.S. 600 (1994); and United States v. Gergen, 172 F.3d 719 (9th Cir. 1999).  Staples, discussed in the recommendation, held that the government should have been required to prove beyond a reasonable doubt that the defendant knew the weapon he possessed had the characteristics that brought it within the statutory definition of a machine gun before he could be convicted of violating §5861(d).  The court held that the *mens rea* requirement of §5861(d) was a question of law to be determined by the court.  The problem in Staples was that the district judge had rejected a proposed jury instruction under which the government would have been required to prove beyond a reasonable doubt that Staples knew that the gun would fire fully automatically, and the court of appeals had affirmed concluding that the government need not prove defendant's knowledge of a weapon's physical properties to obtain a conviction under §5861(d).  The case

---

[1] The first superseding indictment filed April 18, 2006, does not change the language of the four counts alleged against Robert Kane at issue in this motion to dismiss.  The new indictment adds language not here relevant to Count 3 only.  The motion to dismiss is deemed to carry over to the first superseding indictment.

addressed the proof required by the government, not the sufficiency of the indictment which omitted the language at issue.

In <u>Gergen</u> the defendant was convicted of possessing a sawed-off shotgun. The court of appeals held that the government was required to prove that the defendant knew of the particular characteristics of his weapon that made it "a firearm" as defined by the statute. Citing <u>Staples v. United States</u>, *supra*, the Ninth Circuit in <u>Gergen</u> held that in order to obtain a conviction of possessing a sawed-off shotgun in violation of 26 U.S.C. §5861(d), the government must prove that the defendant knew of the characteristics of his weapon that make it a "firearm" as that term is defined in the National Firearms Act. <u>Gergen</u> does not require the indictment to plead the *mens rea* element with the specificity argued by defendant Kane. Accordingly, the motion to dismiss should be denied. This matter is now referred to the assigned district judge for his determination.

DATED this 1st day of May, 2006, at Anchorage, Alaska.

   /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge