Kevin T. Fitzgerald, Esquire
ABA No. 8711085
Ingaldson, Maassen &
Fitzgerald, P.C.
813 West Third Avenue
Anchorage, Alaska 99501
(907) 258-8750
(907) 258-8751/Facsimile
E-mail: kevin@impc-law.com

Counsel for Defendant Kane

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 3:06-cr-00022-01 JWS |
| Plaintiff, ) | |
| ) | |
| v. ) | **KANE'S SUPPLEMENTAL** |
| ) | **BRIEFING REGARDING** |
| ROBERT F. KANE, and ) | **SEARCH AT MAGNAVIEW** |
| SECURITY AVIATION, INC., ) | |
| ) | |
| Defendants. ) | |

Comes now Robert F. Kane, by and through counsel, and files with the court his supplemental briefing regarding his Motion to Suppress Fruits of Unconstitutional Search of Robert Kane's Private Residence and Vehicle on February 2, 2006. This briefing is provided to the court pursuant to the court's order from the bench issued during the evidentiary hearing on the motion to suppress held by the court on April 19, 2006. For the reasons set out below, Kane's motion should be granted.

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Briefing

A.  <u>The Warrant For The Residence Constituted An Unconstitutional General Warrant.</u>

The Constitution limits lawful search warrants to those "particularly describing the place to be searched and the person or things to be seized." United States Constitution, Amend IV. General warrants are unconstitutional. To determine whether a warrant lacks sufficient specificity, the court must examine both a warrant's particularity and its breadth. See <u>In re Grand Jury Subpoenas</u>, 926 F.2d 847, 857 (9th Cir. 1991).

Probable cause must exist to seize all the items of a particular type described in the warrant. <u>United States v. Spilotro</u>, 800 F.2d 959, 963 (9th Cir. 1986). This requirement prevents a "general, exploratory rummaging in a person's belongings." <u>Andresen v. Maryland</u>, 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627 (1976) (quoting <u>Coolidge v. New Hampshire</u>, 403 U.S. 443, 467, 91 S.Ct. 20, 22, 23, 38, 29 L.Ed.2d 564 (1971)).

As noted in Kane's initial motion, the specific criminal activity suspected in the warrant can be classified into two distinct fields: 1) evidence of the possession and transportation of unregistered destructive devices, and 2) financial lending, banking or wire fraud.

INGALDSON, MAASSEN & FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Briefing

See first page of ATTACHMENT B of the warrant alleging criminal activity related to nine offenses. A careful review of the remainder of ATTACHMENT B, however, reveals that paragraphs 4 through 9 have nothing to do with the aforementioned specified offenses purportedly being investigated and which serve to justify the search/seizure. For instance, paragraph 4 provides for the seizure of:

> All records, documents, and materials which are relevant to any and all <u>contracts</u> with the United States and other government agencies (whether state, local, or foreign), including but not limited to any and all ledgers, books, journals, financial records, bank records, checks, receipts, reimbursement requests and deposit items, and other financial documents relating to accounts receivable, for monies paid, in whatever form, whether directly or indirectly to Security Aviation, Inc., Regional Protective Services, LLC., Regional Property Services, LLC, from government contracts, including subcontractor contracts, with any agency or body of the United States, State of Alaska, the Municipality of Anchorage or any other municipality, including but not limited to:
>
> a. United States Department of Defense;
>
> b. United States Department;
>
> c. United States Navy;
>
> d. United States Army;
>
> e. United States Marine Corps;
>
> f. United States Coast Guard;

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Briefing

    g. United States Department of Homeland Security;

    h. Central Intelligence Agency;

    i. National Security Agency;

    j. Department of Energy;

    k. Alaska State Troopers;

    l. Anchorage Police Department;

    m. Federal Bureau of Investigation;

Records of any such governmental contracts simply has nothing to do with the offenses alleged in ATTACHMENT B. Nor does an examination of the scope of the affidavit cure the unconstitutional nature of this general warrant. Instead, the affidavit itself makes clear that the specific offenses being investigated and for which search/seizure authorization is sought, are confined to crimes relating to alleged destructive devices (i.e., paragraph 91), or financial fraud related to either a $500,000.00 line of credit (paragraph 92), or wire fraud or bank fraud associated with the May and Stanley Smith Charitable Trust (paragraphs 90, 93 and 95).[1]

---

[1] These paragraphs are listed in the section of the affidavit entitled "Probable Cause Regarding Location of Evidence and that Crimes Have Occurred."

