DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
JAMES BARKELEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
       james.barkeley@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-022-JWS |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S REPLY** |
| | ) | **TO KANE'S** |
| vs. | ) | **SUPPLEMENTAL** |
| | ) | **BRIEFING REGARDING** |
| ROBERT F. KANE, | ) | **SEARCH AT 6212** |
| a/k/a "COMMANDER KANE," and | ) | **MAGNAVIEW** |
| SECURITY AVIATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

COMES NOW the United States by and through counsel and files with the

court a reply to the defendant's supplemental briefing with regard to the search of

Kane's residence. In light of the fact that Kane's motion continues to ignore the scope of the search warrant and is nothing more than a repeat of legal argument filed, the motion in its entirety should be denied.

## I.   INTRODUCTION

Robert Kane's opposition is long on hyperbole and short on substance. He provides the court with no new arguments instead opting to simply re-insert arguments previously made. Where arguably new theories are presented they are dispatched easily by reference to the search warrant. Each argument will be briefly discussed.

### A.   The General Warrant Argument

Kane now argues to the court that warrant was a general warrant and thus mandates suppression. As a basis for this argument, he states that the "records of government contracts have nothing to do with offenses alleged in Attachment B."

With regard to this statement Kane ignores paragraph 3, page 1 of the affidavit of Special Agent Campe wherein he alleges probable cause for the existence of evidence relating to Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 371, Bank Fraud, in violation of 18 U.S.C. § 1344(1) and (2), False Statements to a Financial Institution, in violation of 18 U.S.C. § 1014. These specific violations were supported by facts, now well known to this court, detailed

at pages 30 through 32, ¶¶ 55 through 63 wherein it is stated in some detail the existence of false statements in loan documents related to over a hundred million dollars in "government" contracts via "DOD", the Department of Defense, (¶58) or as stated in ¶60 a "150mm (million) in new government contracts for Medevac and Training." Accordingly, the search warrant listed a multitude of government agencies for the existence, or lack thereof, of government contracts since, as the affidavit states, no government contracts for Security Aviation or the associated companies were located. Put simply, the defense reading of the affidavit is too narrow and it fails to establish how the search for records which would establish the lack of government contracts in the amount indicated are outside the scope of the warrant.

      **B.**    **The Warrant Was Improperly Executed**

Under this argument the defendant again makes the same claim that the government seized items outside the scope of the warrant. The government relies on the arguments made in the prior pleading with respect to why items were seized and on what legal basis. As for the defense, the motion once again stoops to pedestrian hyperbole without attempting to contradict the very specific reasons articulated by the government as a basis for seizure. The government will not re-argue the matter here and stands on the arguments previously made.

Additionally, the defense claims a lack of evidence at the evidentiary hearing with regard to why items were seized or not. On this issue, as the court will recall, the defense put into issue for the hearing only the issue of consent. The government relied on claim and, in light of the arguments *post-hearing*, claimed an issue with the scope of the warrant. Irrespective of that, the court can make a plain, common sense determination under the totality of the circumstances surrounding the issuance of the warrant, the contents of the search warrant, and the circumstances of the search. *United States v. Rettig*, 589 F.2d 418, 423 (9th Cir.1978) ("In determining whether or not a search is confined to its lawful scope, it is proper to consider both the purpose disclosed in the application for a warrant's issuance and the manner of its execution."). The subjective state of mind of the officer executing the warrant is not material to the inquiry. *United States v. Ewain*, 88 F.3d 689, 694 (9th Cir.1996) Accordingly, under the authorities cited above a hearing on this issue is not necessary nor is it warranted as the government provided the court a detailed and concise argument, supported by facts and evidence in the warrant which justified what items were taken and why. The defense brief ignores the government's arguments, instead taking a broad brush approach, as it must, for the government's arguments provides compelling, supported and proper explanation for the items seized and the basis for seizure

without the need for an evidentiary hearing.

Finally, on this point, Kane complains that the warrant authorized the search and seizure of virtually all of Kane's personal records, computes, hardware and other documentation without limit. Again the defense resorts to hyperbole. On the one hand the motion claims that all of Kane's property could be seized, but, factually, on the other hand, a total of 61 documents, computers, pieces of identification, clothing and other items listed in the inventory were seized. All of the items seized and complained of by the defendant have been explained by the government as to the basis for seizure and under what legal theory. This is hardly wholesale rummaging and removal of the type complained of by the defendant.

### C.   The Time For the Search

Another argument made by the defendant, without any authority in support of a motion to suppress, is that the warrant was served improperly. Additionally, it attempts to bootstrap the time of execution argument as providing a basis to suppress. It speculates that while the warrant provided execution up to 10:00 p.m. that it was not served properly. This argument is totally specious as Special Agent Campe delivered the warrant to the Kane residence shortly after its execution by the Magistrate Judge. Inasmuch as the agents were already present and on site, and that both Robert Kane and Mrs. Kane had consented to the search there was no

issue in issuing the warrant toward the latter part of the applicable time frame and serving it while agent's were still on the scene pursuant to the consent search.

### D. Remaining Arguments

As to the remaining arguments the government relies on its prior pleading as well as the points and authorities found therein.

## II. CONCLUSION

The defense motion provides the court was nothing new with regard to this issue. Of most critical import are the claims that the government somehow neglected to introduce evidence of this claim at the suppression hearing. It is the government's recollection that the hearing was limited, either by the defense or the court or by all parties agreement to issues of the consent search and evidence seized thereon. Even if that were not the case the government's briefing and

//

//

//

//

points and authorities therein establish that there is no basis to the defense motion to suppress.

For these reasons, the defense motion to suppress must be denied.

RESPECTFULLY SUBMITTED this 3rd day of May, 2006 at Anchorage, Alaska

> DEBORAH M. SMITH
> United States Attorney
>
> s/ Steven. E. Skrocki
> Assistant U.S. Attorney
> 222 West 7th Ave., #9, Rm. 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-5071
> Fax: (907) 271-1500
> E-mail: steven.skrocki@usdoj.gov
>
> s/ James Barkeley
> Assistant U.S. Attorney
> 222 West 7th Ave., #9, Rm. 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-5071
> Fax: (907) 271-1500
> E-mail: james.barkeley@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2006
a copy of the foregoing was served
electronically on Robert Bundy,
Allen Clendaniel, Kevin Fitzgerald,
James Kee, & Paul Stockler.

s/ Steven E. Skrocki