Paul D. Stockler
ABA No. 8606032
Law Office of Paul D. Stockler
1309 West 16th Avenue
Anchorage, Alaska  99501
(907) 277-8564
(907) 272-4877/Facsimile
E-mail:  paulstockler@aol.com

Counsel for Defendant Kane

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | NO.: 3:06-cr-00022-01  JWS |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **DEFENDANT ROBERT F. KANE'S** |
| ) | **MOTION IN LIMINE TO PRECLUDE** |
| **ROBERT F. KANE, and** ) | **THE TESTIMONY OF GOVERNMENT** |
| **SECURITY AVIATION, INC.,** ) | **WITNESS GARY SCHAIBLE** |
| ) | |
| **Defendants.** ) | |

COMES NOW, the Defendant, ROBERT F. KANE, by and through his attorney of record, Paul D. Stockler, and moves this court for an order in limine prohibiting a government proposed witness, Gary Schaible, an inspector with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATF"), from testifying at trial.

**I.   INTRODUCTION**

The defendant, Robert F. Kane, remains charged with three Counts alleging possession, conspiracy to possess and unlawful transportation of a "destructive device."

Count 1 of the indictment charges Kane with "Conspiracy to Receive and Possess an Unregistered Destructive Device" in violation of 18 U.S.C. § 371 and 18 U.S.C. § 2. This Count alleges Kane conspired with various unnamed individuals to receive and possess four (4) 57 mm UB-16-57U "rocket pod launchers" without registering same in the National Firearms Registration and Transfer Record.

Count 2 charges Kane with "Possession of Unregistered Destructive Devices" in violation of 26 U.S.C. § 5861(d). This Count alleges Kane and Security Aviation, Inc. knowingly received and possessed two "rocket pod launchers" which had not been registered to Kane and Security Aviation in the National Firearms Registration and Transfer Record.

Count 3 charged Kane with "Attempted Possession of Unregistered Destructive Devices" in violation of 26 U.S.C. § 5861(d). This Count has been dismissed.

Count 4 charges Kane with "Unlawful Transportation of Destructive Devices" in violation of 18 U.S.C. § 922(a)(4) and 18 U.S.C. § 924(a)(1)(B).

Kane has entered pleas of "not guilty" to these remaining Counts.

The "destructive devices" referenced in each of the Counts of the indictment are identified as 57 mm UB-16-57U "rocket pod launchers." There is no dispute and it is admitted that the

rocket pod launchers were not registered with the BATF. There is no need to call a records custodian to testify that the rocket pod launchers were not registered with BATF. It is also admitted that these rocket pod launchers have not been registered since 1991 when they were imported into the United States by Dave Cannavo and were never registered by Allen Smith when he purchased them from Cannavo in 1995 or 1996. They were also never registered by Smith during the time he owned them or during the two years he advertised them for sale on E-Bay prior to Security Aviation's purchase of them in October, 2005.

One of the main defenses to these charges is that these "rocket pod launchers" are not destructive devices. Under the statutory definitions of "destructive device," the launchers must be actually and presently capable of expelling or firing a projectile or be readily convertible to such use.

**II. ARGUMENT**

On May 2, 2006, the government served another disclosure, attempting to add Gary Schaible (BATF) as a witness through the means of providing a National Firearms Registration and Transfer Records Search Certificate prepared by Mr. Schaible attached as Exhibit A. This strategy, they hope, will allow Mr. Schaible to be called as a "lay" witness at trial.

Mr. Schaible's disclosure to the defense is untimely under the pretrial scheduling order and improper. The National

**Law Office of Paul D. Stockler**
1309 W. 16th Avenue
Anchorage, Alaska 99501
(907) 277-8564 fax (907) 272-4877

Firearms Registration and Transfer Certificate prepared by Mr. Schaible is the product of his search for information regarding the registration of 57 mm UB-16-57U rocket pods. The conclusion reached by Mr. Schaible was that the rocket pods in question were not registered. This is not a point of contention between the parties. The defendants readily admit that the rocket pods were not registered. The crux of the matter at hand is not whether the rocket pods were registered, but rather whether or not the rocket pods are destructive devices under 26 U.S.C. 5845 and whether the government can prove the requisite "mens rea." Mr. Schaible has not examined the rocket pods in question and probably has no expert qualifications to do so. He also can cite to no BATF section requiring rocket pod launchers to be registered yet he intentionally refers to the rocket pods themselves as "destructive devices." This is an area for expert testimony and Mr. Schaible's conclusory lay opinions are not admissible.

