

**U.S. Department of Justice**

*United States Attorney*
*District of Alaska*

Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567

Commercial: (907) 271-5071
Fax Number: (907) 271-3224

May 4, 2006

Kevin T. Fitzgerald, Esq.
813 W. 3rd Avenue
Anchorage, AK 99501-2001
Fax: (907) 258-8751

**SENT VIA FACSIMILE**

Paul Stockler, Esq.
1309 W. 16th Ave
Anchorage, AK 99501
Fax: (907) 272-4877

Robert C. Bundy
Allen Clendaniel
Dorsey & Whitney, LLP
1031 West 4th Avenue, Suite 600
Anchorage, Alaska 99501
Fax: (907) 276-4152

    Re: <u>**U.S. v. Kane & Security Aviation**</u>
        3:06-cr-022-JWS

Gentlemen,

With regard to your letters of, respectively, May 2 and 3, 2006, we appreciate your willingness to not contest that the rocket pods seized from Security Aviation's Palmer hangar were not registered as destructive devices with the Bureau of Alcohol, Tobacco, and Firearms. (BATF) Irrespective of that, we do intend to call Mr. Schaible to testify with regard to the National Firearms Act and National Firearms Registration and Transfer Record database in order to provide necessary and relevant information and context for the jury concerning the maintenance of such data with regard to firearms and destructive devices by the BATF. Accordingly, you should expect him as a witness.

We also, advise, again, of our intention of Charlie Watson as a witness in our case in chief. The concerns about Mr. Schaible offering expert testimony about the pods in question are unfounded. That area of testimony falls upon Messrs. Watson and Griffith. Mr. Schaible will not be testifying about the rocket pods being destructive devices as defined. He will testify that rocket pods are required to be registered with the BATF and that other pods have been registered. It is no different than him testifying with regard to the registration of machine guns, silencers and other firearms/destructive devices. We have a hard time understanding why you would want to keep

Exhibit    C

Page  1  of  2

this general background information away from the jury's consideration.

We take this opportunity to additional advise of the use of the following items of evidence previously provided to you in discovery:

-A redacted recording of a consensually monitored phone call between Robert Kane and John Berens made on or about January 25, 2006.

-A DVD recording of Mark Avery's presentation of the $2.4 million F4U Corsair to Robert Kane.

Sincerely,

DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
Assistant U.S. Attorney

Exhibit _____C_____

Page __2__ of __2__