Kevin T. Fitzgerald, Esquire
ABA No. 8711085
Ingaldson, Maassen &
Fitzgerald, P.C.
813 West Third Avenue
Anchorage, Alaska 99501
(907) 258-8750
(907) 258-8751/Facsimile
E-mail: kevin@impc-law.com

Counsel for Defendant Kane

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                 )<br>                    Plaintiff,  )<br>                                 )<br>            v.                   )<br>                                 )<br> ROBERT F. KANE, and             )<br> SECURITY AVIATION, INC.,        )<br>                                 )<br>                    Defendants.  )<br>_____) | No. 3:06-cr-00022-01 JWS<br><br>OBJECTION TO RECOMMENDATION REGARDING DEFENDANT KANE'S MOTION TO SUPPRESS (Docket <u>Entry 66)</u> |

   Comes now defendant, Robert F. Kane, by and through counsel of record, and hereby responds to the magistrate judge's Recommendation, docket 176, regarding defendant Kane's motion to suppress. The Recommendation is 42 pages long, and was not submitted until the evening of May 4, 2006. The Recommendation sets the deadline by which objections must be received by 4:00 p.m. on May 5, or less than a business day to respond. This appears to be in contravention of 28 U.S.C. § 636(b)(1). Given the timing

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Objection

Page 1 of 3

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

of the Recommendation, and length of the Recommendation, Kane cannot possibly provide meaningful objections to the Recommendation by 4:00 p.m.

Consequently, Kane necessarily relies on his motion at docket 66, supplemental memoranda at docket 163, and his arguments at the evidentiary hearing as a basis for his objections to the Recommendation. These objections include the following: 1) that Robert Kane did not consent to a search of his residence. If consent was implied or inferred, it was limited to a search for weapons; 2) Karen Kane's consent was involuntary. If she did consent it was limited to weapons. See Georgia v. Randolph, 126 S.Ct. 1515 (2006); 3) there was no valid consent to the search of the Chevy Tahoe, and the search was otherwise illegal; 4) the warrant which issued constituted a general warrant; 5) the execution of the warrant was improper and amounts to a general rummaging of Kane's belongings. Further, neither the scope or execution of the warrant can be cured by reliance on the affidavit itself, since there was no evidence that any of the officers executing the warrant ever received, much less reviewed, the affidavit. Finally, the items seized do not constitute items in "plain view," because there was no evidence elicited demonstrating the

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Objection

incriminating nature of the items was "immediately apparent;" and, 6) there were significant material false statements and omissions, some even intentional, which warrant a <u>Franks</u> hearing.

Dated at Anchorage, Alaska May 5, 2006.

INGALDSON, MAASSEN &
FITZGERALD, P.C.
Counsel for Defendant Kane


s/Kevin T. Fitzgerald
ABA No. 8711085
813 West Third Avenue
Anchorage, AK  99501
Fax: (907) 258-8751
E-mail: kevin@impc-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 5/5/06,
a copy of the foregoing Objection
was served electronically on:

Steven E. Skrocki, Assistant U.S. Attorney
James N. Barkeley, Assistant U.S. Attorney
Michael R. Spaan, Esquire
James L. Kee, Esquire
Paul D. Stockler, Esquire
Robert C. Bundy, Esquire
Allen F. Clendaniel, Esquire


s/ Kevin T. Fitzgerald
F:\W\3169-1\Pleadings Kane\Objection to Docket 176.doc

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Objection