UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 3:06-cr-00022 JWS |
| ) | |
| vs. ) | ORDER FROM CHAMBERS |
| ) | |
| ROBERT F. KANE, a/k/a "COMMANDER ) | (Re:   Motion at docket 59) |
| KANE," and SECURITY AVIATION, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**I.  MOTION PRESENTED**

At docket 59, defendant Robert F. Kane ("Kane") asks the court to dismiss the indictment against him on the grounds that it fails to plead facts sufficient to show that the rocket pod launchers, which are at the heart of all the charges against Kane and his co-defendant, Security Aviation, Inc., are destructive devices within the meaning of the applicable statutes, and that the indictment fails to plead the requisite *mens rea*. Kane's motion was opposed by plaintiff United States at docket 89. Magistrate Judge Roberts filed an initial report at docket 124 recommending that Kane's motion be denied. Timely objections were filed by Kane at docket 137 to which a response was filed by the United States at docket 152. The magistrate judge filed a final report at docket 162 in which he continued to recommend that the motion be denied.

## II.  STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1]  When reviewing a magistrate judge's report and recommendation in a case such as this one, the district court conducts *de novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3]  Uncontested findings of fact are reviewed for clear error.[4]

## III.  DISCUSSION

The Indictment in this case was filed on February 22, 2006.[5]  After most of the papers addressing the motion at issue had been filed, plaintiff filed a First Superseding Indictment.[6]  There are no differences between the Indictment and the First Superseding Indictment material to the dispute resolved by this order.  One of the four charges against defendants has recently been dismissed,[7] but the adequacy of the remaining charges in the First Superseding Indictment remain for consideration in connection with the motion at docket 59.

Three charges remain pending.  In Count 1, it is alleged that defendants conspired to receive and possess unregistered destructive devices consisting of four 57 millimeter rocket launchers that could be mounted on L-39 Albatross jet aircraft.  In Count 2 it is alleged  that defendants actually did receive and possess two such

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[3] 28 U.S.C. § 636(b)(1).

[4] *Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).

[5] Proceedings were commenced earlier against Kane on the basis of a criminal complaint.

[6] Doc. 139.  The First Superseding Indictment was filed April 19, 2006.

[7] Doc. 169.  Count 3 charging attempted possession of unregistered destructive devices was dismissed.

destructive devices. Finally, in Count 4 it is alleged that defendants engaged in the unlawful transportation of two such destructive devices.

      Having reviewed the motion at docket 59 and all related motion papers pursuant to the standard articulated in Section II, this court finds that all of the facts pertinent to the disposition of the motion are correctly set forth by Magistrate Judge Roberts, and that he has correctly applied the law.[8] This court therefore adopts his recommended findings and conclusions. Based thereon the motion at docket 59 is **DENIED**.

      DATED at Anchorage, Alaska this 5th day of May, 2006.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[8] Doc. 124.