DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
JAMES N. BARKELEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-022-JWS |
| | ) | |
| Plaintiff, | ) | **MOTION TO COMPEL IN** |
| | ) | **LIMINE REGARDING** |
| vs. | ) | **DISCLOSURE OF DEFENSE** |
| | ) | **EXPERT TESTIMONY,** |
| ROBERT F. KANE, | ) | **REPORTS AND IDENTITY** |
| a/k/a "COMMANDER KANE," and | ) | **OF EXPERTS** |
| SECURITY AVIATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | **Filed on Shortened Time** |

COMES NOW the United States through counsel, and files with the court, in

limine, a motion to compel from the defense the identity of individuals who will

provide expert testimony, render opinions or otherwise give testimony which could

be characterized as expert testimony to be used at trial.

I.    **BACKGROUND**

On April 28, 2006, counsel for defendant Kane provided the government a copy of an expert report/summary with regard to expert testimony to be produced at trial.  On the cover letter to the report, attached as Exhibit 1, counsel provided an additional caveat which stated:

> *We reserve the right to add additional experts as needed.  We also believe fact witnesses that we call at trial will be able to provide expert testimony which does not require expert disclosure and/or the witness will testify consistent with the 302 statements already provided.*

Letter from Paul D. Stockler, April 28, 2006

After receipt of this letter counsel for the government contacted counsel for Mr. Kane and attempted to glean more information as to exactly what the foregoing statement meant.  No further information as to the identity or substance of the proposed "expert testimony" has been provided.  Given that the trial date is now one week away the government requests immediate production of the witness, their background credentials in the form of a curriculum vitae, as well as a report detailing the substance of their testimony.

The United States has requested that the defendant comply with his

reciprocal discovery obligations on this issue but as of yet the United States has not

received any additional information save for the cryptic reference in the April 28,

2006 correspondence.

## II.    APPLICABLE LAW

The defendant's discovery obligations are governed by several provisions of

Fed. R. Crim. P. 16.  Specifically, the Rule Fed. R. Crim. P. 16(b)(1)(B) requires

the defendant to disclose:

> the results or reports of any physical or mental examination
> and of any scientific test or experiment if:
> (i)     the item is within the defendant's possession,
>         custody, or control; and
> (ii)    the defendant intends to use the item in the
>         defendant's case-in-chief at trial, or intends to call
>         the witness who prepared the report and the report
>         relates to the witness's testimony.

The defendant's disclosure under this provision is contingent on the United States'

compliance with a previous request by the defendant for discovery under Fed. R.

Crim. P. 16(a)(1)(F) (requiring the United States' disclosure of reports,

examinations and tests in the government's custody and control upon request by

the defendant).  Since the inception of this case, the defendant has made numerous

written and oral requests for discovery from the United States to the full extent

provided in Rule 16.  In response, the United States produced volumes of

discovery on compact discs which consists of thousands of pages of documents as well as photographs, and other hard copy discovery including two expert reports concerning the rocket pods. The United States also arranged for access to rocket pods by counsel for the defense and their "expert" who at the time was Evan Joe Griffith, a retired U.S. Air Force officer, and consultant to Security Aviation who testified at Kane's bail hearing that the rocket pods had the "appearance of" being demilitarized. Under cross-examination, Griffith testified he conducted no tests of the pods themselves, but that his opinion was based on a superficial eyeball observation which did not include even looking through the tubes themselves to see if they were in any way obstructed or rendered inoperable.

Additionally, and as stated in the government's trial brief the United States allowed two defense lawyers and Mr. Griffith unfettered access to its own expert from the National Air and Space Information Center for close to two hours. The interview was not terminated by the government, but only after the defense had no more questions to ask. The United States has requested full reciprocal discovery from the defendant pursuant to Fed. R. Crim. P. 16(b)(1)(A), (B) and (C). The defendant, however, provided one report and in conjunction with that report articulated some type of caveat to Federal rules of Criminal Procedure which permits them to call what appears to be a lay witness and then extract expert

testimony without providing a formal report in violation of Fed.R.Crim.P.

