Kevin T. Fitzgerald, Esquire
ABA No. 8711085
Ingaldson, Maassen &
Fitzgerald, P.C.
813 West Third Avenue
Anchorage, Alaska 99501
(907) 258-8750
(907) 258-8751/Facsimile
E-mail: kevin@impc-law.com

Counsel for Defendant Kane

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>              Plaintiff,  )<br>  )<br>         v.  )<br>  )<br>ROBERT F. KANE, and  )<br>SECURITY AVIATION, INC.,  )<br>  )<br>              Defendants.  )<br>_____ ) | No. 3:06-cr-00022-01 JWS<br><br>**ROBERT KANE'S MOTION<br>IN LIMINE REGARDING<br>IRRELEVANT FINANCIAL<br>INFORMATION AND EVIDENCE<br>OF POSSESSION OF FIREARMS** |

On May 8, 2006, the government filed its trial memorandum. Unfortunately, as predicted by defendant Kane in his own trial memorandum, the government is resorting to a smear campaign in an attempt to convict Kane on the destructive devices charges. In its trial memorandum the government advises that it intends to introduce testimony concerning Kane's ability to make hiring and firing decisions, as well as introducing evidence that his home and vehicles were provided to him by RPS. Government's

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Motion

Page 1 of 8

trial memorandum, p. 7. The government also advises it intends to introduce evidence concerning Kane, Avery, and even Dennis Hopper's possession of weapons located in various locales. Government's trial memorandum, pp. 7-9.

Kane moves this court for an order precluding the government from putting on the above evidence on the grounds that: 1) it is irrelevant "propensity" evidence; and, 2) the probative value of any such evidence is substantially outweighed by its potential prejudice. Moreover, evidence of weapons possessed by either Dennis Hopper or Mark Avery, or weapons located within the offices of Security Aviation, none of which were registered to Kane, are inadmissible as to Kane, and have nothing whatsoever to do with whether the pods in question are destructive devices. As such, this evidence is not admissible. Federal Rules of Evidence 401/404(b).

    1.   <u>Irrelevant Status/Financial Information</u>

As noted above, the government seeks to introduce evidence that "Kane made the hiring and firing decisions at the company." The government also seeks to introduce financial information relating to the purchase of Kane's home and vehicles. Finally, by a letter dated May 4, 2006, the government has advised that it intends to introduce

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Motion

snippets of a surreptitiously[1] recorded conversation between John Berens and Robert Kane on January 26, 2006, wherein Kane makes a comment, unrelated to any issue before this court, that he has "more money than God." These items of "evidence" constitute nothing other than the purest "propensity" evidence. Whether Kane has firing authority, and/or whether he has either received compensation for his work, or is otherwise wealthy, does not make it more likely that he possessed a destructive device as charged in the instant indictment. Moreover, Kane understands that Security Aviation <u>will not contest</u> that Kane had the requisite authority to approve the purchase of the pods, to the extent he did, on behalf of Security Aviation. Consequently, whether Kane had firing authority, whether he was well compensated and/or was wealthy, has absolutely no relevance to the present case and charges: the evidence has no tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable. See, Federal Rule of Evidence 401.

What is more, the prejudicial effect is obvious. The government obviously hopes to create antipathy toward

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

---

[1] As to Kane.

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Motion

Kane based on his rate of compensation, his wealth, or whether he fired somebody. Precluding such "evidence" is in accord with analogous case law. See <u>United States v. Bailleaux</u>, 35 F.2d 1105, 1110 (9th Cir. 1982) (where in order to admit evidence of prior bad acts for some purpose other than propensity, four prerequisites must be met, including that the conduct must be introduced to <u>prove an element of the charged offense that is a material issue in the case</u>). Since whether Kane fired somebody, whether he was compensated by RPS, or whether he is wealthy, is not relevant to prove any element of the charged offenses that is either material or disputed in the case, such evidence should be precluded, particularly given the prejudicial effect of such "evidence."

    2.   <u>Evidence Of Possession Of Firearms Is Not Relevant Or Admissible</u>

The government also seeks to introduce evidence that Kane was "very familiar with firearms" by introducing evidence that there were many firearms contained within the offices, as well as evidence that within Kane's residence and vehicle there were "combat style assault rifles and shotguns." The government also intends on introducing

INGALDSON, MAASSEN & FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Motion

evidence of the firearms within Dennis Hopper's armory[2] on the basis that Kane had a key to the gun room, and when showing an unidentified person at an unidentified time the gun room, stated words to the effect of: "people here in Anchorage are going on a mission." Finally, the government seeks to introduce evidence that located at Avery and Associates' building were two machine guns.

