IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ROBERT F. KANE and | ) |
| SECURITY AVIATION, INC. | ) |
| | ) |
|     Defendant. | ) |
| _____ | ) Case No.  3:06-cr-022-JWS-JDR-2 |

## <u>MEMORANDUM IN SUPPORT OF<br>MOTION TO QUASH SUBPOENA</u>

Allen H. Smith, III, has moved to quash the subpoena issued April 18, 2006.  A copy of the subpoena is attached hereto as Exhibit "A"

### I.    The Subpoena Violates Mr. Smith's Fifth Amendment Rights

"A subpoena can be invalid for a variety of reasons, as when it is unduly burdensome, Fed.R.Cim.P. 17(c), when it violates the right against self-incrimination, <u>United States v. Doe</u>, 465 U.S. 605, 610-612, 79 L.Ed. 2d 552, 104 S. Ct. 1237 (1984), or when it calls for privileged documents. <u>In re Grand Jury Subpoena Dated Sept. 15, 1983</u>, 731 F.2d 1032, 1036-1037 (2d Cir. 1984)."  <u>United States of America v. Herbert Roberts, Joan Roberts, and Lewis Bromberg</u>, 852 F.2d 671,676 (2nd Cir. 1988).

### A.    Forcing Mr. Smith to Comply with the Subpoena would Violate his Right Against Self-Incrimination.

The Fifth Amendment declares in part that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." <u>Hoffman v. United States</u>, 341 U.S. 479, 485 (1951). The privilege afforded not only extends to answers that would in themselves support a

conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime. Id. at 486. To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why if cannot be answered might be dangerous because injurious disclosure could result. Id. The trial judge in appraising the claim "must be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence." Id.

In the present matter, Mr. Smith has been informed by the U.S. Attorney's Office, District of Alaska, that the Government is considering charging him for Possession and/or Transportation of Unregistered Destructive Devices. Without divulging the extent of his dealings with Defendant Robert Kane or his business associates, Mr. Smith respectfully submits that there are no questions relevant to the underlying criminal matter that can be answered by him without implicating himself in alleged criminal activity. As such, if Mr. Smith was required to appear pursuant to the Subpoena, he would, without regard to each questions asked, properly assert the Fifth Amendment Privilege Against Self-Incrimination.

Given that Mr. Smith would not be providing any testimony and would simply assert the Fifth Amendment privilege against self-incrimination, it does not appear that there is any reasonable basis to require him to incur the cost and burden of having to travel thousands of miles from Pennsylvania to Alaska to attend the trial of Mr. Kane. Therefore, pursuant to Rule 17(c)(2) of the Federal Rules of Criminal Procedure, the Court should quash the Subpoena because compliance would be unreasonable and oppressive.

USA v Robert F. Kane & Security Aviation, Inc.; 3:06-cr-00022-JWS_JDR-2
Memo in Support of Motion on Shortened Time to Quash Subpoena
Page 2 of 5

**B.     The Subpoena fails to meet the Requirements of Rule 17(a) of the Federal Rules of Criminal Procedure.**

Pursuant to Rule 17(a) of the Federal Rules of Criminal Procedure, "[t]he clerk must issue a blank subpoena – signed and sealed – to the party requesting it, and that party must fill in the blanks before the subpoena is served Fed.R.Crim.P.17(a).

In the present matter, the Subpoena was not fully completed by the serving party prior to attempted service. Although the most reasonable interpretation from the manner in which the Subpoena form was completed is that Mr. Smith is being directed to testify at the hearing, no box on the subpoena is checked to indicate definitively whether he is being requested to testify in the United States District Court, appear to testify at the taking of a deposition, or produce and permit inspection and copying of documents or objection.

Again, there must be strict compliance with the rules for service of a subpoena. 1-616 Moore's Federal Practice – Criminal Procedure § 617.05; citing United States v. Davenport, 312 F.2d 303, 307 (7th Cir. 1963). The Subpoena does not meet the "strict compliance" standard because  and the Subpoena form is incomplete.

**II.     Service of the Subpoena was Defective**

Rule 17 of the Federal Rules of Criminal Procedure provides that "[a] marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena." Fed.R.Crim.P.17(d). 1-616 Moore's Federal Practice – Criminal Procedure § 617.05; citing Ferrari v. United States, 244 F.2d 132, 141 (9th Cir. 1957).  The server must deliver a copy of the subpoena to the witness. Fed.R.Crim.P.17(d)  Personal service is required. 1-616 Moore's Federal Practice – Criminal Procedure § 617.05; citing Ferrari v. United States, 244 F.2d 132, 141. There must be strict compliance with the rules for service of a subpoena. 1-616 Moore's Federal Practice – Criminal Procedure § 617.05; citing United States v. Davenport, 312 F.2d 303, 307 (7th Cir.

USA v Robert F. Kane & Security Aviation, Inc.; 3:06-cr-00022-JWS_JDR-2
Memo in Support of Motion on Shortened Time to Quash Subpoena
Page 3 of 5

1963). The failure to properly serve a subpoena justifies quashing it. 1-616 Moore's Federal Practice – Criminal Procedure § 617.05; citing United States v. Moore, 225 F.3d 637, 644 n.2 (6th Cir. 2000).

        In the present matter, service of the Subpoena was defective. A copy of the Subpoena (attached hereto as "Exhibit A") was left by Defense Counsel's process server in the screen door of Mr. Smith's residence when he was not home. Mr. Smith was not personally served with the Subpoena, nor was the Subpoena form subsequently mailed or otherwise delivered to him. Clearly, the serving party has failed to meet the "strict compliance" standard with regard to service and the Subpoena should therefore be quashed.

### III.    The Court has Discretion to Quash the Subpoena

        Whether a subpoena will be enforced after being served is a discretionary matter to be determined by the district court. United States v. Oberle, 136 F.3d 1414, 1419-1420 (10th Cir. 1998). Given that compliance with the subpoena would place Mr. Smith in the untenable position of being compelled to give evidence against himself, the subpoena should be quashed.

//

//

//

//

//

//

//

USA v Robert F. Kane & Security Aviation, Inc.; 3:06-cr-00022-JWS_JDR-2
Memo in Support of Motion on Shortened Time to Quash Subpoena
Page 4 of 5

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court grant this

Motion to Quash the Subpoena.

Dated this 10th day of May, 2006.

  /s/  D.Scott Dattan_____

D. Scott Dattan
2600 Denali Street
Suite 460
Anchorage, Alaska 99503
Telephone: 907-276-8009
Facsimile: 907-278-8571

-AND-

Duane D. Werb (DE No.1042)
300 Delaware Avenue, 13th Floor
P. O. Box 25046
Wilmington, DE 19899
Telephone: (302) 652-1100
Facsimile:   (302) 652-1111
E-mail: dwerb@werbsullivan.com

USA v Robert F. Kane & Security Aviation, Inc.; 3:06-cr-00022-JWS_JDR-2
Memo in Support of Motion on Shortened Time to Quash Subpoena
Page 5 of 5