DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
JAMES N. BARKELEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-022-JWS |
| | ) | |
| Plaintiff, | ) | **SECOND MOTION TO** |
| | ) | **COMPEL IN LIMINE** |
| vs. | ) | **REGARDING DISCLOSURE** |
| | ) | **OF DEFENSE EXPERT** |
| ROBERT F. KANE, | ) | **TESTIMONY, REPORTS** |
| a/k/a "COMMANDER KANE," and | ) | **AND IDENTITY OF** |
| SECURITY AVIATION, INC., | ) | **EXPERTS** |
| | ) | |
| Defendants. | ) | |
| | ) | **Filed on Shortened Time** |

COMES NOW the United States through counsel, and files with the court, in limine, a motion requesting a report, authored by the expert as an official summary and not by one authored by counsel. The defendant's submission, authored by counsel (see Exhibits 1 & 2), is totally unacceptable and not in conformance with

the rules. The government again requests and appeals to the court that a summary authored by the expert themselves is required, in the alternative, the witnesses must be precluded from testifying as an expert.

## I.     BACKGROUND

On May 9, 2006, counsel for defendant Security Aviation provided what is supposed to be the expert reports of Evan Griffith (Exhibit 1), and John Willie Spencer (Exhibit 2). In this regard, the reports fail to comply with Fed.R.Crim.P. 16(b)(1)(B). As set out below, the government again provides the court with the applicable law on this issue. Accordingly, the government requests a report from both witnesses to comply with Rule 16. The applicable case law is provided below, in summary fashion.

## II.    APPLICABLE LAW

The defendant's discovery obligations are governed by several provisions of Fed. R. Crim. P. 16. Specifically, the Rule Fed. R. Crim. P. 16(b)(1)(B) requires the defendant to disclose:

> the results or reports of any physical or mental examination
> and of any scientific test or experiment if:
> (i)  the item is within the defendant's possession, custody, or control; and
> (ii) the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report

relates to the witness's testimony.

The defendant's disclosure under this provision is contingent on the United States' compliance with a previous request by the defendant for discovery under Fed. R. Crim. P. 16(a)(1)(F) (requiring the United States' disclosure of reports, examinations and tests in the government's custody and control upon request by the defendant). The United States has requested full reciprocal discovery from the defendant pursuant to Fed. R. Crim. P. 16(b)(1)(A), (B) and (C). The defendant, however, provided one report and in conjunction with that report articulated some type of caveat to Federal rules of Criminal Procedure which permits them to call what appears to be a lay witness and then extract expert testimony without providing a formal report in violation of Fed.R.Crim.P. 16(b)(1)(C).

Fed. R. Crim. P. 16(b)(1)(C) requires the defendant to disclose evidence to the United States. Specifically, the Rule requires the defendant to:

> give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if:
> . . .
> (i)   if the defendant requests disclosure under subdivision (a)(1)(G) and the government complies;
>
> This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

The defendant's obligations under Fed. R. Crim. P. 16(b)(1)(C) is triggered merely by the defendant's decision to invoke Fed. R. Crim. P. 12.2(b) and is not contingent on any reciprocal discovery obligation on the part of the United States. Nonetheless, as detailed above, the United States has provided voluminous discovery to the defendant.

Finally, Fed. R. Crim. P. 16(c) imposes a continuing obligation to disclose evidence previously requested by the United States under Rule 16. As noted above, both the United States and the defendant requested information from one another under Fed. R. Crim. P. 16.

## III.   ANALYSIS

The Court has broad authority to regulate and control pretrial discovery under Fed. R. Crim. P. 16. United States v. Baker, 10 F.3d 1374, 1398 (9th Cir. 1993)(overruled on other grounds); United States v. Spillone, 879 F.2d 514, 522 (9th Cir. 1989). When a party fails to comply with its discovery obligations under Rule 16, a variety of sanctions are available, including exclusion of the evidence at issue. United States v. Duran, 41 F.3d 540, 545-46 (9th Cir. 1994); United States v. Aceves-Rosales, 832 F.2d 1155, 1157 (9th Cir. 1987).

In light of the trial date less than one week hence, the United States has no alternative but to again seek the Court's intervention on shortened time and

respectfully requests that the Court compel the defendant to disclose and produce the full expert reports subject to discovery under Fed. R. Crim. P. 16(b)(1)(B) and (C).

## IV. CONCLUSION

The defense attempt to comply with the rule is inadequate and fails to meet its discovery obligations. A full report is required and one authored by the witness as to the subject matter of the testimony and any opinion relied thereon.

RESPECTFULLY SUBMITTED this 11th day of May, 2006 at Anchorage, Alaska

DEBORAH M. SMITH
Acting United States Attorney

s/ Steven. E. Skrocki
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3380
Fax: (907) 271-1500
E-mail: steven.skrocki@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2006 a copy of the foregoing was served electronically on Robert Bundy, Allen Clendaniel, Kevin Fitzgerald, & Paul Sockler.

s/ Steven E. Skrocki