UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 3:06-cr-00022 JWS |
| | ) | |
| vs. | ) | ORDER FROM CHAMBERS |
| | ) | |
| ROBERT F. KANE, and | ) | (Re:   Motion at docket 213) |
| SECURITY AVIATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

At docket 213, plaintiff asks the court to issue an order excluding certain evidence which it anticipates will be offered at trial by the defendants, Robert F. Kane ("Kane") and Security Aviation, Inc. ("Security"). The motion is opposed at docket 238 by Security. At docket 246, Kane joins in the motion.

The First Superseding Indictment[1] set out four charges, of which one has been dismissed,[2] leaving the charges in Counts 1, 2, and 4 for determination at trial.[3] In Count 1, it is alleged that defendants conspired to receive and possess unregistered destructive devices consisting of four 57 millimeter rocket launchers that could be

---

[1]Doc. 139. The First Superseding Indictment was filed April 19, 2006.

[2]Doc. 169. Count 3 charging attempted possession of unregistered destructive devices was dismissed.

[3]A redacted indictment for use at trial was filed, but the court has recently ordered a correction in that document. In any event, for purposes of this order, the court will refer to the charges as they appear in the First Superseding Indictment itself.

mounted on L-39 Albatross jet aircraft in violation of 18 U.S.C. §§ 371 and 2. In Count 2 it is alleged that defendants actually did receive and possess two such destructive devices in violation of 26 U.S.C. § 5681(d). Count 4 alleges that defendants engaged in the unlawful interstate transportation of two such destructive devices which is a violation of 18 U.S.C. §§ 922 (a)(4) and 924(a)(1)(B).

The relief the United States seeks is three-fold. First it asks for "an order precluding the defendants from offering any evidence or eliciting any testimony . . . whatsoever about the existence or availability of rockets or other ammunition for use in conjunction with the rocket pod launchers in this case."[4] It takes the position that such evidence is irrelevant. Second, it seeks exclusion of evidence respecting the "age, variant, or model" of the rocket launchers, also on the grounds that the evidence is not relevant.[5] Third, it asks that if evidence is presented concerning "the fitness or readiness of the L-39 aircraft to operate the rocket launcher pods in this case,"[6] a limiting instruction should be given advising the jury that the evidence is relevant only to a determination of defendants' *mens rea*, and not to the determination of whether the rocket launchers were destructive devices.

The United States acknowledges, as it must,[7] that it has the burden of proving that "defendant had knowledge of the characteristics of the weapon that brought it within the definition of a "firearm" under the Act."[8] Thus, all of the charges depend on proof by the United States that defendants knew the rocket launchers were destructive devices, the type of firearm which is relevant here. Security directs the court's attention to the statutory definition of a destructive device in 26 U.S.C. § 5845(f), which reads in pertinent part that a destructive device is "any type of weapon by whatever name known

---

[4]Doc. 213, p. 5.

[5]*Id.*

[6]*Id.*, p. 6.

[7]*Rogers v. United States*, 522 U.S. 252 (1998); *United States v. Staples*, 511 U.S. 600 (1994)

[8]*Id.*, p. 4. In the context of this case, a "firearm" means a "destructive device."

which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter." Defendants take the position that rocket launchers which will not, or which cannot readily be converted to, expel a projectile are not destructive devices, while they contend that the government's position is that if the rocket launchers were originally designed to expel projectiles it need not prove that they actually would or could readily be converted to do so at the time of the alleged crime.[9] It is not clear to the court that the government actually takes the position attributed to it by defendants. However, to eliminate any uncertainty, the court will address the topic.

The plain language of the statute supports defendants' interpretation. The statute does not say a weapon "designed" or "intended" to expel a projectile. Neither does it say a weapon which "once would have" done so. Rather, it says a weapon which will expel a projectile. The verb is in the present tense. A weapon can be a destructive device only if at the time of the alleged crime it is capable of, or may be readily made capable of, expelling a projectile in the fashion described in the statute.

The next thing to consider is what evidence is relevant to proving that defendant knew the rocket pods were destructive devices. Relevant evidence is any evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[10]

The court agrees with the United States that it need not prove there were rockets or other ammunition available for the rocket launchers in order to prove that the launchers were destructive devices, but it does not follow that defendants may not present evidence regarding their knowledge respecting the availability of rockets or other ammunition. If defendant had information indicating that rockets or other ammunition was unavailable, that knowledge would have some tendency to make it

---

[9]Doc. 238 at p. 2. There appears to be no dispute that the rocket pods would, when operated, use "an explosive or other propellant" to expel a projectile and no dispute that they meet the minimum size requirement.

[10]Fed. R. EVID. 401.

-3-

more likely that the defendant did not know the rocket launchers were destructive devices and may indeed have been de-militarized. Exactly the same analysis applies with respect to the age, variant, and model number. Evidence that defendants knew the age, variant or model number of the launchers was an indicator that the rocket launchers would not expel a projectile would be admissible with respect to the *mens rea* element.

Two finer points need to be made. First, "bare" evidence that there were no rockets or other ammunition available or that the launchers were of a given age, variant or model is not relevant and will be excluded. What will be admitted is evidence that defendant had knowledge of unavailability of rockets or ammunition, or knowledge that a launcher of a given age, variant or model would not expel a projectile. Second, if relevant evidence is introduced on these topics, upon request, the court will give a limiting instruction that the evidence is not relevant to deciding whether the rocket launchers were destructive devices, but may only be considered with respect to the defendants' knowledge.

The court now turns to the third request. The proposition advanced by defendants that to be "fired" the rocket launchers required a specific triggering device in an aircraft is accepted as correct for purposes of this order. However, the condition of the *particular* aircraft in Security's fleet is not relevant to deciding whether the rocket launchers were destructive devices. The court agrees with the United States that evidence concerning the "fitness or readiness" of Security's L-39 aircraft is relevant only to defendants' state of mind. Upon request, the court will give an appropriate limiting instruction.

In its response at docket 238, Security suggests that the United States has requested exclusion of evidence respecting defendants' intended use for the rocket launchers. The court does not read the motion at docket 213 to make such a request. Rather, the United States merely, and correctly, states that plaintiff need not prove a defendant intended to use the rocket launchers as destructive devices. To eliminate any uncertainty, however, the court wishes to make it clear that defendants may present

-4-

evidence of their intended use for the rocket launchers, because that would be relevant to the *mens rea* element. Again, upon request a limiting instruction will be given.

Plaintiff's motion at docket 213 is **GRANTED** in part and **DENIED** in part as explained above.

DATED at Anchorage, Alaska, this 12th day of May 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE