DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
JAMES BARKELEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-3699
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
       james.barkeley@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-022-JWS |
| | ) | |
| Plaintiff, | ) | **UNITED STATES'** |
| | ) | **CONSOLIDATED** |
| vs. | ) | **OPPOSITION TO** |
| | ) | **DEFENDANTS' MOTIONS IN** |
| ROBERT F. KANE, | ) | **LIMINE AT DOCKETS 208-1,** |
| a/k/a "COMMANDER KANE," and | ) | **209, 225-1, and 241** |
| SECURITY AVIATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW Plaintiff United States, by and through counsel, and hereby opposes defendants' motions in limine at Docket 208-1 (Security Aviation, Inc.'s Motion in Limine to Exclude Records of Registration of Firearms); Docket 209 (Security Aviation, Inc.'s Motion in Limine Re Alleged Prior Bad Acts of Robert

Kane or, in the Alternative, for Severance); Docket 225-1 (Robert Kane's Motion in Limine Regarding Irrelevant Financial Information and Evidence of Possession of Firearms); and Docket 241 (Security Aviation, Inc.'s Motion in Limine Regarding Irrelevant Financial Information and Evidence of Possession of Firearms).

A.   **Defendant Security Aviation's Motion (Docket 208-1) (Machine Gun Registration)**

This motion by Security Aviation seeks to exclude records indicating that Mark Avery, an attorney and the owner of defendant Security Aviation, Inc., has registered certain fully-automatic machine guns with BATF. The motion properly suggests that the Court engage in probative/prejudicial balancing under FRE 403. However, the balance should be struck in favor of admissibility, and the jury should be allowed to afford this evidence whatever weight the jury finds it deserves. The *Staples/Rogers* mens rea requirement is central to this motion. The discovery of machine guns (like the rocket launchers, weapons which are regulated under the National Firearms Act framework) at Security Aviation's corporate offices is circumstantial evidence of whether knowledge of the characteristics of the rocket launchers (essentially, large-bore military weapons of war) is fairly imputed to Kane and to Security Aviation, Inc. Other such evidence, for example, includes Security Aviation office space (at C Street) for Dennis Hopper, a federal firearms licensee, and an arsenal. In short, the C

Street location was bristling with weaponry, which is relevant to whether Mr. Kane and the company should know of the rocket launchers' characteristics.

The motion should be denied. At a minimum, a limiting instruction could be used, instructing the jury that it may not convict simply because lawfully registered machine guns were found at the C Street location.

**B.    Defendant Security Aviation's Motion (Docket 209) (Prior Bad Acts of Kane)**

The motion is well taken. Several days ago, the United States advised defense counsel that it would not be calling the Oregon witness who was allegedly involved in the 2001 events underlying the motion. The government will not seek to introduce any of that evidence in its case in chief.

**C.    Defendant Kane's Motion (Docket 225-1) & Defendant Security Aviation's Motion (Docket 241) (Financial Information & Firearms Possession)**

Both defendants argue that if the government is allowed to present evidence of the financial and weaponry connections between them, severance is appropriate.[1]

---

[1] The alleged vicarious liability of Security Aviation/Regional Protective Services for acts of Kane or its other employees is not a new allegation. Thus, any motion for severance filed two days before trial is untimely. More importantly, the motion lacks merit. Under the rationale of Zafiro v. United States, 506 U.S. 534 (1993), cited by the defense at Docket 209, there is no risk in this case of convicting one defendant by introducing evidence solely attributable to the other – because the financial and firearms evidence at issue connects, rather than separates, the two defendants.

Contrary to the motion's suggestion, this evidence does not "smear" either Kane or the company; it simply shows the relationship between the two. For example, the jury should be allowed to consider the full nature, extent, and scope of Kane's authority to bind Security Aviation/Regional Protective Services (and other intertwined companies) – not just the proffered stipulated, narrow authority of Kane to buy the rocket launchers. The government must be allowed to present evidence as to lack of mistake, knowledge, and the requisite mens rea for Counts 1, 2, and 4. Kane and Security Aviation, the government will prove, were inextricably intertwined. The jury may decide that the company, at times, was Kane's alter ego.

There is abundant evidence that Kane was the company, and the company was Kane. The United States will not present evidence that Mark Avery had an unregistered machine gun. However, the fact that Avery had registered machine guns and an arsenal to which Kane had access, at the C Street headquarters, is circumstantial evidence going to sophisticated weapons knowledge. Similarly, Mr. Avery and/or the Security Aviation companies thought enough of Mr. Kane to provide him with a house worth more than $700,000.00. This sort of evidence is not, as alleged by the defense, propensity evidence at all. Instead, it is evidence of the relationship between Kane and the company, which is crucial to an accurate jury assessment of the charges before it. Even the defenses' claims of a peaceful business

plan for static display of the rocket launchers, and a harmless plan for putting its squadron of L-39 fighter jets to work under "government contracts", is inescapably dependent on a far broader scope of Kane's authority to speak for the companies than his authority to buy the rocket pods.

**D.   CONCLUSION**

For the foregoing reasons, the motions at Dockets 208-1, 225-1, and 241 should be denied. The motion at Docket 209 should be denied as moot.

Respectfully submitted this 12th day of May, 2006 in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ James Barkeley
JAMES BARKELEY
Assistant U.S. Attorney
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-3699
Fax: (907) 271-1500
E-mail: james.barkeley@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12th, 2006, a true and correct copy
of the foregoing UNITED STATES' OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE was served electronically on the following:
Robert Bundy, Allen Clendaniel, Kevin Fitzgerald, James Kee, and
Paul Stockler.

s/James Barkeley