UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 3:06-cr-022 JWS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER FROM CHAMBERS |
| | ) | |
| ROBERT F. KANE, and | ) | (RE:  Motions at 199 and 229) |
| SECURITY AVIATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### I.  MOTIONS PRESENTED

At docket 199, defendant Security Aviation, Inc. ("Security") asks the court to order the United States to grant "use immunity" to defense witnesses James Mendenhall and Allen Smith.  The United States responded to the motion at docket 235. At docket 229, counsel for Allen Smith filed a motion asking the court to quash the subpoena served upon Smith requiring him to appear and give testimony at the trial in this case. The only response to the motion to quash is a "contingent non-opposition" filed by Security.

### II.  MOTION AT DOCKET 199

Disposition of the motion at docket 199 with respect to Mr. Mendenhall is simple enough:  The United States has granted Mendenhall use immunity, so Security's request that he be immunized is moot.  Disposition of the motion with respect to Mr.

Smith is more complicated.  In *United States v. Westerdahl*,[1] the Ninth Circuit explained that a defendant in a criminal trial has no right to compel the United States to grant immunity to a prospective defense witness.  However, the appellate court has recognized an exception to that rule where the fact-finding process "is intentionally distorted by prosecutorial misconduct" in such a way as to deny the defendant a fair trial.  A trial court must consider whether the exception applies if the defendant can show that the evidence is relevant and that the government "distorted the fact finding process by denying immunity to the potential witness."[2]  Where the defendant is able to make such a showing, the trial court must hold a hearing to determine whether the government intentionally distorted the fact finding process.[3]

Three charges are pending in this case.  In Count 1 of the First Superseding Indictment,[4] it is alleged that defendants Security and Robert F. Kane conspired to receive and possess unregistered destructive devices consisting of four 57 millimeter rocket launchers that could be mounted on L-39 Albatross jet aircraft.  In Count 2 it is alleged that defendants actually did receive and possess two such destructive devices.  Finally, in Count 4 it is alleged that defendants engaged in the unlawful interstate transportation of two such destructive devices.

Security indicates that Smith's testimony would be to the effect that the rocket launchers had been de-militarized and were strictly ornamental.  He would also testify that from his discussions with Security's James Mendenhall, he concluded that Security's use of the rocket launchers would be strictly as ornamentation.  Security supports these assertions with a copy of Smith's "302" report of his interview by FBI agents.[5]   In its opposition, the government asserts that Security has failed to show that

---

[1] 945 F.2d 1083 (1991).

[2] *Id.*, 945 F.2d 1086.

[3] *Id.*

[4] Doc. 139.

[5] Doc. 199, ex. A at pp. 12-14.

Smith's testimony would be relevant to any of the charges, because it is the actual condition of the rocket launchers that is important, not what Smith said about them. This overlooks the fact that what Smith has to say is at least relevant to Security's knowledge when it purchased the rocket launchers. Security meets the first requirement.

With respect to the second requirement, the United States insists that its motives are pure and that while it has advised Smith he is a potential defendant in connection with the rocket launchers, this was done only in conjunction with the proper discharge of the prosecutorial function. While the court has no reason to disbelieve this representation, the case law instructs that the court needs more than a mere representation by counsel. Where a witness is immunized who will testify in favor of the government (it is anticipated that Mendenhall will do so) and another witness who could contradict him is not immunized (here that would be Smith), the court must conduct a hearing to determine if the decision not to afford immunity was made "with the intent to distort the fact-finding process."[6]

### III. MOTION AT DOCKET 229

The motion to quash the subpoena is based on two propositions. First, Mr. Smith contends that he will necessarily invoke his Fifth Amendment privilege and so it is pointless for him to travel from Pennsylvania where he resides to Anchorage, Alaska to testify at trial. The second ground is that the subpoena was not served in compliance with Rule 17 of the Federal Rules of Criminal Procedure.

The only party to file a response to the motion is Security. Security reads Smith's motion as support for its own argument that Smith must be given immunity. Security does not address the merits of Smith's claim that service of the subpoena was defective.

It appears clear to the court that unless Mr. Smith is immunized, it would be oppressive and burdensome for him to respond to the subpoena by making the journey

---

[6] *United States v. Young*, 86 F.3d 944, 949 (9th Cir. 1996).

all the way from Pennsylvania to Alaska.  Moreover, Security's failure to contest the accuracy of the representations about inadequate service (if the process server properly served the subpoena on Security's behalf, it should have access to an affidavit of service) support quashing the subpoena.  Based on these considerations, the motion at docket 229 will be granted.  Of course, if the court orders the United States to grant Smith use immunity another subpoena may be properly served on Mr. Smith.

## IV.  CONCLUSION

The motion at docket 199 is **DENIED** in part as being moot with respect to James Mendenhall, but it will be continued under advisement as to Allen Smith.  The court will conduct a hearing on the motion at docket 199 to address whether Allen Smith must be given use immunity at 8:00 AM on May 17, 2006.

The motion at docket 229 is **GRANTED**.


DATED at Anchorage, Alaska this 12th day of May, 2006.


                                        /S/
                            JOHN W. SEDWICK
               UNITED STATES DISTRICT JUDGE