## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **3:06-cr-00022 JWS** |
| | ) | |
| **vs.** | ) | **ORDER FROM CHAMBERS** |
| | ) | |
| **ROBERT F. KANE, and** | ) | **[Re:  Motions at dockets** |
| **SECURITY AVIATION, INC.,** | ) | **208, 209, 225, and 241]** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## I.  MOTIONS ADDRESSED IN THIS ORDER

At docket 208, defendant Security Aviation, Inc. ("Security") moves for an order prohibiting the introduction of evidence showing the registration of firearms by Mark Avery or any other person.  At docket 209, defendant Robert F. Kane ("Kane") moves for an order excluding introduction of certain prior "bad acts."  At docket 225, defendant Kane moves for exclusion of what he deems to be irrelevant financial information and evidence of possession of firearms.  Security filed a similar motion at docket 241 seeking to preclude financial information and evidence regarding the possession of firearms.  At docket 264 plaintiff United States has opposed all of the motions, save the motion at docket 209 which it concedes is "well taken."[1]

---

[1]Doc. 264, p. 3.

## II.  PERTINENT PRINCIPLES

Speaking generally, the court must apply the law of evidence to resolve the pending motions.  While not all pertinent to every motion, there are three related evidentiary principles that will be considered in this order.  The first two are the subject of Rules 403 and 404(b)of the Federal Rules of Evidence.  Rule 403 reads as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Rule 404(b) provides the following in pertinent part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

The third principle is that within the framework created by the Federal Rule of Evidence, a prosecutor has the right to prove the government's case as he or she sees fit even if a defendant is prepared to stipulate to certain facts.  As the Supreme Court explained in *Old Chief v. United States*:[2]

> In sum, the accepted rule that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away rests on good sense.  A syllogism is not a story, and a naked proposition in a courtroom may be no match for the robust evidence that would be used to prove it.

The majority of the Court in *Old Chief* found that the accepted rule did not control the outcome in the case before it.  The majority held that a defendant being prosecuted for being a felon in possession of a firearm could force the prosecutor to stipulate to the existence of a prior unspecified crime for which he could have been sentenced to serve more than a year in prison, thereby eliminating presentation of evidence showing of what the prior crime consisted.  Nevertheless, it is clear that the Court did not abrogate

---

[2]519 U.S. 187, 189 (1997).

the accepted rule; it remains viable in other circumstances subject, of course, to proper application of Rules 403 and 404(b).

### III.  MOTION AT DOCKET 208

Mark Avery is the owner of Security Aviation, Inc.  He has registered firearms with the appropriate federal agency, including fully automatic machine guns.  An element of each of the crimes charged against Security which plaintiff must prove is that Security knew the rocket launchers it purchased were destructive devices.  In other words, the United States must prove that Security had knowledge of the characteristics of the rocket launchers which would require them to be registered.  The United States wishes to introduce evidence of Avery's registration of other weapons to support the inference that he (and by attribution Security) knew the rocket launchers were a type of device that needed to be registered.

The evidence that Avery had registered machine guns would support an inference that he was knowledgeable about what sorts of weapons must be registered, and so it is relevant.  Security, which is prepared to stipulate that the rocket launchers were not registered, contends that the probative value of the evidence is substantially outweighed by the danger of the unfairly prejudicial effect it would have on the jury. Security relies on the Rule 403 analysis in *Old Chief*.

There are significant differences between the factual situation at bar and that in *Old Chief*.  To begin with, in *Old Chief* the stipulation was directed at the same element of the crime which the United States sought to prove through the introduction of evidence–that defendant had been convicted of a felony.  Here, the stipulation offered is not congruent with the element the United States seeks to prove: Security will stipulate that the rocket launchers were not registered, but what the United States is seeking to prove is that Security had knowledge that the rocket launchers were the kind of weapon that had to be registered.  Second, the evidence the United States would show here is legal conduct by Avery–registration of firearms as required by law, while in *Old Chief* the

evidence offered by the United States was evidence that the defendant had committed a crime, specifically an assault resulting in serious bodily injury.[3]

The precise issue before this court is whether the probative value of the registration of firearms by Avery is substantially outweighed by the danger of unfair prejudice to Security. The answer is no. The evidence goes to an element of the crime. This renders its probative value relatively high.[4]  Significantly, the evidence goes to an element which can only be proved by circumstantial evidence. This can only increase its probative value. Furthermore, the potential for prejudice is relatively low. What Avery did when he registered the machine guns was lawful. Alaskans generally are not prejudiced against those who own firearms of any kind. Indeed, Alaska is a place where the popular perception of expansive Second Amendment rights is very dear to a sizable portion of the populace. Certainly, the prejudicial effect of the evidence does not substantially outweigh its probative value. The motion at docket 208 will be denied.

## IV.  MOTION AT DOCKET 209

At docket 209, Security asks the court to exclude evidence that co-defendant Kane engaged in several acts in Oregon in 2001 which amount to "bad acts" under Rule 404(b). In responding to this motion, the United States concedes that it has merit.[5] Accordingly, this motion will be granted.

