# UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **3:06-cr-00022 JWS** |
| | ) | |
| **ROBERT F. KANE, and** | ) | |
| **SECURITY AVIATION, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## JURY INSTRUCTIONS

**INSTRUCTION NO. 1**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## INSTRUCTION NO. 2

### CHARGE AGAINST DEFENDANTS NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence.  Each defendant has pleaded not guilty.  Each defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

**INSTRUCTION NO. 3**

**DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that a defendant did not testify.

## INSTRUCTION NO. 4

## REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**INSTRUCTION NO. 5**

**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

## INSTRUCTION NO. 6

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 7**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 8

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

## INSTRUCTION NO. 9

### EVIDENCE OF OTHER ACTS OF DEFENDANTS OR
### ACTS AND STATEMENTS OF OTHERS

You are here only to determine whether a defendant is guilty or not guilty of the charges in the indictment. Your determination must be made only from the evidence in the case.  Neither defendant is on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of a defendant, only as they relate to the charges in the Indictment.

## INSTRUCTION NO. 10

## ACTIVITIES NOT CHARGED

The defendants are on trial only for the crimes charged in the indictment, not for any other activities.

## INSTRUCTION NO. 11

## SEPARATE CONSIDERATION OF MULTIPLE
## COUNTS—MULTIPLE DEFENDANTS

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

**INSTRUCTION NO. 12**

**POSSESSION—DEFINED**

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

## INSTRUCTION NO. 13

## CORPORATE DEFENDANT

The fact that Security Aviation, Inc. is a corporation should not affect your verdict. All persons are equal before the law and corporations are entitled to the same fair and conscientious consideration by you as any other person.

**INSTRUCTION NO. 14**

**STATEMENTS BY DEFENDANT**

You have heard testimony that a defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

## INSTRUCTION NO. 15

### TESTIMONY OF WITNESSES
### INVOLVING SPECIAL CIRCUMSTANCES

You have heard testimony from Jim Mendenhall and Allen Smith, witnesses who received immunity.  That testimony was given in exchange for a promise by the government that the testimony will not be used against the person giving it.

In evaluating those witnesses' testimony, you should consider the extent to which or whether the testimony may have been influenced by the grant of immunity.

**INSTRUCTION NO. 16**

**OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO. 17**

**KNOWINGLY — DEFINED**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that the acts were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## INSTRUCTION NO. 18

## CHARGES AGAINST DEFENDANTS

Defendant Robert F. Kane is charged in the Indictment with the following charge:

Count 1: Conspiracy to Possess an Unregistered Destructive Device

Defendants Kane and Security Aviation, Inc. are each separately charged in the Indictment with the following charges:

Count 2: Possession of an Unregistered Destructive Device

Count 4: Transportation of a Destructive Device

You will be instructed as to the elements of each of these offenses.

With respect to Counts 1 and 2, the United States must prove beyond a reasonable doubt that there was an "unregistered destructive device" involved. However, the United States does not need to prove that a defendant knew that his or its possession of the destructive device was illegal or that the destructive device was not registered in the National Firearms Registration and Transfer Record.

There is no Count 3 pending against either defendant in this case.

### INSTRUCTION NO. 19

### CONSPIRACY—ELEMENTS

Defendant Robert F. Kane is charged in Count 1 of the Indictment with conspiring to knowingly receive and possess destructive devices that were not registered in the National Firearms Registration and Transfer Record in violation of Section 371 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about September 1, 2005, and ending on or about February 2, 2006, there was an agreement between two or more persons to commit the crime of receiving and possessing destructive devices which had not been registered in the National Firearms Registration and Transfer Record.

Second, defendant Kane became a member of the conspiracy knowing of its object and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in

similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

## INSTRUCTION NO. 20

### CONSPIRACY—KNOWING OF AND ASSOCIATION
### WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

A conspiracy is an agreement and not a group of persons. Accordingly, in order for a defendant to be proven guilty of joining a conspiracy, the government must prove beyond a reasonable doubt that he joined in an actual agreement. If all the government has proved is that a defendant associated with a group of conspirators, the defendant must be found not guilty.

**INSTRUCTION NO. 21**

**FIREARMS—UNLAWFUL
TRANSPORTATION OF DESTRUCTIVE DEVICE,
(18 U.S.C. § 922(a)(4))**

Defendant Security Aviation, Inc. is charged in Count 4 of the Indictment with the unlawful transportation of a destructive device in violation of Section 922(a)(4) of Title 18 of the United States Code.  In order for defendant Security Aviation, Inc. to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, defendant Security Aviation, Inc. was not licensed as a firearms dealer, importer, manufacturer or collector.

Second, defendant Security Aviation, Inc. knowingly transported two rocket pod launchers from one state to another.

Third, Security Aviation, Inc. knew at the time they were transported that the rocket pod launchers were destructive devices.

Fourth, that defendant Security Aviation, Inc. caused the transportation without specific authorization by the Secretary of the Treasury of the United States.

## INSTRUCTION NO. 22

### FIREARMS—UNLAWFUL
### TRANSPORTATION OF DESTRUCTIVE DEVICE
### (18 U.S.C. § 922(a)(4))

Defendant Robert F. Kane is charged in Count 4 of the Indictment with the unlawful transportation of a destructive device in violation of Section 922(a)(4) of Title 18 of the United States Code. In order for defendant Robert F. Kane to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, defendant Robert F. Kane was not licensed as a firearms dealer, importer, manufacturer or collector.

Second, defendant Robert F. Kane knowingly transported two rocket pod launchers from one state to another.

Third, Robert F. Kane knew at the time they were transported that the rocket pod launchers were destructive devices.

Fourth, that defendant Robert F. Kane caused the transportation without specific authorization by the Secretary of the Treasury of the United States.

## INSTRUCTION NO. 23

## FIREARMS—POSSESSION OF
## UNREGISTERED FIREARM
## (26 U.S.C. § 5861(d))

Defendant Security Aviation, Inc. is charged in Count 2 of the Indictment with possession of two rocket pod launchers which the government charges were destructive devices possessed in violation of Section 5861(d) of Title 26 of the United States Code.  In order for defendant Security Aviation, Inc. to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, defendant Security Aviation, Inc. possessed two rocket pod launchers.

Second, the two rocket pod launchers were destructive devices.

Third, defendant Security Aviation, Inc. knew the rocket pod launchers were destructive devices.

Fourth, the destructive devices were not registered to defendant Security Aviation, Inc. in the National Firearms Registration and Transfer Record.

## INSTRUCTION NO. 24

### FIREARMS—POSSESSION OF
### UNREGISTERED FIREARM
### (26 U.S.C. § 5861(d))

Defendant Robert F. Kane is charged in Count 2 of the Indictment with possession of two rocket pod launchers which the government charges were destructive devices possessed in violation of Section 5861(d) of Title 26 of the United States Code.  In order for defendant Robert F. Kane to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, defendant Robert F. Kane possessed two rocket pod launchers.

Second, the two rocket pod launchers were destructive devices.

Third, defendant Robert F. Kane knew the rocket pod launchers were destructive devices.

Fourth, the destructive devices were not registered to defendant Robert F. Kane in the National Firearms Registration and Transfer Record.

**INSTRUCTION NO. 25**

**DESTRUCTIVE DEVICE AND WEAPON DEFINITIONS**

A destructive device is any type of weapon (other than a shotgun or a shotgun shell which the Attorney General finds is generally recognized as particularly suitable for sporting purposes) by whatever name known which will expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter.

The term "destructive device" shall not include any device which is neither designed nor redesigned for use as a weapon.

An individual part or component of one weapon is not necessarily itself a weapon.  For example, a revolver is a weapon, but the cylinder of a revolver by itself is not a weapon.  On the other hand, a machine gun mounted on a tank would be both a weapon and a part of a larger weapon or weapon system, the tank.

## INSTRUCTION NO. 26

## CORPORATE CRIMINAL LIABILITY

A corporation is a legal entity that may act only through its agents. The agents of a corporation are its officers, directors, employees, and certain others who are authorized by the corporation to act for it.

A corporate defendant is entitled to the same individual and impartial consideration of the evidence that the jury gives to a personal defendant. A corporation may be found guilty of the offense charged or be found not guilty of the offense charged under the same instructions that apply to a personal defendant.

In order to sustain its burden of proof for the crimes of possession of an unregistered firearm in violation of Section 5861(d) of Title 26 of the United States Code and with the unlawful transportation of a destructive device in violation of Section 922(a)(4) of Title 18 of the United States Code as charged in Counts 2 and 4 of the Indictment against defendant Security Aviation, the government must prove to you, beyond a reasonable doubt, that each of the essential elements of the offense, as given to you in other instructions, was committed by an officer, director, employee, or agent of the corporation.

In addition to the above, the government must also establish the following two(2) elements beyond a reasonable doubt in order to sustain its burden of proof as to defendant Security Aviation, Inc.:

First: That each of the acts committed by the officer, director, employee, or agent were within the course and scope of the employment or agency given to the officer, director, employee, or agent by defendant Security Aviation, Inc.

Second: That the officer, director, employee, or agent committed each of the essential elements of the offense with the intent to benefit defendant Security Aviation.

In order to establish that an act was committed or committed within the course and scope of employment, the evidence must show that the act or omission related directly to the general duties that this officer, director, employee, or agent was expected to perform by the defendant corporation. It is not necessary for the government to prove that the act was authorized by the corporation formally or in writing.

If an agent was acting within the scope of his or her employment, the fact that the agent's act was illegal, contrary to his employer's instructions or against the corporation's policies will not relieve the corporation of responsibility for those acts.

## INSTRUCTION NO. 27

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 28**

**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

**INSTRUCTION NO. 29**

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**INSTRUCTION NO. 30**

**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

## INSTRUCTION NO. 31

## VERDICT FORMS

Verdict forms have been prepared for you. After you have reached unanimous agreement on the verdicts, your foreperson will fill in the forms that have been given to you, sign and date them, and advise the Court that you are ready to return to the courtroom.

GIVEN this _25th_ day of May 2006.

REDACTED SIGNATURE

HON. JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE