Kevin T. Fitzgerald, Esquire
ABA No. 8711085
Ingaldson, Maassen &
Fitzgerald, P.C.
813 West Third Avenue
Anchorage, Alaska 99501
(907) 258-8750
(907) 258-8751/Facsimile
E-mail:  kevin@impc-law.com

Counsel for Defendant Robert F. Kane

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                      )<br>                     Plaintiff,      )<br>                                      )<br>       v.                             )<br>                                      )<br> ROBERT F. KANE, and                   )<br> SECURITY AVIATION, INC.,              )<br>                                      )<br>                     Defendants.     )<br> _____) | No. 3:06-cr-00022 JWS<br><br>**MOTION FOR RETURN OF<br>PROPERTY (Rule 41(g))** |

Comes now Robert Kane, by and through counsel, Ingaldson, Maassen & Fitzgerald, P.C., and pursuant to Fed. R. Crim. P. 41(g) demand return of his property seized by the government during the criminal investigation of this case. The following memorandum of law supports this demand.

1.   **Factual and Procedural Background.**

In early February 2006 government agents executed a series of warrants investigating potential criminal charges

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022 JWS
Motion for Return of Property
Page 1 of 7

against Robert Kane and Security Aviation, Inc. One search took place at Kane's personal residence, 6212 Magnaview Drive in Eagle River. The items seized during that search are listed in Exhibit 1. Items seized included everything from a "pink folder containing miscellaneous Philippine documents & photos" to dog tags in the name R.F. Kane, firearms, and personal computer equipment. A black Tahoe, Alaska license ESS 580, which was parked at the residence, and used by Robert Kane, was also searched. Various items were seized from the vehicle including an international driver's license in Robert Kane's name, and miscellaneous documents regarding firearm purchases. Exhibit 1, p. 6.

Kane was arrested and charged with numerous counts involving the possession and transportation of disabled rocket launchers. The matter went to trial, and Kane was acquitted of all charges. Since Kane's acquittal on May 26, 2006, undersigned has made repeated attempts to recover Mr. Kane's possessions. These efforts have included phone calls, correspondence and meetings with representatives of the local U.S. Attorney's Office regarding a return of the items seized.

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022 JWS
Motion for Return of Property

To date, the U.S. Attorney's Office has refused to return a single item.[1]

2.  **Legal Argument.**

Federal Rule of Criminal Procedure 41(g) provides: "[A] person aggrieved by an unlawful search and seizure of property <u>or by the deprivation of property</u> may move for the property's return." [Emphasis added.] To prevail, the movant must only demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended. <u>United States v. Van Cauwenberghe</u>, 814 F.2d 1329, 1338 (9th Cir. 1987) (citations omitted). In <u>United States v. Fitzen</u>, 80 F.3d 387, 388 (9th Cir. 1996), the Court held that a defendant "is presumed to have the right to the return of his [seized] property." Property seized for the purposes of a trial that is neither contraband nor subject to forfeiture should thus ordinarily be returned to the defendant once trial has concluded. <u>United States v. Van Cauwenberghe</u>, 934 F.2d 1048,

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

---

[1] The government did return cash seized from Mr. Kane's residence prior to trial. After the trial, the court granted Kane's motion to exonerate bail and return items seized from his person upon his arrest.

USA v. Kane, et al.
No. 3:06-cr-00022 JWS
Motion for Return of Property
Page 3 of 7

1060-61 (9th Cir. 1991). The government can overcome this presumption only by clearly demonstrating a "cognizable claim of ownership or right to possession adverse to that of [the defendant]." United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993) (internal quotation omitted); United States v. Martinson, 809 F.2d 1364, 1369 (9th Cir. 1987) (A defendant is indeed presumed to have a right to the return of his property once the property is no longer needed as evidence, and the government has the burden of showing that it has a "legitimate reason to retain the property."); Fitzen, 80 F.3d at 388. That is, the government must establish some right other than simple possession which dominates in equity the defendant's right to the property. United States v. Kaczynski, 416 F.3d 971, 974-76 (9th Cir. 2005). The "district court has both the jurisdiction and the duty to return the contested property once the government's need for it has ended." Martinson, 809 F.2d at 1370.

In this case there is no dispute that Kane owns the property seized from his home on Magnaview Drive and from the vehicle parked at the residence. The items in Exhibit 1 must be returned. The government has no continued need for the property because the investigation which justified the initial seizure has been completed and resolved against the

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022 JWS
Motion for Return of Property

prosecution. The government is required, therefore, to promptly return the property. It may not hold the property indefinitely. Kaczynski, 47 F.3d at 974-75.

It is anticipated that the government will argue that some of the items contained in Exhibit 1 are related to some poorly defined continuing "bank fraud" investigation. Any argument that this need justifies retention of the property must be rejected. Most of the seized items do not have, nor could they arguably have, any nexus to a fraud investigation. For instance, among the items seized are numerous items of clothing, badges and photos which could not possibly have anything to do with a financial fraud case. Other seized items include firearms and the claimed silencer,[2] which again, could not possibly have anything to do with a financial fraud investigation or charge. The same can be said of the numerous Filipino documents which were seized. *See also* pp. 16-17 of Kane's Motion to Suppress, docket number 66; pp. 7-14 of Kane's supplemental briefing, docket number 163, which address the impermissible execution of the two warrants.

The government may also argue that some "taint review" precludes return of the seized evidence. Of

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

---

[2] As it turned out, the item identified by ATF as a "silencer" was a toy.

USA v. Kane, et al.
No. 3:06-cr-00022 JWS
Motion for Return of Property

course, such a review, to the extent it is actually occurring, could not possibly apply to anything but perhaps the seized computers, and certainly not to items already seized and reviewed by the government prior to and subsequent to trial.

If the government claims a right to retain any item listed in Exhibit 1, they must produce evidence on an item-by-item basis that justifies their continued seizure. Mills, supra; Martinson, supra. Because they cannot do so, the court should grant the Motion for Return of Property.

Dated at Anchorage, Alaska September 13, 2006.

INGALDSON, MAASSEN &
FITZGERALD, P.C.
Counsel for Defendants

s/Kevin T. Fitzgerald
ABA No. 8711085
813 West Third Avenue
Anchorage, AK  99501
Fax:  (907) 258-8751
E-mail:
kevin@impc-law.com

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022 JWS
Motion for Return of Property

**CERTIFICATE OF SERVICE**

I hereby certify that on  9/13/06  ,
a copy of the foregoing Motion
was served electronically on:

Steven E. Skrocki, Assistant U.S. Attorney
James N. Barkeley, Assistant U.S. Attorney
Michael R. Spaan, Esquire
James L. Kee, Esquire
Paul D. Stockler, Esquire


s/ Kevin T. Fitzgerald
F:\W\3169-1\Pleadings Kane\Motion for Return of Property.doc

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Kane, et al.
No. 3:06-cr-00022 JWS
Motion for Return of Property