Michael K. Nave, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:    (907) 793-2200
Fax:       (907) 793-2299
E-mail:    nave@guessrudd.com

Attorneys for Air USA, Inc., Red Air, Inc. and
Donald W. Kirlin

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
| ) | |
| Plaintiff,           ) | |
| ) | |
| vs.           ) | |
| ) | |
| ROBERT F. KANE, and           ) | |
| SECURITY AVIATION, INC.           ) | |
| )         | Case No. 3:06-cr-00022-JWS |
| Defendants.           ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF:**
**MOTION FOR ACCESS TO TRIAL EXHIBITS**

*USA v. Robert FF. Kane and Security Aviation, Inc.*; Case No. 3:06-cr-00022-JWS
Memorandum in Support of: Motion for Access to Trial Exhibits
Page 1 of 6

### Introduction

The Court should allow Air USA, Inc., Donald Kirlin, and Red Air, Inc., (hereinafter, "Movants") access to trial exhibits in this matter, because a number of the exhibits are both relevant and discoverable in ongoing litigation filed against the Movants in Anchorage Superior Court.

Further, the exhibits in question are part of the public record, because they were introduced into evidence in this criminal proceeding.

The court has already allowed two media outlets an opportunity to inspect and copy the exhibits, and it should not be denied to these Movants.

### Facts

The Movants were sued in May 4, 2006, by Security Aviation, Inc., a defendant in this criminal proceeding.[1]

During the criminal trial herein, several witnesses discussed information and issues that are directly relevant to the Superior Court civil litigation. For example, witnesses in this proceeding addressed airplane sales between Air USA, Inc., Donald W. Kirlin, Red Air Inc., and Security Aviation, Inc. Witnesses also testified about issues relating to the airworthiness of certain airplanes, contract details, and the repossession of certain aircraft from Security Aviation, Inc. Three witnesses called to testify by the

---

[1] *See* Complaint, *Security Aviation Inc., v. Air USA, et al*, filed May 4, 2006, attached hereto as Exhibit A.

*USA v. Robert FF. Kane and Security Aviation, Inc.*; Case No. 3:06-cr-00022-JWS
Memorandum in Support of: Motion for Access to Trial Exhibits
Page 2 of 6

prosecution -- Robert Anthony, Mark Sheets, and John Berens -- are defendants in the ongoing Anchorage Superior Court civil litigation.

On June 16, 2006, following resolution of this criminal trial, Movants requested the U.S. Attorney's office preserve the evidence used in the criminal trial because it is relevant and discoverable in the civil litigation.[2] Movants requested the U.S. Attorney's office preserve evidence or documents relating to the airplanes, rocket pods, airplane maintenance, operation, use or ownership.

Also, at about that same time, KTUU Channel 2 News and the Anchorage Daily News asked the parties in this proceeding for access to trial exhibits. The parties did not object to that request, but requested that the media seek an order from the Court. On July 20, 2006, the court ordered the parties in this case to make the exhibits available for inspection and/or copying.

Upon review of the Court's Order, Movants requested that the parties in this case afford them the same access to trial exhibits.[3] Defendants in this case did not respond. The United States Attorney's office responded in September, and stated that it was not

---

[2] *See* Letter from Molly C. Brown to Steven Skrocki and James Barkeley, dated June 16, 2006, attached hereto as Exhibit B.

[3] *See* Letter from Molly C. Brown to James N. Barkeley, Paul D. Stockler, Robert C. Bundy, Allen F. Clendaniel, and Kevin Fitzgerald, dated July 27, 2006, attached hereto as Exhibit C.

*USA v. Robert FF. Kane and Security Aviation, Inc.*; Case No. 3:06-cr-00022-JWS
Memorandum in Support of: Motion for Access to Trial Exhibits
Page 3 of 6

"disinclined to release the exhibits," but needed a court order.[4] An attorney in that office later requested that the Movants seek an order from the Court for access to trial exhibits.

## Discussion

The Court should allow the Movants access to the trial exhibits. These exhibits are relevant to ongoing civil litigation, and are part of the public record.

In *United States v. Meyer*, the Second Circuit court engaged in a discussion of when a court should or can restrict public access to judicial records.[5] The court determined that the "common law right to inspect and copy judicial records is beyond dispute."[6] The Court, in its holding, cited the United States Supreme Court's decision in the Watergate tapes litigation, finding that the Supreme Court explicitly held that the public has a right to judicial records.[7]

The Supreme Court did note that "at common law some circumstances justify keeping court documents from public view."[8] Those included using the records to

---

[4] *See* Letter from Steven Skrocki to Molly C. Brown, dated August 24, 2006, but received September 14, 2006, attached hereto as Exhibit D.
[5] 635 F.2d 945, 949-950 (2d. Cir. 1980).
[6] *Id.* (citing *Sloan Filter Co. v. El Paso Reduction Co.*, 117 F. 504 (C.C.D. Colo. 1902).
[7] *Id.* (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 98 (1979).
[8] *Id.*

*USA v. Robert FF. Kane and Security Aviation, Inc.*; Case No. 3:06-cr-00022-JWS
Memorandum in Support of: Motion for Access to Trial Exhibits
Page 4 of 6

promote scandal, to harm a litigant's standing, or to serve improper purposes.[9]

There are no circumstances that justify any of the parties here from keeping Air USA, Inc., Donald Kirlin, and Red Air, Inc. from accessing the exhibits. These exhibits are part of the public record. As explained above, the exhibits are also relevant in ongoing litigation. Further, the exhibits will not be used for any purpose other than assisting the Movants in their defense against the claims pending in Anchorage Superior Court.

## Conclusion

For the reasons explained above, the Court should order the parties to allow Air USA, Inc., Donald Kirlin, and Red Air, Inc. access to the trial exhibits.

DATED this 13th day of October, 2006.

>GUESS & RUDD P.C.
>Attorneys for Air USA, Inc., Red Air, Inc.,
>and Donald W. Kirlin
>
>By: _____s/Michael K. Nave_____
>Guess & Rudd P.C.
>510 L Street, Suite 700
>Anchorage, Alaska  99501
>Phone: 907-793-2200
>Fax:   907-793-2299
>Email: nave@guessrudd.com
>Alaska Bar No. 8907044

---

[9] *Id.*

*USA v. Robert FF. Kane and Security Aviation, Inc.*; Case No. 3:06-cr-00022-JWS
Memorandum in Support of: Motion for Access to Trial Exhibits
Page 5 of 6

**CERTIFICATE OF SERVICE**

On the 13th day of October, 2006, a true and correct copy of the foregoing was

□ **mailed** □ **hand-delivered** □ **faxed** to:

James N. Barkeley
Steven Skrocki
Assistant United States Attorney
222 W. 7th Ave., #9, Room 253
Anchorage, Alaska 99513-7567

Robert C. Bundy
Allen Clendaniel
Dorsey & Whitney, LLP
1031 W. 4th Avenue
Anchorage, Alaska 99501-5907

James L. Kee
Kee, Archer & Herberger, P.A.
1102 Maple Street
Duncan, Oklahoma 73533

Paul Stockler
1309 W. 16th Avenue
Anchorage, Alaska 99501

Kevin Fitzgerald
Ingaldson, Maassen & Fitzgerald
813 W. 3rd Avenue
Anchorage, Alaska 99501

GUESS & RUDD P.C.


By:     s/Michael K. Nave
F:\DATA\6034\1\PLDGS (SA vs Air USA)\memo to access exhibits.doc

*USA v. Robert FF. Kane and Security Aviation, Inc.*; Case No. 3:06-cr-00022-JWS
Memorandum in Support of: Motion for Access to Trial Exhibits
Page 6 of 6