INGALDSON, MAASSEN & FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Briefing

Courts have repeatedly invalidated warrants authorizing a search which exceeded the scope of the probable cause shown in the affidavit. See, e.g., Center Art Galleries-Hawaii, Inc. v. United States, 875 F.2d 747 (9th Cir. 1989) (invalidating warrant to seize all records of art gallery suspected of fraud in regard to one artist's work); United States v. Washington, 797 F.2d 1461, 1472 (9th Cir. 1986), ("where a business is searched for records, specificity is required to ensure that only the records which evidence crime will be seized and other papers will remain private"); United States v. Leary, 846 F.3d 592, 601-02 (10th Cir. 1988) (warrant limited only by reference to particular federal statute was overbroad). See also United States v. Kow, 58 F.3d 423 (9th Cir. 1995) (search warrant was unconstitutionally overbroad because it did not describe with sufficient particularity the items to be seized, and was therefore an invalid "general warrant." The warrant authorized the search/seizure of essentially all of the corporation's business and financial records, and computer hardware and software, but did not: limit which items within each category could be seized, specify suspected criminal conduct to which items allegedly related, suggest how such items related to criminal

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Briefing

conduct, specify timeframe within which criminal conduct allegedly occurred, or notify officers of locations and descriptions of seizable items).

According to the government's interpretation here, the warrant of Kane's residence could be used to justify the search and seizure of essentially all of Kane's business, financial and personal records, and computer hardware and software, without limit to which items within each category could be seized, without specifying suspected criminal conduct to which items allegedly related, without suggesting how such items related to criminal conduct, and without specifying timeframe within which criminal conduct allegedly occurred.[2]  Hence, there were no genuine limitations in the scope of the search executed by the officers.  In some respects, the proof is in the pudding. A review of the return reveals that what occurred was an indiscriminate and general exploratory rummaging of Kane's belongings.  For instance, some of the <u>non-documentary items</u> seized included law enforcement agency t-shirts, the kind that can be purchased in many retail stores across the country.  See return, item no. 39, Exhibit A.  Of course,

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

---

[2]     There is a single temporal limitation contained in paragraph 8 of ATTACHMENT B related to Kane's employment records.

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Briefing

Page 6 of 14

this highlights another problem with this general warrant, its execution.

      B.    <u>The Warrant Was Improperly Executed</u>.

As noted in Kane's initial motion, there are significant constitutional issues concerning the execution of the warrant for both the residence and the vehicle,[3] even given their unconstitutional scope.

It is axiomatic that government agents are not permitted to search/seize items not specifically authorized by the warrant unless the items fall within a carefully well recognized exception to the warrant requirement. <u>Coolidge v. N.H.</u>, 403 U.S. 443, 474, 91 S.Ct. 2022, 2042, 29 L.Ed.2d 564 (1971). Here, the magistrate judge authorized a search of the residence to take place after 8:23 p.m. on February 2, but only between the hours of 6:00 a.m. and 10:00 p.m. In fact, as noted by Kane in his initial motion, the language of the warrant strongly

---

[3] The government has provided no legitimate justification for the now disclosed illegal search of the Tahoe, Alaska license ESS580, conducted on February 2, 2006. During argument the government suggested for the first time that the opening up of the rear of the vehicle and removal of items, even if temporary, from the vehicle did not constitute a search. However, the government has provided no authority for such a novel proposition. What is more, such an interpretation would eviscerate the constitutional protections afforded by the Fourth Amendment. The items seized from the vehicle must be suppressed.

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Briefing

suggests that no search would occur until February 3, 2006. Even so, a review of the search warrant return for the residence, dated February 2, reveals a large number of items which fall outside the items authorized to be seized under the warrant. Kane stands by his position that items 1 - 3, 5 - 11, 13 - 14, 16 - 25, 29 - 34, 37 - 43, 45, 47, 56 and 58 are all outside the scope of items authorized to be seized pursuant to the warrant. Exhibit A.

In the government's supplemental briefing it lamely attempts to justify the seizure of these items on one of two grounds: 1) its blind insistence that the items are authorized under the warrant; or, 2) that the items were seized pursuant to the plain view exception to the warrant requirement. Neither of these claims have merit.

First, the government attempts to argue that numerous items were seized consistent with the warrant. For instance, the government suggests that item nos. 1 - 3, 5 - 11, 13 - 14, 16 - 25, and 29 - 34, 37 - 43, and 56 are all items seized "due to the nature of the charges listed in the search warrant." See government's briefing, pp. 5-6. These items include Philippine government documents, military badges, personal letters, packing slips, paper notes, vehicle registrations, address books, telephone

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Briefing

Page 8 of 14

numbers, clothing, and associated paperwork. However, the law requires there to be a nexus between the warrant and items seized. Spilotro, 800 F.2d at 964-65. A review of ATTACHMENT B and the specific offenses alleged, as compared to the items seized, demonstrates that there is simply no demonstrable nexus, despite the government's protestations to the contrary. Nor, despite the fact that it was the government's burden to do so, did the government produce any evidence at the hearing demonstrating that any nexus existed. Instead, in order to justify seizure of the aforementioned items, the government clings to a theory which lacks both legal and factual support.

Appreciating that it cannot demonstrate a sufficient nexus between the items seized and the basis for seizure in ATTACHMENT B, the prosecution suggests that agents executing the warrant could rely on any of the nearly 100 paragraphs of the more than 50 page affidavit to justify seizure. While such a theory may apply in some instances, it does not here. As noted previously, much of the information/allegations in the affidavit simply do not relate to either Kane or to the alleged crimes listed in ATTACHMENT B. More importantly, the legal authority justifying the seizure of items from Kane's residence is

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Briefing

found specifically in ATTACHMENT B and must be, as a matter of law, related to one of the nine alleged offenses for which the warrant was issued.[4]

Further, the government's theory justifying the seizure of items based upon an executing agent's reliance on some undefined paragraph of Campe's affidavit, suffers from a factual impossibility. There was no evidence elicited by the government at the evidentiary hearing which served to show that any of the agents executing the warrant relied on Campe's affidavit to justify the seizure of a single item.[5] Moreover, an examination of the timing of the issuance of the warrant reveals that reliance on the affidavit as a matter of fact would have been near impossible. The warrant was not issued until 8:23 p.m., and only permitted a search/seizure to continue until 10:00 p.m. There was no evidence that the affidavit was faxed or otherwise transmitted in any form to any of the agents executing the warrant. Given the fact that the affidavit and warrant exceed 50 pages in length, it is extremely

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

---

[4] Again, Kane argues that ATTACHMENT B constituted a general warrant.

[5] According to Agent John Eckstein, there were no limitations on seizing any items.

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Briefing

unlikely that even had the affidavit been transmitted, an agent could have read the affidavit in time to conduct any search/seizure. Neither was the affidavit incorporated by reference as required in the warrant. Consequently, the affidavit cannot either as a matter of fact or law cure the defects in the warrant itself or <u>enlarge the scope of the warrant</u>. See United States v. Hillyard, 677 F.2d 1336, 1340 (9th Cir. 1982).

    C.    <u>The Items Were Not Seized Pursuant To The Plain View Doctrine</u>.

In its supplemental briefing the government, apparently realizing that there are significant issues with both the warrant and its execution, argues, belatedly, that the items seized can be justified by relying on the plain view exception to the warrant requirement. However, the government's reliance on the plain view doctrine is both legally and factually without merit.

It is the government's heavy burden to demonstrate an exception to the warrant requirement applies, a burden made all that more difficult given the possessory interests individuals have in their homes. <u>Maryland v. Macon</u>, 472 U.S. 463, 469, 105 S.Ct. 2778, 2782, 86 L.Ed.2d 370 (1985); <u>Coolidge</u>, 403 U.S. at 474, 291 S.Ct. 2022, 2037-8. While it is true that agents who are

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Briefing

lawfully searching in a place for one thing may seize other items in "plain view," they can only do so if the incriminating nature of the items seized are "immediately apparent." <u>Horton v. California</u>, 496 U.S. 128, 136, 110 S.Ct. 2301, 2307-08, 110 L.Ed.2d 112 (1990).

A review of the items objected to by Kane in the instant motion reveals that for none of the items is the "incriminating nature of the item immediately apparent." Indeed, in its supplemental briefing the government does not even attempt to justify the seizure of many of the objected to items on the basis of plain view. Moreover, at the evidentiary hearing the government failed to elicit any evidence whatsoever that <u>any</u> of the items listed by Kane were seized because the seizing officer believed that the incriminating nature of the item was immediately apparent. Without such evidence, the seizure of none of the items can be justified. Further, an examination of the return itself does not lend itself to the claim asserted now by the government. For instance, as but one example, it is difficult to discern the incriminating nature of commonly owned t-shirts with law enforcement insignia, despite the government's unconvincing argument to the contrary. The plain view doctrine may not be used to extend a general

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Briefing

exploratory search from one object to another until something incriminating at last emerges. Coolidge, 403 U.S. 443, 465-66, 91 S.Ct. 2022, 2037-8.

## CONCLUSION

All of the items seized at Robert Kane's private residence[6] must be suppressed. Under the circumstances, the warrant which issued was a general warrant. Alternatively, the execution of the warrant was constitutionally infirm, requiring that many of the items seized by the government be immediately returned.

Dated at Anchorage, Alaska May 1, 2006.

INGALDSON, MAASSEN &
FITZGERALD, P.C.
Counsel for Defendant Kane


s/Kevin T. Fitzgerald
ABA No. 8711085
813 West Third Avenue
Anchorage, AK  99501
Fax: (907) 258-8751
E-mail:
kevin@impc-law.com

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

---

[6] And vehicle.

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Briefing

**CERTIFICATE OF SERVICE**

I hereby certify that on 5/1/06,
a copy of the foregoing Supplemental
Briefing was served electronically on:

Steven E. Skrocki, Assistant U.S. Attorney
James N. Barkeley, Assistant U.S. Attorney
Michael R. Spaan, Esquire
James L. Kee, Esquire
Paul D. Stockler, Esquire
Robert C. Bundy, Esquire
Allen F. Clendaniel, Esquire


s/ Kevin T. Fitzgerald
F:\W\3169-1\Pleadings Kane\Kane's Supplemental Briefing Regarding
Search At Magnaview.doc

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Briefing