To flush out whether the defense concerns were real, counsel for Robert Kane sent a letter to the government, attached as Exhibit B, to attempt a resolution of this matter. Apparently the concerns were justified, because the government's response is contained in Exhibit C.

The government admits it seeks to admit testimony from Mr. Schaible that the rocket pods were required to be registered

**Law Office of Paul D. Stockler**
1309 W. 16th Avenue
Anchorage, Alaska 99501
(907) 277-8564 fax (907) 272-4877

with the BATF. That is expert testimony at the heart of this legal dispute which is nothing more than a back door attempt for Schaible to testify the rocket pods are destructive devices under the statutory definitions of "destructive device," and they were actually and presently capable of expelling or firing a projectile or readily convertible to such use. Mr. Schaible is not qualified to give this opinion and his lay opinion testimony does not satisfy the requirements of Rule 701 of the Federal Rules of Evidence. His testimony is also more prejudicial than probative under Evidence Rule 403.

In addition, any testimony that other pods have been registered is hearsay under Evidence Rule 801. No other records have been produced to cross examine the witness on nor are there any other rocket pod launchers to examine to see if those rocket pod launchers met the requirements of a destructive device requiring registration. The government's attempts are also disingenuous since it knows these rocket pod launchers have not been registered since 1991 when they were imported into the United States by Dave Cannavo and were never registered by Allen Smith when he purchased them from Cannavo in 1995 or 1996. To make matters worse the government knows Allen Smith had two other rocket pod launchers which were not registered and the government has not charged him with a crime. On top of this, the importer had at least twelve other rocket pod launchers

Law Office of Paul D. Stockler
1309 W. 16th Avenue
Anchorage, Alaska 99501
(907) 277-8564 fax (907) 272-4877

which were not registered and he has not been charged with a crime either. If Mr. Schaible is allowed to testify as proposed by the government than the defense must be allowed to put on evidence of all the rocket pod launchers in the United States which other individuals did not believe required registration and in fact did not register.[1]

### III. CONCLUSION

The government is well aware that the defendants are admitting the rocket pods seized from the Palmer were not registered with BATF.

For the reasons stated above, Gary Schaible should be prohibited from offering testimony at trial.

DATED this 5th day of May, 2006 at Anchorage, Alaska.

                LAW OFFICE OF PAUL D. STOCKLER
                Counsel for Defendant Kane

                By: s/ Paul D. Stockler
                    1309 W. 16th Avenue
                    Anchorage, Alaska  99501
                    Phone: (907) 277-8564
                    Fax: (907) 272-4877
                    E-mail: paulstockler@aol.com
                    Alaska Bar No.: 8606032

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day
of May, 2006, a true and correct
copy of the foregoing document was
served electronically on the following:

Steven E. Skrocki, Assistant U.S. Attorney

---

[1] Defendant Robert F. Kane hereby incorporates by reference the memorandum of authority which Defendant Security Aviation, Inc. will be filing regarding the same witness.

Law Office of Paul D. Stockler
1309 W. 16th Avenue
Anchorage, Alaska 99501
(907) 277-8564 fax (907) 272-4877

1  James N. Barkeley, Assistant U.S. Attorney
   Michael R. Spaan
   James L. Kee
2  Kevin T. Fitzgerald
   Robert C. Bundy
3  Allen F. Clendaniel

4  s/ Paul D. Stockler

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Law Office of Paul D. Stockler**
1309 W. 16th Avenue
Anchorage, Alaska 99501
(907) 277-8564 fax (907) 272-4877

USA v. Kane, et al.                                                       3:06-cr-00022-01  JWS
Motion in Limine to Preclude the Testimony of Gary Schaible               Page 7 of 7