16(b)(1)(C).

Fed. R. Crim. P. 16(b)(1)© requires the defendant to disclose evidence to the

United States.  Specifically, the Rule requires the defendant to:

> give to the government a written summary of any testimony
> that the defendant intends to use under Rules 702, 703, or
> 705 of the Federal Rules of Evidence as evidence at trial, if:
> . . .
> (i)    if the defendant requests disclosure under
>        subdivision (a)(1)(G) and the government complies;
>
> This summary must describe the witness's opinions, the
> bases and reasons for those opinions, and the witness's
> qualifications.

The defendant's obligations under Fed. R. Crim. P. 16(b)(1)(C) is triggered merely

by the defendant's decision to invoke Fed. R. Crim. P. 12.2(b) and is not

contingent on any reciprocal discovery obligation on the part of the United States.

Nonetheless, as detailed above, the United States has provided voluminous

discovery to the defendant.

Finally, Fed. R. Crim. P. 16(c) imposes a continuing obligation to disclose

evidence previously requested by the United States under Rule 16.  As noted

above, both the United States and the defendant requested information from one

another under Fed. R. Crim. P. 16.

## III.    ANALYSIS

The Court has broad authority to regulate and control pretrial discovery under Fed. R. Crim. P. 16.  United States v. Baker, 10 F.3d 1374, 1398 (9th Cir. 1993)(overruled on other grounds); United States v. Spillone, 879 F.2d 514, 522 (9th Cir. 1989).  When a party fails to comply with its discovery obligations under Rule 16, a variety of sanctions are available, including exclusion of the evidence at issue.  United States v. Duran, 41 F.3d 540, 545-46 (9th Cir. 1994); United States v. Aceves-Rosales, 832 F.2d 1155, 1157 (9th Cir. 1987).

Here, as fully detailed above, the defendant has utterly failed to comply with his discovery obligations with regard to these witnesses, whomever they may be, under Fed. R. Crim. P. 16(b)(1)(B) requiring the disclosure and production of expert reports, alternatively hiding behind vague references which provide them the opportunity to elect whom to call, on what basis, and qualify them as experts without providing reports for the government's own experts to examine.  That is clearly not the purpose of the rule.  The defendant cannot indefinitely continue to blindfold the United States while mounting a defense that requires reciprocal discovery under the Federal Rules of Criminal Procedure.

In light of the trial date one week hence,  the United States has no alternative but to seek the Court's intervention on shortened time and respectfully requests

that the Court compel the defendant to disclose and produce all evidence subject to

discovery under Fed. R. Crim. P. 16(b)(1)(B) and (C).  The United States requests

that the Court impose a deadline for the defendant's compliance with the Court's

order and submits that 3 business days from the date of the Court's order is

appropriate, even at this late hour, given that the any information received must be

forwarded to the government's experts all of whom are employed outside Alaska.

## IV.    CONCLUSION

The defense is not free to decide whether expert reports can be discovered

and when.  The government has met its discovery obligations in this matter and if

the defendant's intend to call who will testify as experts or render an opinion as an

expert they must, under the rules, provide the government with discovery of same.

Failure to do so is grounds for preclusion.  In the event discovery is produced, the

//


//


//

government requests the court compel the discovery at the soonest possible instant

for production to its own experts.

RESPECTFULLY SUBMITTED this 8th day of May, 2006 at Anchorage,

Alaska

DEBORAH M. SMITH
Acting United States Attorney

s/ Steven. E. Skrocki
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3380
Fax: (907) 271-1500
E-mail: steven.skrocki@usdoj.gov


s/ James Barkeley
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: james.barkeley@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8th, 2006
a copy of the foregoing was served
electronically on Robert Bundy,
Allen Clendaniel, Kevin Fitzgerald,
& Paul Sockler.

s/ Steven E. Skrocki