Again, this evidence seems nothing other than the purest "propensity" evidence: because Kane or somebody else possessed other weapons for which no charges have been filed that somehow he is more likely to have possessed a destructive device as charged in the instant indictment. Further, the potential for prejudice in admitting such evidence is substantial. The government obviously hopes to shore up the weakness in its case by hoping jurors will conclude Kane is a dangerous gun-toting nut worthy of conviction of some charge. However, the evidence is simply not admissible, and the government's rationale for admission is seriously misplaced.

In its trial memorandum the government suggests the relevance of this evidence is to "show that Kane was very familiar with firearms, often carried them, and stored

---

[2] Hopper was a licensed federal firearms dealer.

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Motion

Page 5 of 8

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

legal, but significant heavy weapons. . ." But, whether Kane was familiar with firearms and often possessed assault-type firearms, is simply not relevant to whether he knowingly possessed rocket pod launchers that could conceivably be "readily converted" into destructive devices. The probative value of such evidence is virtually non-existent, and the potential prejudice that the jury will convict Kane on the basis of his possession of many firearms, including assault-type rifles, is substantial. In short, Kane's familiarity with firearms is not at issue, nor would his lack of familiarity with firearms constitute a defense to the charges.[3]

Further, there is the potential for substantial prejudice to be visited upon Kane by the number and types of firearms in Kane's "possession," in Dennis Hopper's armory, and allegedly those in Mr. Avery's possession. Further, evidence of firearms in Dennis Hopper's armory,[4]

---

[3] The same were to be true if the government argued that the probative value was because it showed Kane understood that firearms needed to be registered. The fact is that none of the firearms located in the Security Aviation offices, or in Dennis Hopper's armory, were registered to Kane. Further, as a legal matter, Kane appreciates that whether he knew the pods had to be registered under the Act is not a defense. See United States v. Owens, 103 F.3d 953, 955 (11th Cir. 1977).

[4] Again, the tenuous tie between Kane and Dennis Hopper's armory is that Kane had access to the gun room and purportedly at some point in time showed an unidentified witness that the

INGALDSON, MAASSEN & FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Motion

Page 6 of 8

and that alleged possessed by Avery, is not admissible against Kane. In fact, in the event the court were to determine that the government's evidence is admissible against Security Aviation, Kane would be entitled to severance. Evidence of someone else's possession of fully automatic machine guns creates a substantial danger of prejudice to Kane, which is unacceptable given the lack of connection Kane has with those weapons. See <u>Zafiro v. United States</u>, 506 U.S. 534, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Accordingly, the court should grant a severance in the unlikely event it determines that the evidence of machine guns is admissible against Security Aviation.

For the reasons stated above, this court should preclude the admission of the above-referenced "evidence." The evidence is not relevant to any material issue in this case. Further, the prejudicial effect of the proposed evidence far outweighs the marginal probative value any such evidence would have on any non-contested and/or non-material issue.

Dated at Anchorage, Alaska May 10, 2006.

---

weaponry was necessary because Kane stated "words to the effect of" "people here in Anchorage are going on a mission." For all the reasons stated previously, the marginal relevance of such evidence, assuming *arguendo* any exists, is greatly outweighed

INGALDSON, MAASSEN & FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Motion

          INGALDSON, MAASSEN &
          FITZGERALD, P.C.
          Counsel for Defendant Kane


          s/Kevin T. Fitzgerald
          ABA No. 8711085
          813 West Third Avenue
          Anchorage, AK  99501
          Fax: (907) 258-8751
          E-mail:
          kevin@impc-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 5/10/06, a copy of the foregoing Motion was served electronically on:

Steven E. Skrocki, Assistant U.S. Attorney
James N. Barkeley, Assistant U.S. Attorney
Michael R. Spaan, Esquire
James L. Kee, Esquire
Paul D. Stockler, Esquire
Robert C. Bundy, Esquire
Allen F. Clendaniel, Esquire


s/ Kevin T. Fitzgerald
F:\W\3169-1\Pleadings Kane\Mtn in Limine re Firearms.doc

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

by its prejudice, particularly given the ill-defined manner in which the government has described the alleged statement.
USA v. Kane, et al.
No. 3:06-cr-00022-01 JWS
Motion