## V.  MOTIONS AT DOCKETS 225 AND 241

In his motion at docket 225, Kane asks the court to exclude evidence tending to show that Kane's position at Security was such that he had authority to make hiring and firing decisions; evidence that Kane told John Berens that he (Kane) "has more money

---

[3]*Old Chief*, 519 U.S. 176.

[4]*United States v. Gonazlez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) explains:  "The probative value of evidence against a defendant is low where the evidence does not go to an element of the charge."  By necessary implication where the evidence does go to an element of the charge it is of relatively high probative value.

[5]Doc. 264, p. 3.

than God;" evidence that his home and his vehicle were provided by a company related to Security; evidence regarding Kane's compensation; and evidence regarding firearms possessed by others but as to which Kane had access. At docket 241, Security joins in Kane's motion and further asserts its own arguments for the exclusion of much of the same evidence.

The principal argument defendants make regarding Kane's authority to hire and fire Security's personnel is that Security will stipulate to that fact rendering it unnecessary for the United States to present evidence whose purpose is to establish that actions taken by Kane in connection with the rocket launchers may be attributed to Security. Once again, it is asserted that *Old Chief* should guide this court's Rule 403 analysis. Once again, that argument fails. The distinctions between *Old Chief* and the issue at hand are even more striking than they were in the context of the motion at docket 208. Indeed, *Old Chief* is most pertinent in the present context for its description of the rationale for the accepted rule which allows the prosecutor to present a full story to the jury, not merely edited snippets.[6]

The Rule 403 analysis here is straightforward and clearly favors the United States' position. The evidence plaintiff would introduce is probative with respect to something that must be proved. It is critical to the government's case to establish Security's criminal responsibility for Kane's actions. The danger of unfair prejudice is minimal. After all, the evidence will address the scope of Kane's authority at Security–hardly the sort of issue that would be likely to generate unfair prejudice. The danger of unfair prejudice does not substantially outweigh the probative value of the evidence.

The probative value of evidence showing the financial arrangements between Kane and Security (as well as its owner Avery and the related companies) also bears on Kane's authority to bind Security. This sort of evidence is also necessary for the presentation of the overall picture of circumstances in which the allegedly criminal conduct took place. The jury needs to hear enough evidence to have an understanding

---

[6]*See* the discussion of *Old Chief* in the text addressing the motion at docket 208.

of the relationship between Kane, Security, and other persons whose actions bear on the jury's resolution of the charges. There is probative value in establishing the context in which defendants conducted their daily affairs. To exclude this sort of evidence would simply invite the jury to speculate about the relationships and perhaps fill voids in the evidence with that speculation. On the other hand, there is nothing unfairly prejudicial about evidence which shows an employee was being paid, even paid very well, by an his employer. Moreover, it is not uncommon for an employer to provide a car or to underwrite the cost of housing an employee. Even if Kane received more financial assistance than might ordinarily be the case, that signals no more than that he was a very valuable employee, or that he had a very comfy berth with a generous or perhaps foolishly inattentive employer. Once again, the danger of unfair prejudice does not substantially outweigh the probative value of the evidence in dispute. Admission is therefore proper under Rule 403.

Kane, but not Security, also seeks exclusion of all the evidence discussed above pursuant to Rules 401 and 404(b). Exclusion under Rule 401 would require the court to find that the evidence is not relevant. As demonstrated above, the evidence is relevant. The argument for exclusion under Rule 401 is frivolous.

Kane asserts that the above evidence must be kept out under Rule 404(b) because it is "propensity" evidence. Kane is correct to note that Rule 404(b) is intended to foreclose the presentation of evidence for the purpose of showing that a defendant's character is such that if he does a thing once, he will do it again. The attempt to shoehorn evidence of Kane's authority at Security and his financial arrangements with his employer into a Rule 404(b) analysis is misguided. None of the evidence would show a propensity to commit any of the crimes charged. The evidence merely tends to show the working relationship between Kane and Security. The attempt to invoke Rule 404(b) with respect to the evidence discussed above is also frivolous.

The request to exclude certain evidence pertaining to possession of firearms will now be considered. The firearms evidence which the United States hopes to present is

summarized in its trial brief, and it is extensive.[7]  If admitted, it would show that Kane was familiar with firearms, often carried such weapons, and stored legal "but significant heavy weapons" at Avery and Associates, Mark Avery's law firm, and kept some firearms in his offices and at his home.  The evidence would show that Avery permitted Dennis Hopper, who holds a Class III federal firearms license, to keep a small armory on the premises of Avery and Associates.  It would also show that Kane had a key which he used to access the armory, and when asked about the amount of weaponry Kane said "people here in Anchorage are going on a mission."  The evidence would show the presence of weapons at various locations at Avery and Associates, including legally registered machine guns.  What the evidence would not show is that Kane had registered any firearms.

In his motion, Kane emphasizes the lack of relevance of the firearms evidence and the potential it carries to unfairly prejudice the jury.  This is an appropriate argument under Rule 403, although curiously Kane does not cite the rule.  In addition to making a Rule 403 argument, Security contends that the evidence is really offered only to show that Avery (Security's owner) and Kane (who exercised executive level authority for Security) each had a propensity to possess firearms, or as Security's counsel wryly puts it, they "like to possess devices that, to put it bluntly go 'boom' and that they must have acted in conformity with that propensity in this case by [knowingly purchasing a destructive device.]"[8]  Unless relevant to one of the factors mentioned in Rule 404(b), such "propensity" evidence is not admissible.  Security goes on to point out, with respect to Rule 403, that for the weapons evidence to be fully understood and assessed, much time would have to be devoted to exploring details about a very large number of weapons located in many locations controlled by different persons and how the circumstances in which they were possessed do, or do not, relate to Security or Kane.  What is more, some of this evidence would then invite introduction of still more

_____

[7]Doc. 216, pp. 7-9.

[8]Doc. 241, p. 4.

evidence to flesh out the entire personal relationship between Avery, Hopper, Kane, and others.  All of this would delay the proceedings.

In its memorandum at docket 264, the United States scarcely bothers to address the defense arguments, saying only:  "However, the fact that Avery had registered machine guns and an arsenal to which Kane had access, at the C Street headquarters is circumstantial evidence going to sophisticated weapons knowledge."[9]  In a previous passage which may pertain to the weapons (although it appears in a section discussing the financial connections between Security and Kane and Kane's authority to bind Security), the United States points out that evidence is admissible when offered to prove "lack of mistake, knowledge, and the requisite *mens rea* for Counts 1, 2 and 4."[10]

The court will exclude this evidence.  First of all, it clearly is propensity evidence– if the boys are nuts about powerful weapons, and they then get some jets to which it is possible to attach powerful weapons–well, boys will be boys.  Secondly, this evidence does not tell a fact finder anything with respect to the possession of unregistered destructive devices that would tend to establish "opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  It follows that (unlike the evidence of Avery's having registered firearms which would support an inference of knowledge that the rocket launchers were subject to registration) the only relevance of this weapons evidence is a forbidden one–past acts show a propensity to commit the crimes charged.  This evidence should be excluded under Rule 404(b).

Even if the weapons evidence at issue here could squeak by under Rule 404(b), it would be inadmissible under Rule 403.  Its probative value is not very great, yet by painting a picture of "guns, guns, heavy guns everywhere" plaintiff might well incite unfair prejudice against defendants in the minds of the jurors.  A juror who respects the broad scope of the Second Amendment widely subscribed in Alaska and who would not be prejudiced against a person merely because that person possessed a large number of firearms might well doubt the law abiding nature of people who possess vast

---

[9]Doc. 264, p. 4.

[10]*Id.*

quantities of essentially military weapons.[11]  In addition to the substantial danger of unfair prejudice, a full airing of the facts surrounding the possession of firearms by Avery, Hopper, and Kane, and the relationships between them with respect to firearms risks undue delay in the trial, confusion of the issues, and misleading the jury.  In this instance those risks do substantially outweigh the probative value of the evidence.  The evidence is properly excluded under Rule 403.

Before leaving the weapons evidence issue, a comment on the reach of the court's decision is appropriate.  Obviously, this order does not vitiate the earlier ruling that the United States may present evidence that Mark Avery possessed registered machine guns.  What is a little less obvious, and so bears emphasis, is that this order does **not** foreclose any testimony the government may be able to offer which shows that Kane was aware of the fact that the machine guns Avery possessed were, or were required to be, registered.

Finally, the court will address Kane's comment that he has "more money than god."  It appears that this is just one phrase used in a longer recorded conversation.  Kane spends little ink on explaining why this comment should be excluded, and the United States does not directly address it in its response.  Taken in isolation, the statement appears neither probative (Kane's wealth is not an issue), nor unfairly prejudicial (that Kane thought of himself as wealthy is not intuitively likely to prejudice jurors in our materialistic society).  Without knowing the context of the remark and how it fits into the overall conversation, it is not possible to assess whether the comment should be excluded under Rule 403.  If evidence which includes the comment will be presented at trial, counsel for plaintiff shall alert the court at a break in the proceedings and outside the presence of the jury that such evidence is soon to be offered, and the court will consider any objection defendants may have at that time outside the jury's presence.

---

[11] *See* the description of weapons in the United States' trial brief.  Doc. 216, p. 28

## VI.  CONCLUSION

For the reasons given above, the motion at docket 208 is **DENIED**, the motion at docket 209 is **GRANTED** and the motions at dockets 225 and 241 are **GRANTED** in part and **DENIED** in part as explained in the text.

DATED this 14th day of May 2006 at Anchorage, Alaska.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE